**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| STATES OF ARKANSAS, INDIANA MICHIGAN, MISSOURI, NORTH CAROLINA, OHIO, AND TEXAS, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No. 4:20-cv-2021 |
| RISING EAGLE CAPITAL GROUP LLC; JSQUARED TELECOM LLC; JOHN C. SPILLER, II, Individually, and JAKOB A. MEARS, Individually, | ) ) ) ) ) | |
| Defendants. | ) ) | |

<u>**DEFENDANT RISING EAGLE CAPITAL GROUP LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT**</u>

Defendant Rising Eagle Capital Group LLC ("Rising Eagle" or "Defendant"), by and through its undersigned counsel, hereby responds to Plaintiffs' Second Amended Complaint (ECF No. 56) ("Complaint") by stating that all allegations set forth in the Complaint not specifically admitted below are denied, and responding more particularly as follows:

<u>**JURISDICTION AND VENUE**</u>

1.    The allegations in Paragraph 1 state a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations of this Paragraph.

2.    The allegations in Paragraph 2 state a legal conclusion to which no

response is required.  To the extent a response is deemed required, Defendant denies the allegations of this Paragraph.

3.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and therefore denies those allegations.

4.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and therefore denies those allegations.

## PLAINTIFFS

5.      The allegations contained in Paragraph 5 call for legal conclusions to which no response is necessary.  To the extent a response is required, the TCPA, 15 U.S.C. § 6103 and cited Arkansas state statutes speak for themselves.  Defendant further specifically denies that Plaintiff State of Arkansas is entitled to any of the remedies cited in this Paragraph.

6.      The allegations contained in Paragraph 6 call for legal conclusions to which no response is necessary.  To the extent a response is required, the TCPA, 15 U.S.C. § 6103 and cited Indiana state statutes speak for themselves.  Defendant further specifically denies that Plaintiff State of Indiana is entitled to any of the remedies cited in this Paragraph.

7.      The allegations contained in Paragraph 7 call for legal conclusions to which no response is necessary.  To the extent a response is required, the TCPA, 15 U.S.C. § 6103 and cited Michigan state statutes speak for themselves.  Defendant further specifically denies that Plaintiff State of Michigan is entitled to any of the remedies cited in this Paragraph.

8. The allegations contained in Paragraph 8 call for legal conclusions to which no response is necessary. To the extent a response is required, the TCPA, 15 U.S.C. § 6103 and cited Missouri state statutes speak for themselves. Defendant further specifically denies that Plaintiff State of Missouri is entitled to any of the remedies cited in this Paragraph.

9. The allegations contained in Paragraph 9 call for legal conclusions to which no response is necessary. To the extent a response is required, the TCPA, 15 U.S.C. § 6103 and cited North Carolina state statutes speak for themselves. Defendant further specifically denies that Plaintiff State of North Carolina is entitled to any of the remedies cited in this Paragraph.

10. The allegations contained in Paragraph 10 call for legal conclusions to which no response is necessary. To the extent a response is required, the TCPA, 15 U.S.C. § 6103 and cited North Dakota state statutes speak for themselves. Defendant further specifically denies that Plaintiff State of North Dakota is entitled to any of the remedies cited in this Paragraph.

11. The allegations contained in Paragraph 11 call for legal conclusions to which no response is necessary. To the extent a response is required, the TCPA, 15 U.S.C. § 6103 and cited Ohio state statutes speak for themselves. Defendant further specifically denies that Plaintiff State of Ohio is entitled to any of the remedies cited in this Paragraph.

12. The allegations contained in Paragraph 12 call for legal conclusions to which no response is necessary. To the extent a response is required, the TCPA, 15

U.S.C. § 6103 and cited Texas state statutes speak for themselves. Defendant further specifically denies that Plaintiff State of Texas is entitled to any of the remedies cited in this Paragraph.

## DEFENDANTS

13.     Defendant admits that it was a Texas based LLC established in 2014. Defendant specifically denies that it is currently operating.

14.      The allegations contained in Paragraph 14 are denied as written.

15.     Defendant admits only that JSquared Telecom LLC ("JSquared") was formed in 2019 as a Texas LLC. Defendant also specifically denies that JSquared is currently operating.

16.     The allegations contained in Paragraph 16 are denied as written.

17.     Defendant admits that Rising Eagle Capital Group – Cayman ("Rising Cayman") was a Cayman Islands based entity that was established in 2019. Defendant specifically denies that Rising Cayman is currently operating.

18.     The allegations contained in Paragraph 18 are denied as written.

19.     The allegations contained in Paragraph 19 are admitted.

20.     The allegations contained in Paragraph 20 are admitted.

21.     Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegations contained in Paragraph 21 and therefore denies those allegations as written.

22.      Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegations contained in Paragraph 22 and therefore denies

those allegations as written.

23.    Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegations contained in Paragraph 23 and therefore denies those allegations as written.

24.    Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegations contained in Paragraph 24 and therefore denies those allegations as written.

25.    Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegations contained in Paragraph 25 and therefore denies those allegations as written.

26.    Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegations contained in Paragraph 26 and therefore denies those allegations as written.

27.    Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegations contained in Paragraph 27 and therefore denies those allegations as written.

## SUMMARY OF ALLEGATIONS

28.    Admitted that Plaintiffs allege violations of the TCPA.  The remaining allegations Paragraph 28 call for legal conclusions to which no response is necessary.  To the extent any response is required, the allegations regarding Defendant's potential liability in connection with the alleged calling activities are denied as written.

29.    The allegations Paragraph 29 call for legal conclusions to which no

response is necessary. Furthermore, this paragraph contains no allegations relating to Defendant that require a response. To the extent any response is required, Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegations contained in Paragraph 29 and therefore denies those allegations as written.

30. Admitted that Plaintiffs allege violations of the TSR. The remaining allegations Paragraph 30 call for legal conclusions to which no response is necessary. To the extent any response is required, the allegations regarding Defendant's potential liability in connection with the alleged calling activities are denied as written.

31. Defendant's challenges to the constitutionality of the TCPA are set forth in further detail in its pre-motion letter filed prior to the filing of this Answer stating its intent to file a Motion to Dismiss Counts II and III of the Second Amended Complaint. Defendant admits that Plaintiffs seek relief under the TCPA and TSR, but denies that Plaintiffs are entitled to the relief they seek.

32. Admitted that Plaintiffs allege violations of various state laws. Defendant denies potential liability in connection with the alleged calling activities or that Plaintiffs are entitled to the any of the relief sought pursuant to these state laws.

33. This paragraph contains no allegations relating to Defendant that require a response. To the extent any response is required, Defendant admits that Plaintiffs allege violations of various state laws against Defendants Health Advisors of America, Inc. ("Health Advisors"), Shapiro, and Smith (collectively, the "Health Advisors Defendants").

## THE TELEPHONE CONSUMER PROTECTION ACT

34. Paragraph 34 contains no allegations that require a response. To the extent this paragraph contains any allegations that require a response, Defendant denies those allegations. Furthermore, the TCPA speaks for itself, and anything contrary thereto is denied.

35. Paragraph 35 contains no allegations that require a response. To the extent this paragraph contains any allegations that require a response, Defendant denies those allegations. Furthermore, the TCPA and the FCC's associated rulemaking proceedings speak for themselves, and anything contrary thereto is denied.

36. Paragraph 36 contains no allegations that require a response. To the extent this paragraph contains any allegations that require a response, Defendant denies those allegations. Furthermore, the TCPA and the FCC's associated rulemaking proceedings speak for themselves, and anything contrary thereto is denied.

37. Paragraph 37 contains no allegations that require a response. To the extent this paragraph contains any allegations that require a response, Defendant denies those allegations. Furthermore, the TCPA and the FCC's associated rulemaking proceedings speak for themselves, and anything contrary thereto is denied.

38. Paragraph 38 contains no allegations that require a response. To the extent this paragraph contains any allegations that require a response, Defendant denies those allegations. Furthermore, the cited regulation speaks for itself, and anything contrary thereto is denied.

39. Paragraph 39 contains no allegations that require a response. To the extent

this paragraph contains any allegations that require a response, Defendant denies those allegations. Furthermore, the TCPA and the FCC's implementing regulations speak for themselves, and anything contrary thereto is denied.

40. Paragraph 40 contains no allegations that require a response. To the extent this paragraph contains any allegations that require a response, Defendant denies those allegations. Furthermore, the TCPA and the FCC's implementing regulations speak for themselves, and anything contrary thereto is denied.

41. Paragraph 41 contains no allegations that require a response. To the extent this paragraph contains any allegations that require a response, Defendant denies those allegations. Furthermore, the TCPA and the FCC's implementing regulations speak for themselves, and anything contrary thereto is denied.

42. Paragraph 42 contains no allegations that require a response. To the extent this paragraph contains any allegations that require a response, Defendant denies those allegations. Furthermore, the TCPA and the FCC's implementing regulations speak for themselves, and anything contrary thereto is denied.

43. Paragraph 43 contains no allegations that require a response. To the extent this paragraph contains any allegations that require a response, Defendant denies those allegations. Furthermore, the TCPA and the FCC's implementing regulations speak for themselves, and anything contrary thereto is denied.

44. Paragraph 44 contains no allegations that require a response. To the extent this paragraph contains any allegations that require a response, Defendant denies those allegations. Furthermore, the TCPA speaks for itself, and anything contrary thereto is

denied.

45.    The allegations in Paragraph 45 call for legal conclusions to which no response is necessary.  To the extent any response is required, Defendant specifically denies any alleged violations of the TCPA.

## The Telemarketing Sales Rule

46.    Paragraph 46 contains no allegations that require a response.  To the extent this paragraph contains any allegations that require a response, Defendant denies those allegations.  Furthermore, the 1994 Telemarketing Act and its legislative history speaks for itself, and anything contrary thereto is denied.

47.    Paragraph 47 contains no allegations that require a response.  To the extent this paragraph contains any allegations that require a response, Defendant denies those allegations.  Furthermore, the Telemarketing Act speaks for itself, and anything contrary thereto is denied.

48.    Paragraph 48 contains no allegations that require a response.  To the extent this paragraph contains any allegations that require a response, Defendant denies those allegations.  Furthermore, the legislative history of the Telemarketing Act and rule promulgation of the TSR speaks for itself, and anything contrary thereto is denied.

49.    Paragraph 49 contains no allegations that require a response.  To the extent this paragraph contains any allegations that require a response, Defendant denies those allegations.  Furthermore, the legislative history of the Telemarketing Act and rule promulgation of the TSR speaks for itself, and anything contrary thereto is denied.

50.    Paragraph 50 contains no allegations that require a response.  To the extent

this paragraph contains any allegations that require a response, Defendant denies those allegations.  Furthermore, the cited statute speaks for itself, and anything contrary thereto is denied.

51.    The allegations in Paragraph 51 call for legal conclusions to which no response is necessary.  To the extent any response is required, the TSR speaks for itself, and anything contrary thereto is denied.  Defendant further denies that this paragraph contains a complete representation of the cited authority.

52.    The allegations in Paragraph 52 call for legal conclusions to which no response is necessary.  To the extent a response is required, Code of Federal Regulations speaks for itself, and anything contrary thereto is denied.

53.    Paragraph 53 contains no allegations that require a response.  To the extent this paragraph contains any allegations that require a response, Defendant denies those allegations.  Furthermore, the TSR and its legislative history speaks for itself, and anything contrary thereto is denied.

54.    Paragraph 54 contains no allegations that require a response.  To the extent this paragraph contains any allegations that require a response, Defendant denies those allegations.  Furthermore, the Telemarketing Act and TSR speak for themselves, and anything contrary thereto is denied.

55.    Paragraph 55 contains no allegations that require a response.  To the extent this paragraph contains any allegations that require a response, Defendant denies those allegations.  Furthermore, the TSR speaks for itself, and anything contrary thereto is denied.

56. Paragraph 56 contains no allegations that require a response. To the extent this paragraph contains any allegations that require a response, Defendant denies those allegations. Furthermore, the TSR speaks for itself, and anything contrary thereto is denied.

57. Paragraph 57 contains no allegations that require a response. To the extent this paragraph contains any allegations that require a response, Defendant denies those allegations. Furthermore, the TSR speaks for itself, and anything contrary thereto is denied.

58. Paragraph 58 contains no allegations that require a response. To the extent this paragraph contains any allegations that require a response, Defendant denies those allegations. Furthermore, the TSR speaks for itself, and anything contrary thereto is denied.

59. Paragraph 59 contains no allegations that require a response. To the extent this paragraph contains any allegations that require a response, Defendant denies those allegations. Furthermore, the TSR speaks for itself, and anything contrary thereto is denied.

60. Paragraph 60 contains no allegations that require a response. To the extent this paragraph contains any allegations that require a response, Defendant denies those allegations. Furthermore, the TSR speaks for itself, and anything contrary thereto is denied.

61. Paragraph 61 contains no allegations that require a response. To the extent this paragraph contains any allegations that require a response, Defendant denies those

allegations. Furthermore, the TSR speaks for itself, and anything contrary thereto is denied.

62. Paragraph 62 contains no allegations that require a response. To the extent this paragraph contains any allegations that require a response, Defendant denies those allegations. Furthermore, the Telemarketing Act speaks for itself, and anything contrary thereto is denied.

63. The allegations in Paragraph 63 call for legal conclusions to which no response is necessary. To the extent any response is required, the allegations in this paragraph are denied.

### RISING EAGLE DEFENDANTS' BUSINESS PRACTICES

64. The allegations contained in Paragraph 64 are denied as written.

65. The allegations contained in Paragraph 65 are denied as written.

66. The allegations contained in Paragraph 66 are denied as written.

67. The allegations contained in Paragraph 67 are denied as written. Defendant further specifically denies the characterization of the alleged "robocall campaign" as "Defendants' robocalling campaign." Defendant also denies that it, through any officer or employee, exercised control over the content of any alleged prerecorded messages or the timing and manner in which such messages were advertised to consumers, and avers that the alleged "robocalling campaign" was conducted and controlled by Health Advisors, which independently procured all consumer leads to be called, directed the prerecorded messages to be used, independently hired and supervised its employees or agents who spoke with consumers, and used its own Vicidial system to conduct its

campaign. Defendant further avers that its only relation to Health Advisors' campaign was to provide back end technical assistance.

68. The allegations in Paragraph 68 call for legal conclusions to which no response is necessary. To the extent any response is required, the allegations in this paragraph are denied.

## RISING EAGLE

69. The allegations contained in Paragraph 69 are admitted.

70. The allegations contained in Paragraph 70 are admitted.

71. The allegations contained in Paragraph 71 are admitted.

72. Defendant admits only that Rising Eagle provided technical assistance in connection with marketing certain products during the alleged time period, primarily from its main client, Health Advisors, which independently procured all consumer leads to be called, directed the prerecorded messages to be used, independently hired and supervised its employees or agents who spoke with consumers, and used its own Vicidial system to conduct its campaign, and Rising Eagle received payment in exchange for those services. Defendant avers that it did not incur profits in the "millions of dollars" during the alleged time period. The remaining allegations in Paragraph 72 contain legal conclusions to which no response is required. To the extent any response is required, the remaining allegations in this paragraph are denied. Defendant further specifically denies any allegations characterizing the business at issue as Defendant's "robocall business."

73. The allegations contained in Paragraph 73 are denied as written. Defendant also specifically denies that the characterization of the alleged robocalls in this Paragraph

is accurate to the extent "their robocalls" suggests that any named Defendant is responsible for any alleged unlawful telemarketing activity. Defendant further avers that it's only function in relation to the alleged Health Advisors marketing campaign was to provide technical assistance in connection with marketing certain products, primarily under the direction and control of Health Advisors. Furthermore, Defendant specifically denies that JSquared was "utilized" by Defendant to "conduct robocalls" or for any other purpose prior to December 2019.

### JSQUARED TELECOM LLC

74. The allegations contained in Paragraph 74 are admitted.

75. The allegations contained in Paragraph 75 are admitted.

76. The allegations contained in Paragraph 76 are admitted.

77. Paragraph 77 contains no allegations that require a response. To the extent this paragraph contains any allegations that require a response, Defendant denies those allegations. Furthermore, the Communications Act speaks for itself, and anything contrary thereto is denied.

78. Admitted only that Defendant John C. Spiller ("Spiller") has responded to traceback requests made to JSquared. The remaining allegations contained in this portion of Paragraph 78 call for legal conclusions to which no response is required. To the extent a response is required, those allegations are denied as written.

    a. Admitted only that Defendant Spiller has responded to traceback requests made to JSquared. Defendant denies that it or any of its officers or employees are responsible for any alleged unlawful calling

14

operation and denies any allegations purporting to portray any statement by Defendant or any or its officers or employees as an admission of individual or joint liability. Defendant also specifically denies that the email referenced was signed "JSquared Telecom, LLC" or that Defendant Jakob Mears ("Mears") was copied on the email. The remaining allegations in this portion of Paragraph 78 contain legal conclusions to which no response is required. To the extent any response is required, the remaining allegations are denied.

b. The allegations contained in this portion of Paragraph 78 call for legal conclusions to which no response is required. To the extent a response is required, those allegations are denied. Defendant further denies that it initiated any unlawful messages marketing auto warranty products.

79. The allegations in Paragraph 79 call for legal conclusions to which no response is required. To the extent a response is required, the allegations are denied as written.

## SPILLER AND MEARS

80. The allegations in Paragraph 80 call for legal conclusions to which no response is required. To the extent a response is required, the allegations are denied as written.

81. The allegations contained in Paragraph 81 are denied as written.

82. Defendant is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 82 and therefore denies those

allegations as written.  Defendant specifically denies that Spiller was at all involved with any of Rising Eagle's operations from November 27, 2018 through May or June of 2019.

83.    The allegations contained in Paragraph 83 are admitted.

84.    The allegations contained in Paragraph 84 are admitted.

85.    Defendant is without knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 85.  To the extent a response is required, the remaining allegations are denied as written.

86.    Defendant admits only that Rising Eagle signed a contract with Talkie Communications in April of 2019 to purchase VoIP services.  Defendant is without knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 86.  To the extent a response is required, those allegations are denied as written.

87.    Defendant admits only that Rising Eagle paid for services provided by Talkie. Defendant is without knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 87.  To the extent a response is required, those allegations are denied as written.

88.    Defendant admits only that Spiller responded to certain traceback requests to address issues raised by the Traceback Group.  The remaining allegations contained in Paragraph 88 are denied as written.

89.    Defendant admits only that Spiller represented to the Traceback Group that Rising Eagle at all times intended to comply with all relevant laws and regulations.  The remaining allegations contained in Paragraph 89 are denied as written.  Defendant further

specifically denies that it made any unlawful telephone calls or intentionally targeted customers on any do-not-call-registry as a way to boost sales.

90. The allegations contained in Paragraph 90 are denied as written.

91. The allegations contained in Paragraph 91 are denied as written.

92. Defendant admits only that Spiller was incarcerated for a driving offense during the alleged time period. The remaining allegations contained in Paragraph 90 call for legal conclusions to which no response is required. To the extent a response is required, those allegations are denied. Defendant also specifically denies that it was involved with conducting any "illegal robocall operations." Defendant further avers that to the extent the allegations in this Paragraph refer to Health Advisors' marketing campaigns, its only association with such operation was to provide back-end technical assistance.

93. The allegations contained in Paragraph 93 are admitted.

94. The allegations contained in Paragraph 94 are denied as written.

95. Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 95 and therefore denies those allegations as written.

96. Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 96 and therefore denies those allegations as written.

97. Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 97 and therefore denies those

allegations as written.

98.    Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 98 and therefore denies those allegations as written.

99.    Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 99 and therefore denies those allegations as written.

100.    Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 100 and therefore denies those allegations as written.

101.    Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 101 and therefore denies those allegations as written.

102.    Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 102 and therefore denies those allegations as written.

103.    Defendant admits only that during the alleged dates Rising Eagle received notice of delinquent taxes.  The remaining allegations contained in Paragraph 103 call for legal conclusions to which no response is required.  To the extent a response is required, those allegations are denied as written.

104.    Defendant admits only that during the alleged dates Rising Eagle received notice of delinquent taxes.  The remaining allegations contained in Paragraph 104 call for

legal conclusions to which no response is required. To the extent a response is required, those allegations are denied as written.

## RISING EAGLE DEFENDANTS' [ALLEGED] ILLEGAL TELEMARKETING PRACTICES

105. The allegations contained in Paragraph 105 call for legal conclusions to which no response is required. To the extent any response is required, the allegations are denied as written. Furthermore, Defendant specifically denies that it "placed billions of abusive robocalls" for the purpose of lead generation or otherwise and avers that Health Advisors is the party associated with the alleged robocalling campaign, for which Health Advisors independently procured all consumer leads to be called, directed the prerecorded messages to be used, independently hired and supervised its employees or agents who spoke with consumers, and used its own Vicidial system to conduct its campaign, and Defendant's only relation to Health Advisors' campaign was to provide back-end technical assistance.

106. Defendant admits only that Spiller submitted a sworn affidavit in response to a subpoena received requesting call records relating to Health Advisors' calling campaign for which Rising Eagle provided back-end technical assistance. The remaining allegations contained in Paragraph 106 are denied as written.

107. The allegations contained in Paragraph 107 call for legal conclusion to which no response is required. To the extent a response is required, the allegations are denied as written.

108. The allegations contained in Paragraph 108 as to Defendant are admitted.

109.     The allegations contained in Paragraph 109 call for legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied as written.

110.     The allegations contained in Paragraph 110 are denied as written.

111.     The allegations contained in Paragraph 111 are denied as written.

112.     Defendant admits only that the message cited in Paragraph 112 was used by Health Advisors in connection with Health Advisors' marketing campaign for which Rising Eagle provided back-end technical assistance.  The remaining allegations contained in this Paragraph call for legal conclusions to which no response is necessary. To the extent any response to those allegations is required, those allegations are denied as written.  Defendant also specifically denies the allegations that it in any way initiated the subject calls.

113.     Admitted that Defendant has no relationship with any insurance company. Defendant denies that it "purported to offer" any product.  Further, Defendant is without knowledge to admit or deny the remaining allegations contained in Paragraph 113, and accordingly denies those allegations as written.

114.     The allegations contained in Paragraph 114 are denied as written. Defendant further specifically denies allegations that it initiated the alleged calls to consumers.

115.     Denied as written.  Defendant further denies the representation in this paragraph that all calls to the National Do Not Call List are unlawful.

116.     The allegations contained in Paragraph 116 call for legal conclusions to

which no response is necessary.  To the extent  response is required, the allegations in this paragraph are denied as written.

117.    Denied as written. Defendant further specifically denies allegations that it initiated the alleged calls to consumers.

118.    The allegations contained in Paragraph 118 call for legal conclusions to which no response is necessary.  To the extent any response is required, those allegations are denied as written.  Defendant also specifically denies any allegations characterizing the alleged calls as "Defendants 'extended warranty' robocalls."

119.    The allegations contained in Paragraph 119 call for legal conclusions to which no response is necessary.  To the extent any response is required, those allegations are denied as written.  Defendant also specifically denies any allegations characterizing the Defendant as an initiator of any calls with the purpose of selling vehicle service contracts.

120.    Denied as written.  Defendant also specifically denies any allegations characterizing the Defendant as an initiator of any calls with the purpose of selling vehicle service contracts.

121.    Denied as written.  Defendant also specifically denies any allegations characterizing the Defendant as an initiator of any calls with the purpose of selling vehicle service contracts.

122.    Defendant is without knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 122.  To the extent a response is required, the allegations are denied as written.

123. Defendant is without knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 123. To the extent a response is required, the allegations are denied as written.

124. The allegations contained Paragraph 124 call for legal conclusions to which no response is necessary. To the extent any response is required, those allegations are denied as written.

125. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 125 regarding the alleged number of calls received by residents of the subject state, and accordingly denies those allegations. The remaining allegations contained in Paragraph 125 call for legal conclusions to which no response is necessary. To the extent any response is required, those allegations are denied as written.

126. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 126 regarding the alleged number of calls received by residents of the subject state, and accordingly denies those allegations. The remaining allegations contained in Paragraph 126 call for legal conclusions to which no response is necessary. To the extent any response is required, those allegations are denied as written.

127. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 127 regarding the alleged number of calls received by residents of the subject state, and accordingly denies those allegations. The remaining allegations contained in Paragraph 127 call for legal

conclusions to which no response is necessary. To the extent any response is required, those allegations are denied as written.

128. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 128 regarding the alleged number of calls received by residents of the subject state, and accordingly denies those allegations. The remaining allegations contained in Paragraph 128 call for legal conclusions to which no response is necessary. To the extent any response is required, those allegations are denied as written.

129. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 129 regarding the alleged number of calls received by residents of the subject state, and accordingly denies those allegations. The remaining allegations contained in Paragraph 129 call for legal conclusions to which no response is necessary. To the extent any response is required, those allegations are denied as written.

130. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 130 regarding the alleged number of calls received by residents of the subject state, and accordingly denies those allegations. The remaining allegations contained in Paragraph 130 call for legal conclusions to which no response is necessary. To the extent any response is required, those allegations are denied as written.

131. The allegations contained in Paragraph 131 are denied as written.

132. The allegations contained in Paragraph 132 are denied as written.

133.    The allegations contained in Paragraph 133 are denied as written.

134.    The allegations contained in Paragraph 134 are denied as written.

135.    The allegations contained in Paragraph 135 are denied as written.

## COMMON ENTERPRISE

136.    The allegations contained in Paragraph 136 call for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied as written.

137.    Defendant admits only that Spiller and Mears were officers of Rising Eagle and JSquared, but specifically denies any allegations suggesting personal liability as to Spiller or Mears or the existence of a common enterprise.

138.    The allegations contained in Paragraph 138 are denied as written.

139.    The allegations contained in Paragraph 139 are denied as written.

140.    Defendant admits only that its members have occasionally utilized "Rpg Leads" email addresses.  The remaining allegations contained in Paragraph 140 call for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.

## PIERCING THE CORPORATE VEIL

141.    The allegations contained in Paragraph 141 call for legal conclusions to which no response is necessary.  To the extent a response is required, those Defendant denies Plaintiffs are entitled to the relief sought.

142.    The allegations contained in Paragraph 142 call for legal conclusions to which no response is necessary.  To the extent a response is required, those allegations

are denied as written.

143. The allegations contained in Paragraph 143 are admitted.

144. Defendant specifically denies that Rising Cayman is currently operating.

145. The allegations contained in Paragraph 145 call for legal conclusions to which no response is necessary. To the extent a response is required, those allegations are denied as written.

146. Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegations contained in Paragraph 146 and therefore denies those allegations as written.

147. The allegations contained in Paragraph 147 are denied as written.

148. Defendant admits that the payments in question occurred, but denies that such payments can be characterized as personal expenses or gifts to a family member, and avers that such payments were for wages paid for work performed by Rising Eagle.

149. The allegations contained in Paragraph 149 call for legal conclusions to which no response is necessary. To the extent a response is required, those allegations are denied.

150. The allegations contained in Paragraph 150 call for legal conclusions to which no response is necessary. To the extent a response is required, those allegations are denied.

151. The allegations contained in Paragraph 151 call for legal conclusions to which no response is necessary. To the extent a response is required, those allegations are denied.

## HEALTH ADVISORS DEFENDANTS' BUSINESS PRACTICES

152.    This paragraph contains no allegations relating to Defendant that require a response.  To the extent any response is required, Defendant admits only that the Health Advisors Defendants marketed health insurance to consumers in the subject states.

153.     This paragraph contains no allegations relating to Defendant that require a response.  To the extent any response is required, Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegations contained in Paragraph 153 and therefore denies those allegations as written.

154.    This paragraph contains no allegations relating to Defendant that require a response. To the extent any response is required, Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegations contained in Paragraph 154 and therefore denies those allegations as written.

155.     The allegations contained in Paragraph 155 call for legal conclusions to which no response is necessary.  To the extent a response is required, Defendant denies those allegations as written.   Defendant further specifically denies it initiated any unlawful calls.  Defendant further avers that to the extent the allegations in this Paragraph refer to Health Advisors' marketing campaigns, its only association with such operation was to provide Back-end technical assistance under the direction and control of Health Advisors.

156.    Defendant admits only that the message cited in Paragraph 156 was used by Health Advisors in connection with Health Advisors' marketing campaign.   The remaining allegations contained in this Paragraph call for legal conclusions to which no

response is necessary. To the extent any response to those allegations is required, those allegations are denied as written. Defendant also specifically denies the allegations that it in any way initiated the subject calls.

157. Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegations contained in Paragraph 157 and therefore denies those allegations as written. Defendant further avers that it was not in operation during this period of time.

158. The allegations contained in Paragraph 158 call for legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies those allegations as written. Defendant further specifically denies it initiated any unlawful calls. Defendant further avers that to the extent the allegations in this Paragraph refer to Health Advisors' marketing campaigns, its only association with such operation was to provide Back-end technical assistance under the direction and control of Health Advisors.

159. The allegations contained in Paragraph 159 call for legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies those allegations as written. Defendant further specifically denies it initiated any unlawful calls. Defendant further avers that to the extent the allegations in this Paragraph refer to Health Advisors' marketing campaigns, its only association with such operation was to provide Back-end technical assistance under the direction and control of Health Advisors.

160. Defendant is without sufficient knowledge or information to form a belief

regarding the truth of the allegations contained in Paragraph 160 and therefore denies those allegations as written.

161.    The allegations contained in Paragraph 161 are denied as written. Defendant further avers that to the extent the allegations in this Paragraph refer to Health Advisors' marketing campaigns, its only association with such operation was to provide Back-end technical assistance under the direction and control of Health Advisors.

162.    The allegations contained in Paragraph 162 call for legal conclusions to which no response is necessary.  To the extent a response is required, Defendant denies those allegations as written.  Defendant further specifically denies it initiated any unlawful calls.  Defendant further avers that to the extent the allegations in this Paragraph refer to Health Advisors' marketing campaigns, its only association with such operation was to provide Back-end technical assistance under the direction and control of Health Advisors.

163.    Admitted that the Health Advisors Defendants did supply consumer telephone numbers to Rising Eagle Defendants.  Defendant further avers that to the extent the allegations in this Paragraph refer to Health Advisors' marketing campaigns, its only association with such operation was to provide Back-end technical assistance under the direction and control of Health Advisors.

164.    Admitted.

165.    Defendant denies that it was compensated based on any consumer sales.

166.    Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegations contained in Paragraph 166 and therefore denies

those allegations as written.  Defendant further avers that it was not in operation during this period of time.

167.    Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegations contained in Paragraph 167 and therefore denies those allegations as written.  Defendant further avers that it was not in operation during this period of time.

## [ALLEGED] VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

### COUNT I
**(By all Plaintiffs – Violating the Prohibition against Calling Numbers listed on the National Do Not Call Registry)**

168.    Paragraph 168 of the Complaint calls for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.

169.    Paragraph 169 of the Complaint calls for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.

### COUNT II
**(By all Plaintiffs – Violating the Prohibition against the Use of Artificial or Prerecorded Voice Messages to Residential Telephone Lines)**

170.    Defendant's challenges to the constitutionality of the TCPA are set forth in further detail in its pre-motion letter filed prior to the filing of this Answer stating its intent to file a Motion to Dismiss Counts II and III of the Second Amended Complaint.

171.    Defendant's challenges to the constitutionality of the TCPA are set forth in further detail in its pre-motion letter filed prior to the filing of this Answer stating its intent to file a Motion to Dismiss Counts II and III of the Second Amended Complaint.

**COUNT III**
**(By all Plaintiffs – Violating the Prohibition against the Use of Artificial or Prerecorded Voice Messages to Cellular Telephone Lines)**

172.    Defendant's challenges to the constitutionality of the TCPA are set forth in further detail in its pre-motion letter filed prior to the filing of this Answer stating its intent to file a Motion to Dismiss Counts II and III of the Second Amended Complaint.

173.    Defendant's challenges to the constitutionality of the TCPA are set forth in further detail in its pre-motion letter filed prior to the filing of this Answer stating its intent to file a Motion to Dismiss Counts II and III of the Second Amended Complaint.

174.    Defendant's challenges to the constitutionality of the TCPA are set forth in further detail in its pre-motion letter filed prior to the filing of this Answer stating its intent to file a Motion to Dismiss Counts II and III of the Second Amended Complaint.

**COUNT IV**
**(By all Plaintiffs – Violating the Prohibition against Use of Artificial or Prerecorded Voice Messages Without Clear Disclosure of Caller Identity)**

175.    Paragraph 175 of the Complaint calls for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.

176.    Paragraph 176 of the Complaint calls for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.

**COUNT V**
**(By all Plaintiffs – Violating the Prohibition against Misleading or Inaccurate Caller Identification Information)**

177.    Paragraph 177 of the Complaint calls for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.

178.    Paragraph 178 of the Complaint calls for legal conclusions to which no

response is necessary.  To the extent a response is required, the allegations are denied.

## COUNT VI
**(By Plaintiffs Arkansas, Indiana, Michigan, North Carolina, North Dakota, Ohio, and Texas - Violating the Prohibition against Calling Numbers Listed on the National Do Not Call Registry)**

179.    This paragraph contains no allegations relating to Defendant that require a response.    Furthermore, the allegations contained in Paragraph 179 call for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.

180.    This paragraph contains no allegations relating to Defendant that require a response.    Furthermore, the allegations contained in Paragraph 180 call for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.

## COUNT VII
**(By Plaintiffs Arkansas, Indiana, Michigan, North Carolina, North Dakota, Ohio, and Texas – Violating the Prohibition against the Use of Artificial or Prerecorded Voice Messages to Residential Telephone Lines)**

181.    This paragraph contains no allegations relating to Defendant that require a response.    Furthermore, the allegations contained in Paragraph 181 call for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.

182.    This paragraph contains no allegations relating to Defendant that require a response.    Furthermore, the allegations contained in Paragraph 182 call for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.

## COUNT VIII
**(By Plaintiffs Arkansas, Indiana, Michigan, North Carolina, North Dakota, Ohio, and Texas – Violating the Prohibition against the Use of Artificial or Prerecorded Voice Messages to Cellular Telephone Lines)**

183. This paragraph contains no allegations relating to Defendant that require a response. Furthermore, the allegations contained in Paragraph 183 call for legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

184. This paragraph contains no allegations relating to Defendant that require a response. Furthermore, the allegations contained in Paragraph 184 call for legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

185. This paragraph contains no allegations relating to Defendant that require a response. Furthermore, the allegations contained in Paragraph 185 call for legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

## COUNT IX
**(By Plaintiffs Arkansas, Indiana, Michigan, North Carolina, North Dakota, Ohio, and Texas – Violating the Prohibition against Use of Artificial or Prerecorded Voice Messages Without Clear Disclosure of Caller Identity)**

186. This paragraph contains no allegations relating to Defendant that require a response. Furthermore, the allegations contained in Paragraph 186 call for legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

187. This paragraph contains no allegations relating to Defendant that require a

response.  Furthermore, the allegations contained in Paragraph 187 call for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.

## COUNT X
**(By Plaintiffs Arkansas, Indiana, Michigan, North Carolina, North Dakota, Ohio, and Texas – Violating the Prohibition against Misleading or Inaccurate Caller Identification Information)**

188.    This paragraph contains no allegations relating to Defendant that require a response.  Furthermore, the allegations contained in Paragraph 188 call for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.

189.    This paragraph contains no allegations relating to Defendant that require a response.  Furthermore, the allegations contained in Paragraph 189 call for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.

## [ALLEGED] VIOLATIONS OF THE TELEMARKETING SALES RULE

## COUNT XI
**(By all Plaintiffs – Violating the Prohibition against Deceptive Telemarketing Acts or Practices)**

190.    Paragraph 190 of the Complaint calls for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.

191.    Paragraph 191 of the Complaint calls for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.

192.    Paragraph 192 of the Complaint calls for legal conclusions to which no

response is necessary.  To the extent a response is required, the allegations are denied.

193.    Paragraph 193 of the Complaint calls for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.

## COUNT XII
### (By all Plaintiffs – Violating the Prohibition against Deceptive Telemarketing Acts or Practices)

194.    Paragraph 194 of the Complaint calls for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.

195.    Paragraph 195 of the Complaint calls for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.

196.    Paragraph 196 of the Complaint calls for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.

197.    Paragraph 197 of the Complaint calls for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.

## COUNT XIII
### (By all Plaintiffs – Violating the Prohibition against Abusive Telemarketing Acts or Practices)

198.    Paragraph 198 of the Complaint calls for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.

199.    Paragraph 199 of the Complaint calls for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.

200.    Paragraph 200 of the Complaint calls for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.

201.    Paragraph 201 of the Complaint calls for legal conclusions to which no

response is necessary.  To the extent a response is required, the allegations are denied.

## COUNT XIV
### (By all Plaintiffs – Violating the Prohibition against Abusive Telemarketing Acts or Practices)

202.    Paragraph 202 of the Complaint calls for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.

203.     Paragraph 203 of the Complaint calls for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.

204.    Paragraph 204 of the Complaint calls for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.

205.    Paragraph 205 of the Complaint calls for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.

## COUNT XV
### (By all Plaintiffs – Violating the Prohibition against Abusive Telemarketing Acts or Practices)

206.    Paragraph 206 of the Complaint calls for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.

207.     Paragraph 207 of the Complaint calls for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.

208.    Paragraph 208 of the Complaint calls for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.

209.    Paragraph 209 of the Complaint calls for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.

## COUNT XVI
### (By all Plaintiffs – Violating the Prohibition against Abusive Telemarketing Acts or Practices)

210. Paragraph 210 of the Complaint calls for legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

211. Paragraph 211 of the Complaint calls for legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

212. Paragraph 212 of the Complaint calls for legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

213. Paragraph 213 of the Complaint calls for legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

## [ALLEGED] VIOLATIONS OF STATE TELEMARKETING LAWS

## COUNT XVII
### (By the State of Arkansas – Violating the ADTPA, Ark. Code Ann. §§ 4-88-101 *et seq.*)

214. Paragraph 214 of the Complaint contains no allegations to which a response is necessary. To the extent a response is required, the allegations are denied.

215. Paragraph 215 of the Complaint calls for legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

216. Paragraph 216 of the Complaint calls for legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

217. Paragraph 217 of the Complaint calls for legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

## COUNT XVIII
**(By the State of Arkansas – Violating the Regulation of Telephonic Sellers (RTS), Ark. Code Ann. § 4-99-101 *et seq.*)**

218.    Paragraph 218 of the Complaint contains no allegations to which a response is necessary.  To the extent a response is required, the allegations are denied

219.    Paragraph 219of the Complaint calls for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.

220.    Paragraph 220 of the Complaint calls for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.

221.    Paragraph 221 of the Complaint calls for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.

222.    Paragraph 222 of the Complaint calls for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.

223.    Paragraph 223 contains no allegations to which a response is required.  To the extent a response is required, any allegations contained in this paragraph are denied.  Furthermore, the cited statutes speak for themselves and anything contrary thereto is denied.

## COUNT XIX
**(By the State of Indiana – Violating the Telephone Solicitation of Consumers Act (the "TSCA"), Ind. Code 24-4.7-4)**

224.    Paragraph 224 of the Complaint calls for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.

225.    Paragraph 225 of the Complaint calls for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.

226.    Paragraph 226 of the Complaint calls for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.

227.    Paragraph 227 of the Complaint calls for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.

228.    Paragraph 228 of the Complaint calls for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.

229.    Paragraph 229 of the Complaint calls for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.

230.    Paragraph 230 of the Complaint calls for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.

231.    Paragraph 231 of the Complaint calls for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.

232.    Paragraph 232 of the Complaint calls for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.

233.    Paragraph 233 of the Complaint calls for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.

## COUNT XX
### (By the State of Indiana – Violating the Regulation of Automatic Machines Dialing Act (the "Auto-Dialer Act"), Ind. Code 24-5-14)

234.    Paragraph 234 of the Complaint calls for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.

235.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 235, and therefore denies those

allegations.

236.     Paragraph 236 of the Complaint calls for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.

237.     Paragraph 237 of the Complaint calls for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.

**COUNT XXI**
**(By the State of Indiana – Violating the Telephone**
**Solicitation Registration of Sellers law, Ind. Code § 24-5-12-10)**

238.     Paragraph 238 of the Complaint calls for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.

239.     Paragraph 239 of the Complaint calls for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.

240.     Defendant admits only that it was not registered to do business in Indiana. The remaining allegations contained in Paragraph 240 call for legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

**COUNT XXII**
**(By the State of Indiana – Violating the Indiana**
**Business Organizations Code, Ind. Code § 23-0.5-5-2)**

241.     Paragraph 241 of the Complaint calls for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.

242.     Defendant denies that it is currently an active Texas limited liability company.  The remaining allegations contained in Paragraph 242 of the Complaint call for legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.

243. Defendant admits only that it has not registered to do business in Indiana. The cited statute speaks for itself and anything contrary thereto is denied.

244. Paragraph 244 of the Complaint calls for legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

**COUNT XXIII**
**(By the State of Michigan - Violating Michigan Consumer Protection Act, § 445.903(1)(gg))**

245. Paragraph 245 contains no allegations to which a response is necessary. To the extent any response is required, the allegations are denied. Furthermore, the cited statute speaks for itself and anything contrary thereto is denied.

246. Paragraph 246 contains no allegations to which a response is necessary. To the extent any response is required, the allegations are denied. Furthermore, the cited statute speaks for itself and anything contrary thereto is denied.

247. The cited statutes speak for themselves and anything contrary thereto is denied. The remaining allegations contained in Paragraph 247 call for legal conclusions to which no response is necessary. To the extent any response is required, these allegations are denied.

248. The cited statutes speak for themselves and anything contrary thereto is denied. The remaining allegations contained in Paragraph 248 call for legal conclusions to which no response is necessary. To the extent any response is required, these allegations are denied.

249. The cited statutes speak for themselves and anything contrary thereto is denied. The remaining allegations contained in Paragraph 249 call for legal conclusions

to which no response is necessary. To the extent any response is required, these allegations are denied.

## COUNT XXIV
### (By the State of Missouri - Violating the Missouri Do-Not-Call Law, § 407.1070, *et seq.*)

250. The cited statutes speak for themselves and anything contrary thereto is denied. The remaining allegations contained in Paragraph 250 call for legal conclusions to which no response is necessary. To the extent any response is required, these allegations are denied.

## COUNT XXV
### (By the State of Missouri - Violating the Missouri Telemarketing Practices Act, § 407.1095, *et seq.*)

251. The cited statutes speak for themselves and anything contrary thereto is denied. The remaining allegations contained in Paragraph 251 call for legal conclusions to which no response is necessary. To the extent any response is required, these allegations are denied.

252. The cited statutes speak for themselves and anything contrary thereto is denied. The remaining allegations contained in Paragraph 252 call for legal conclusions to which no response is necessary. To the extent any response is required, these allegations are denied.

## COUNT XXVI
### (By State of North Carolina - Violating General Statutes § 75-102)

253. The cited statutes speak for themselves and anything contrary thereto is denied. The remainder of Paragraph 253 contains no allegations to which a response is

necessary.  To the extent any response is required, these allegations are denied.

254.    Paragraph 254 of the Complaint calls for legal conclusions to which no response is necessary.  To the extent any response is required, the allegations are denied.

255.    Paragraph 255 of the Complaint calls for legal conclusions to which no response is necessary.  To the extent any response is required, the allegations are denied.

256.    Paragraph 256 of the Complaint calls for legal conclusions to which no response is necessary.  To the extent any response is required, the allegations are denied.

## COUNT XXVII
### (By State of North Carolina - Violating General Statutes § 75-104)

257.    The cited statute speaks for itself and anything contrary thereto is denied. The remainder of Paragraph 257 contains no allegations to which a response is necessary. To the extent any response is required, these allegations are denied.

258.    Paragraph 258 of the Complaint calls for legal conclusions to which no response is necessary.  To the extent any response is required, the allegations are denied.

259.    Paragraph 259 of the Complaint calls for legal conclusions to which no response is necessary.  To the extent any response is required, the allegations are denied.

## COUNT XXVIII
### (By State of North Dakota - Violating the Telephone Solicitations Act, N.D.C.C. ch. 51-28)

260.    Paragraph 260 of the Complaint calls for legal conclusions to which no response is necessary.  To the extent any response is required, the allegations are denied.

261.    Paragraph 261 of the Complaint calls for legal conclusions to which no response is necessary.  To the extent any response is required, the allegations are denied.

262.    Paragraph 262 of the Complaint calls for legal conclusions to which no response is necessary.  To the extent any response is required, the allegations are denied.

263.    Paragraph 263 of the Complaint calls for legal conclusions to which no response is necessary.  To the extent any response is required, the allegations are denied.

264.    Paragraph 264 of the Complaint calls for legal conclusions to which no response is necessary.  To the extent any response is required, the allegations are denied.

265.    The cited statutes speak for themselves and anything contrary thereto is denied.  The remainder of Paragraph 265 of the Complaint contains no allegations to which a response is necessary.  To the extent a response is required, those allegations are denied.

## COUNT XXIX
**(By State of North Dakota - Violating the Unlawful Sales or Advertising Act, N.D.C.C. ch. 51-15)**

266.    Paragraph 266 of the Complaint contains no allegations to which a response is necessary.  To the extent a response is required, those allegations are denied.

267.    The cited statutes speak for themselves and anything contrary thereto is denied.  The remainder of Paragraph 267 of the Complaint contains no allegations to which a response is necessary.  To the extent a response is required, those allegations are denied.

268.    Paragraph 268 of the Complaint calls for legal conclusions to which no response is necessary.  To the extent any response is required, those allegations are denied.

269.    Paragraph 269 of the Complaint calls for legal conclusions to which no

response is necessary.  To the extent any response is required, those allegations are denied.

### COUNT XXX
### (By State of North Dakota - Violating the Uniform Limited Liability Company Act, N.D.C.C. ch. 10-32.1, and the Unlawful Sales or Advertising Act, N.D.C.C. ch. 51-15)

270.    Paragraph 270 of the Complaint contains no allegations to which a response is necessary.  To the extent a response is required, those allegations are denied.

271.    The cited statute speaks for itself and anything contrary thereto is denied. The remainder of Paragraph 271 of the Complaint contains no allegations to which a response is necessary.  To the extent a response is required, those allegations are denied.

272.    Paragraph 272of the Complaint calls for legal conclusions to which no response is necessary.  To the extent any response is required, those allegations are denied.

273.    The cited statute speaks for itself and anything contrary thereto is denied. The remainder of Paragraph 273 of the Complaint contains no allegations to which a response is necessary.  To the extent a response is required, those allegations are denied.

274.    Paragraph 274 of the Complaint calls for legal conclusions to which no response is necessary.  To the extent any response is required, those allegations are denied.

### COUNT XXXI
### (By State of Ohio - Violating the Ohio Consumer Sales Practices Act)

275.    The cited statute speaks for itself and anything contrary thereto is denied. The remainder of Paragraph 275 of the Complaint contains no allegations to which a

response is necessary.  To the extent a response is required, those allegations are denied.

276.    Paragraph 276 of the Complaint calls for legal conclusions to which no response is necessary.  To the extent any response is required, those allegations are denied.

277.    Paragraph 277 of the Complaint calls for legal conclusions to which no response is necessary.  To the extent any response is required, those allegations are denied.

278.    Paragraph 278 of the Complaint calls for legal conclusions to which no response is necessary.  To the extent any response is required, those allegations are denied.

279.    Paragraph 279 of the Complaint calls for legal conclusions to which no response is necessary.  To the extent any response is required, those allegations are denied.

280.    Paragraph 280 of the Complaint calls for legal conclusions to which no response is necessary.  To the extent any response is required, those allegations are denied.

281.    Paragraph 281 of the Complaint calls for legal conclusions to which no response is necessary.  To the extent any response is required, those allegations are denied.

## COUNT XXXII
### (By the State of Ohio – Violating Ohio's Telephone Solicitation Sales Act)

282.    Paragraph 282 of the Complaint calls for legal conclusions to which no

response is necessary. To the extent any response is required, those allegations are denied.

283. Paragraph 283 of the Complaint calls for legal conclusions to which no response is necessary. To the extent any response is required, those allegations are denied.

284. Defendant admits that it was not registered to do business with the Ohio Attorney General's Office.

285. Paragraph 285 of the Complaint calls for legal conclusions to which no response is necessary. To the extent any response is required, those allegations are denied.

286. The allegations contained in Paragraph 286 are admitted.

287. Paragraph 287 of the Complaint calls for legal conclusions to which no response is necessary. To the extent any response is required, those allegations are denied.

288. Paragraph 288 of the Complaint calls for legal conclusions to which no response is necessary. To the extent any response is required, those allegations are denied.

## COUNT XXXIII
**(By the State of Texas - Violating Texas Telemarketing Disclosure and Privacy Act)**

289. Paragraph 289 of the Complaint calls for legal conclusions to which no response is necessary. To the extent any response is required, those allegations are denied.

## CONSUMER INJURY

290.    Paragraph 290 of the Complaint calls for legal conclusions to which no response is necessary.  To the extent any response is required, those allegations are denied.  Furthermore, Defendant denies that there is any basis for injunctive relief or there is any risk of harm to consumers and avers that any alleged conduct is not currently ongoing.

## PRAYER FOR RELIEF

This section does not contain any factual allegations requiring a response from Defendant, but if a response is deemed required, Defendant denies that Plaintiffs are entitled to any relief from Defendant.

### Prayer by All Plaintiffs

This section does not contain any factual allegations requiring a response from Defendant, but if a response is deemed required, Defendant denies that Plaintiffs are entitled to any relief from Defendant.

### Prayer by Plaintiff Arkansas

This section does not contain any factual allegations requiring a response from Defendant, but if a response is deemed required, Defendant denies that Plaintiff Arkansas is entitled to any relief from Defendant.

### Prayer by Plaintiff Indiana

This section does not contain any factual allegations requiring a response from Defendant, but if a response is deemed required, Defendant denies that Plaintiff Indiana is entitled to any relief from Defendant.

## Prayer by Plaintiff State of Michigan

This section does not contain any factual allegations requiring a response from Defendant, but if a response is deemed required, Defendant denies that Plaintiff Michigan is entitled to any relief from Defendant.

## Prayer by Plaintiff State of Missouri

This section does not contain any factual allegations requiring a response from Defendant, but if a response is deemed required, Defendant denies that Plaintiff Missouri is entitled to any relief from Defendant.

## Prayer by Plaintiff State of North Carolina

This section does not contain any factual allegations requiring a response from Defendant, but if a response is deemed required, Defendant denies that Plaintiff North Carolina is entitled to any relief from Defendant.

## Prayer by Plaintiff State of North Dakota

This section does not contain any factual allegations requiring a response from Defendant, but if a response is deemed required, Defendant denies that Plaintiff North Dakota is entitled to any relief from Defendant.

## Prayer by Plaintiff State of Ohio

This section does not contain any factual allegations requiring a response from Defendant, but if a response is deemed required, Defendant denies that Plaintiff Ohio is entitled to any relief from Defendant.

## Prayer by Plaintiff State of Texas

This section does not contain any factual allegations requiring a response from

Defendant, but if a response is deemed required, Defendant denies that Plaintiff Texas is entitled to any relief from Defendant.

## Prayer by All Plaintiffs

This section does not contain any factual allegations requiring a response from Defendant, but if a response is deemed required, Defendant denies that Plaintiffs are entitled to any relief from Defendant.

## AFFIRMATIVE DEFENSES

Based upon its current information and belief, Defendant asserts the following affirmative defenses to Plaintiffs' Complaint, and reserves the right to assert additional affirmative defenses in the event its investigation or discovery indicate that they would be appropriate. By asserting these defenses here, Defendant does not concede that it has the burden of proof or production for any of the following:

1.     Plaintiffs lack Article III standing because the citizens they represent incurred no injury or actual harm or damages. *See, e.g., Salcedo v. Hanna*, 936 F.3d 1162, 1172 (11th Cir. 2019).

2.     Plaintiffs fail to state a claim against Defendant upon which relief can be granted because, among other reasons, on information and belief, the calling party was given prior express consent to call the number(s) at issue, and never revoked that consent. *See, e.g., Tyler v. Mirand Response Sys.*, No. H-18-1095, 2019 U.S. Dist. LEXIS 81808, at *10 (S.D. Tex. May 15, 2019) (granting judgment in favor of defendant where calls were made with prior express consent and Plaintiff failed to prove revocation or use of an ATDS).

3.      Although Defendant specifically denies it has any liability with respect to Plaintiff's claims and allegations, Defendant asserts that it has not willfully violated any statute and any violation(s) that may have occurred were unintentional as the party responsible for the alleged call(s) received prior express consent to call the phone number at issue.

4.      Any alleged damages suffered by any party resulted from the acts or omissions of third parties who were not agents of Defendant, over whom Defendant exercised no control or authority and for whose conduct Defendant is not responsible.

5.      Plaintiffs' claims are barred to the extent the called parties were not charged for the call(s) at issue pursuant to 47 U.S.C. § 227(b)(1)(A)(iii).

6.      Plaintiffs' claims are barred to the extent Defendant satisfies the requirements set forth at 47 C.F.R. §64.1200(c)(2)(i), as amended.

7.      The claims against Defendant are misjoined and therefore Defendant should be dismissed and/or the claims against Defendant severed.

8.      Plaintiffs' Complaint and each and every Count of the Complaint fail to state a claim upon which relief may be granted.

9.      Plaintiffs' claims are barred insofar as the Telephone Consumer Protection Act was unconstitutional at the time some or all of the alleged violations occurred.

## RESERVATION OF RIGHTS

Defendant reserves the right to amend this Answer and/or to assert additional defenses and/or supplement, alter, or change any of the responses set forth in this Answer in any manner upon further investigation and/or discovery.

## CONCLUSION AND REQUEST FOR RELIEF

WHEREFORE Defendant Rising Eagle Capital Group LLC prays that the Complaint be dismissed with prejudice, with Rising Eagle Capital Group LLC being awarded all costs of suit, including attorney's fees, as they may be payable pursuant to applicable law.

Dated:  November 20, 2020

Jason Wagner
WAGNER LAW, PLLC
1110 Kingwood Drive, Suite 280
Houston, Texas 77339
Phone: (713) 554-8450
Fax: (713) 554-8451
jwagner@jwagnerlaw.com

*/s/ Mitchell N. Roth*
Mitchell N. Roth, *Pro Hac Vice*
**Attorney-in-Charge**
Gregory M. Caffas, *Pro Hac Vice*
ROTH JACKSON
8200 Greensboro Drive, Suite 820
McLean, Virginia 22102
Phone:  703-485-3535
Fax:  703-485-3525
mroth@rothjackson.com
gcaffas@rothjackson.com

Joseph P. Bowser, *Pro Hac Vice*
ROTH JACKSON
1519 Summit Avenue, Suite 102
Richmond, Virginia 23230
Phone:  804-441-8701
Fax:  804-441-8438
jbowser@rothjackson.com

*Counsel for Defendants RISING EAGLE CAPITAL GROUP LLC, JSQUARED TELECOM LLC, JOHN C. SPILLER, II, and JAKOB A. MEARS*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 20th of November, 2020, a copy of the foregoing document was served via the Court's ECF upon counsel of record in this case.

*/s/ Mitchell N. Roth*
Mitchell N. Roth