# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

STATE OF TEXAS, *ET. AL.*,

    Plaintiffs,

v.

RISING EAGLE CAPITAL GROUP LLC, *et. al.*, and DOES 6-100.,

    Defendants.
_____/

Case No.: 4:20−cv−02021

## DEFENDANTS MICHAEL T. SMITH, JR., AND HEALTH ADVISORS OF AMERICA, INC.'S NOTICE OF JOINING CO-DEFENDANT RISING EAGLE'S MOTION TO DISMISS AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

# I.    **TABLE OF CONTENTS**

II. STATEMENT OF NATURE AND STAGE OF PROCEEDINGS……….....     1

III. STATEMENT OF THE ISSUES……………………………………………     2

    A. Issues……………………………………………………………………….     2

    B. Standard of Review ……………………………………………………..     3

        i. Review Under 12(b)(1) …………………………………………………….     3

        ii. Review Under 12(b)(6) ……………………………………………………     4

IV. SUMMARY OF ARGUMENT………………………………………………..     5

V. ARGUMENT……………....……………………………………………………     6

    1. Defendants Smith and HAA are similarly situated as it relates to Plaintiff's TCPA claims against the Rising Eagle Defendants and Join in their Arguments in support of their Motion to Dismiss…………………………………………………………………...     6

    2. Plaintiff's Second Amended Complaint should be dismissed for failing to comply with Rule 8. ……………………………………………………..     9

VI. CONCLUSION……………………………………………………………...     10

Defendants Michael T. Smith, Jr. ("Smith") , and Health Advisors Of America, Inc. ("HAA") by and through its undersigned legal counsel, and pursuant to the applicable Federal Rules of Civil Procedure, US District Court for the Southern District Court of Texas Local Rules, and this Court Procedures, Jr. hereby gives its Notice of Joining in the Arguments raised in co-Defendant Rising Eagle's Fed. R. Civ P.12(b)(1) Motion to Dismiss Plaintiffs' Second Amended Complaint and additionally seeks dismissal of Plaintiff's Second Amended Complaint on Fed. R. Civ P. 12(b)(6) grounds as well.

### I. STATEMENT OF NATURE AND STAGE OF PROCEEDINGS

On or about October 30, 2020 Plaintiffs filed their Second Amended Complaint (ECF No. 56), alleging multiple violations of the Telephone Consumer Protection Act, 47 USC §§ 227 *et. seq. (*"TCPA") by the Defendants. (ECF No. 56, Second Am. Compl. ¶¶ 28 -29, 170-174). On or about January 7, 2021, Defendants Rising Eagle Capital Group, LLC ("Rising Eagle"), JSquared Telecom, LLC, John C. Spiller ("Spiller") and Jakob Mears ("Mears") (collectively, "Rising Eagle Defendants") filed their Motion to Dismiss Counts II and III of the Second Amended Complaint (ECF Nos. 80, 81) pursuant to Fed. R. Civ. P. 12(b)(1), maintaining that the allegations against them for violation of the TCPA were unenforceable as the TCPA was rendered unconstitutional and in violation of the First Amendment to the U.S. Constitution at the times the violations alleged in Plaintiff's Second Amended Complaint were made. On or about January 13, 2021, Defendants Smith and HAA sought leave of Court (ECF No.: 85), in compliance with and pursuant to Court Procedure 6(B) to Join in Co-Defendant Rising Eagle's Motion to Dismiss arguments and dismissal of Plaintiffs' lawsuit and to bring forth additional grounds of dismissal pursuant

1

to Rule 12(b)(6). On January 19, 2021, this Court entered an Order (ECF No.: 86), granting Defendants Smith and HAA leave to file the instant motion to dismiss.

## II. STATEMENT OF THE ISSUES

### A. Issues

1. Whether the Court should dismiss Count VIII of Plaintiffs' Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) for all alleged calls made in violation of 47 U.S.C. § 227(b)(1)(A)(iii) that occurred prior to the Supreme Court's ruling in *Barr v. American Association of Political Consultants* on July 6, 2020 because the Telephone Consumer Protection Act's automated-calling prohibition, upon which these counts are based, was unconstitutional and therefore unenforceable at the time of the alleged violations.

2. Whether the Court should dismiss Count VII of Plaintiffs' Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) for all alleged calls made in violation of 47 U.S.C. § 227(b)(1)(B) in its entirety because the impermissible government-debt exemption severed from 47 U.S.C. § 227(b)(1)(A)(iii) by the Supreme Court in *Barr v. American Association of Political Consultants* currently remains in § 227(b)(1)(B) and this subsection is therefore unenforceable.

3. Whether the Court should dismiss Plaintiff's Second Amended Complaint pursuant to Fed. R. Civ. P. R.12(b)(6)for impermissibly lumping Defendants Smith and HAA with co-Defendant Scott Shapiro as the "Health Advisor Defendants" for Counts VI and VII, VIII, and IX, and X and then for the Violations of State Telemarketing Laws,

Counts XVII - XXI, and XXII, XXVI, XXVII - XXXIII lumps all "Defendants", without making distinction between "Defendants" in violation of Fed. R. Civ P. 8.

**B. Standard of Review**

  **i. Review Under 12(b)(1)**

Dismissal is proper under Federal Rule of Civil Procedure 12(b)(1) because the Court lacks subject matter jurisdiction. The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *McDaniel v. United States,* 899 F.Supp. 305, 307 (E.D.Tex.1995). Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist. *Menchaca v. Chrysler Credit Corp.,* 613 F.2d 507, 511 (5th Cir.1980).

The Supreme Court has long held that "if the laws are unconstitutional and void, the [federal court has] no jurisdiction of the causes." *Ex parte Siebold*, 100 U.S. 371, 377 (1880); *see also Montgomery v. Louisiana*, 136 S. Ct. 718, 724 (2016) (sentence under unconstitutional law is void because state was deprived of authority to impose it); *United States. v. Baucum*, 80 F.3d 539, 540-41 (D.C. Cir. 1996) ("It is true that once a statute has been declared unconstitutional, the federal courts thereafter have no jurisdiction over alleged violations (since there is no valid 'law of the United States' to enforce)[.]"); *see also*, *Reynoldsville Casket Co. v. Hyde*, 514 U.S. 749, 760, (1995) (Scalia, J., concurring) ("[W]hat a court does with regard to an unconstitutional law is simply to ignore it. It decides the case 'disregarding the [unconstitutional] law,' because a law repugnant to the Constitution 'is void, and is as no law.'" (second alteration in original) (citation omitted).).

As relevant here, a speaker should not be punished for engaging in speech that was restricted in an unconstitutional fashion at the time of the speech. *See Grayned v. City of Rockford*, 408 U.S. 104, 107 n.2, (1972) (holding, also with regard to an invalid time-place-manner restriction, that determining the speaker's fate required assessing "the facial constitutionality of the [restriction] in effect" at the time of the speech at issue). It also supports the general rule that "once a statute has been declared unconstitutional, the federal courts thereafter have no jurisdiction over alleged violations (since there is no valid 'law of the United States' to enforce)." *United States v. Baucum*, 80 F.3d 539, 541-42, 317 U.S. App. D.C. 63 (D.C. Cir. 1996) (*per curiam*).

  ii.  **Review Under 12(b)(6)**

FED. R. CIV. P. 12(b)(6) permits a defendant to seek dismissal of a claim if it fails to "state a claim upon which relief can be granted." A cause of action can fail to state a "claim upon which relief can be granted" if, inter alia, it fails to comply with the requirements of Rule 8(a)(2). See, e.g., Buerger v. Southwestern Bell Tel. Co., 982 F. Supp. 1247, 1249-50 (E.D. Tex. 1997); Bank of Abbeville & Trust Co. v. Commonwealth Land Title Ins. Co., 201 F. App'x 988, *2 (5th Cir. Oct. 9, 2006) ("a Rule 12(b)(6) motion to dismiss for failure to state a claim may be a proper vehicle to challenge the sufficiency of a pleading under Rule 8").

"To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.' " *Cuvillier v. Taylor,* 503 F.3d 397, 401 (5th Cir.2007) (quoting *Bell Atl.*

*Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). That is, consistent with Rule 8(a), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556). The plausibility standard "is not akin to a 'probability requirement,' " though it does require more than simply a "sheer possibility" that a defendant has acted unlawfully. *Id.* at 678. Thus, a pleading need not contain detailed factual allegations, but must set forth more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555(citation omitted).

### III. SUMMARY OF ARGUMENT

Defendants Smith and HAA join the Rising Eagle Defendants and respectfully request that this Court dismiss Plaintiff's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) because the base of Plaintiff's lawsuit is the Telephone Consumer Protection Act ("TCPA"), which is unenforceable against Defendants in this action because the TCPA was unconstitutional and in violation of the First Amendment at the time the alleged calls were made.

In *Barr v. American Association of Political Consultants, Inc.*, 140 S. Ct. 2335, 2346 (2020) ("*Barr*"), the United States Supreme Court held that the TCPA (as written) was an unconstitutional, content-based suppression on speech . As a remedy, the Supreme Court

5

severed the government-backed debt exception on a going-forward basis. Accordingly, at the time the alleged calls were placed, the TCPA was an unconstitutional, content-based restriction on speech. Plaintiff's Second Amended Complaint must therefore be dismissed with prejudice as it was filed under a federal statute that violated the First Amendment at the time of the alleged calls at issue. *See Creasy v. Charter Communications, Inc.*, CV 20-1199, 2020 WL 5761117, at *1 (E.D. La. Sept. 28, 2020) ("*Creasy*"); *Lindenbaum v. Realgy, LLC*, 1:19 CV 2862, 2020 WL 6361915, at *1 (N.D. Ohio Oct. 29, 2020) ("*Lindenbaum*").

In addition to Joining in Defendant Rising Eagle's 12(b)(1) Motion to Dismiss, Defendants Smith and HAA would also bring forth 12(b)(6) arguments as well. Plaintiffs' Second Amended Complaint impermissibly lumps Defendants Smith and HAA with co-Defendant Scott Shapiro as the "Health Advisor Defendants" for Counts VI and VII, VIII, and IX, and X and then for the Violations of State Telemarketing Laws, Counts XVII - XXI, and XXII, XXVI, XXVII - XXXIII lumps all "Defendants", without making distinction between "Defendants" in violation of Rule 8, FRCP.

IV. **ARGUMENT**

> **1. Defendants Smith and HAA are similarly situated as it relates to Plaintiff's TCPA claims against the Rising Eagle Defendants and Join in their Arguments in support of their Motion to Dismiss**

Plaintiffs' Second Amended Complaint alleges violations of the TCPA committed by the Rising Eagle Defendants and Defendant Smith and HAA for calls made regarding health care coverage. (ECF No. 56, Second Am. Compl. ¶¶ 28-29). Plaintiffs allege that some of the alleged violative calls the Rising Eagle Defendants placed were made on behalf of

6

Defendant Smith and HAA. (ECF No. 56, Second Am. Compl. ¶¶ 155 -167). In fact, every allegation of wrongdoing alleged by Plaintiff against Defendants Smith and HAA are tied to actions of the Rising Eagle Defendants.

While Plaintiffs' Second Amended Complaint does not specifically state the timeframe(s) of the alleged offending calls were made, or specifically attribute which Defendants initiated the alleged offending calls, or specifically on whose behalf the calls were made, it does state that "From at least June of 2018 through January 30, 2019, Defendants Spiller and Mears conducted their robocall business primarily through Defendant Rising Eagle. (ECF No. 56, Second Am. Compl. ¶ 72). Plaintiff further alleges that "[b]etween June 1, 2019, and the filing of this lawsuit, Defendants Spiller and Mears had dozens if not hundreds of communications with the Traceback Group regarding illegal robocalls placed by Rising Eagle Defendants. (ECF No. 56, Second Am. Compl. ¶ 88). The Court's docket reflects that the instant lawsuit was filed by Plaintiffs on June 9, 2020.

Similarly, Plaintiffs' allegations against the "Health Advisors Defendants", in which Plaintiffs lump Defendant HAA and Smith with co-Defendant Shapiro, is predicated upon the Health Advisors Defendants purportedly contracting with the Rising Eagle Defendants "[s]ometime in 2018 through December of 2019" (ECF No. 56, Second Am. Compl. ¶ 161). Plaintiffs' Second Amended Complaint does not allege the Rising Eagle Defendants to have continued to provide services, be contracted with/by or paid by the Health Advisor Defendants in 2020.

The position taken by co-Defendants in the subject Motion to Dismiss (ECF Nos. 80,81) is that the TCPA only became constitutional *after* July 6, 2020 when the United States Supreme Court rendered its decision in *Barr v American Association of Political Consultants, Inc.,* 140 S.

7

Ct. 2335, 2346 (July 6, 2020), severing unconstitutional, content-based restriction on speech, in violation of the First Amendment. *See also, Creasy v Charter Communications, Inc.*, CV 20-1199, 2020 WL 5761117, at *8 (E.D. La Sept 28, 2020)("the defendant's motion to dismiss is [granted] with respect to all asserted TCPA violations alleged to have occurred before July 6, 2020) and *Lindenbaum v Realgy, LLC*, 1:19 CV 2862, 2020 WL 6361915, at *7 ("Because the statue at issue was unconstitutional at the time of the alleged violations, this Court lacks jurisdiction over this matter.")

As the *Creasy* and the *Lindenbaum* courts held, the TCPA was unconstitutional at a minimum between the time of the enactment of the government-backed debt exemption in 2015 and when the Supreme Court severed it from the remainder of the statute on July 6, 2020. *Creasy*, CV 20-1199, 2020 WL 5761117, at *3; *Lindenbaum*, 1:19 CV 2862, 2020 WL 6361915, at *7. The reasoning behind this is simple. A majority of the Supreme Court (six (6) justices) held that the TCPA as a whole was unconstitutional as written. *Creasy*, CV 20-1199, 2020 WL 5761117, at *4. The statute only was declared constitutional after the Supreme Court severed the government-backed debt exemption on July 6, 2020. *Id.* at *6. Thus, all calls placed between 2015 and July 6, 2020—which includes all of the calls alleged in Plaintiffs' Second Amended Complaint as having been made on behalf of the Health Advisor Defendants—were placed at a time where the TCPA was unconstitutional. *Id.* at *8.

Should the Defendant's Motion to Dismiss (ECF Nos. 80, 81) be Granted, not only would Counts II and III of the Plaintiff's Second Amended Complaint not contain a viable cause of action against the Rising Eagle Defendants, but the Counts VII and VIII would not have a viable cause of action against Defendant HAA and Smith as well.

8

Accordingly, and as the arguments raised by co-Defendant Rising Eagle as it relates to *Barr, Creasy, and Lindenbaum* are actually transferrable from Rising Eagle's case to Defendant HAA and Smith's case, the Defendants hereby joins, adopts and incorporates by reference all grounds, authority, and arguments raised by Co-Defendants Rising Eagle in their Motion to Dismiss (ECF Nos. 80, 81) as if more fully set forth herein.

### 2. Plaintiff's Second Amended Complaint should be dismissed for failing to comply with Rule 8.

"A complaint does not satisfy the requirements of *Iqbal* and *Twombly* by lumping together all defendants, while providing no factual basis to distinguish their conduct." *Del Castillo v. PMI Holdings N. Am. Inc.*, No. 4:14-CV-3435, 2015 WL 3833447, at *6 (S.D. Tex. June 22, 2015). As to each defendant sued in his or her individual capacity, Plaintiff must allege how that defendant was personally involved in or had direct responsibility for the incidents that caused Plaintiff's alleged injury. *See id.*; *see also Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992) ("[A] plaintiff bringing a section 1983 action must specify the personal involvement of each defendant."). *Mendoza v. J.P. Morgan Mortgage N.A.*, 7:17-CV-180, 2017 WL 2778250, at *3 (S.D. Tex. June 27, 2017) ("[a] complaint does not satisfy the requirements of *Iqbal* and *Twombly* by lumping together all defendants, while providing no factual basis to distinguish their conduct.") (quoting *Del Castillo*, 2015 WL 3833447, at *6); *Bailey v. Willis*, 417CV00276ALMCAN, 2018 WL 3321461, at *12 (E.D. Tex. Jan. 11, 2018), *report and recommendation adopted*, 4:17-CV-276, 2018 WL 2126476 (E.D. Tex. May 8, 2018) ("As to each defendant sued in his or her individual

9

capacity, Plaintiff must allege how that defendant was personally involved in or had direct responsibility for the incidents that caused Plaintiff's alleged injury.").

Plaintiffs' Second Amended Complaint lumps multiple Defendants together for various allegations, and yet never clarifies which Defendant did what and for whom when. For example, while the Plaintiffs maintain that the Rising Eagle Defendants were lead generators and generated "calls made regarding health care coverage or insurance, auto, warranty coverage or extension, and other calls offering goods and services." (ECF No. 56, Second Am. Compl. ¶ 28), the allegations against Defendants HAA and Smith (and Shapiro) are only for "calls made regarding health care coverage or insurance". (ECF No. 56, Second Am. Compl. ¶ 29). Despite allegations that "Defendant Spiller admitted … that he was making millions of calls per day and was purposefully calling consumers on the do-not-call registries…". ." (ECF No. 56, Second Am. Compl. ¶ 89), there are no allegations of specific calls made on behalf of Defendant HAA and/or Smith, or otherwise differentiate between calls being generated for health care coverage versus insurance, auto, warranty coverage or extension, and other calls offering goods and services. Plaintiffs do not even allege that the Rising Eagle Defendants were *exclusively* calling on behalf of Defendants HAA, Smith or the "Health Advisors Defendants" when calling prospective consumers for health care coverage. In fact, Plaintiff's Second Amended Complaint, does not have *any* specific allegations regarding the content or direction of any of the calls purported to be made. The one pre-recorded message Plaintiffs reference is alleged to have been made by Rising Eagle, but does not allege that the message was made by, at the direction of, or was in any way made by Defendants Smith and/or HAA. (ECF No. 56, Second Am. Compl. ¶¶ 112, 156).

V.     CONCLUSION

WHEREFORE Defendants MICHAEL T. SMITH, JR., and HEALTH ADVISORS OF AMERICA, INC. respectfully requests that this Court enter an Order dismissing Plaintiffs' Second Amended Complaint (ECF No. 56) pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, or in the alternative, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and for any other relief this Court deems just and appropriate.

Date: February 3, 2021                                Respectfully submitted,

/s/ Anthony G. Franqui
Anthony G. Franqui, Esq.
Admitted *Pro Hac Vice*
Florida Bar No.: 0543535
Texas Bar No.: 24107430
THE FRANQUI FIRM
1451 W. Cypress Creek Rd., Ste 300
Ft. Lauderdale, Florida 33309
Tel: 954.947.3023
Fax: 888-531-7773
TONY@THEFRANQUIFIRM.COM

*Counsel for Defendants Michael T. Smith, Jr.
and
Health Advisors of America, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2021, I electronically filed the foregoing with the Clerk of Court, using CM/ECF and in addition, that the foregoing document is being served this day on all counsel of record and all parties on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing

/s/Anthony G. Franqui
Anthony G. Franqui, Esq.
Admitted *Pro Hac Vice*
Florida Bar No.: 0543535
Texas Bar No.: 24107430
THE FRANQUI FIRM
1451 W. Cypress Creek Rd., Ste 300
Ft. Lauderdale, Florida 33309
Tel: 954.947.3023
Fax: 888-531-7773
TONY@THEFRANQUIFIRM.COM

*Counsel for Defendants Michael T. Smith, Jr. and*
*Health Advisors of America, Inc.*

## SERVICE LIST

***STATE OF TEXAS, et. al., v. RISING EAGLE CAPITAL GROUP LLC et. al.,***
***USDC SD TX Case No.: 4:20−cv−02021***

| | |
|---|---|
| Patrick Abernethy | David A.F. McCoy |
| Christopher Bradley Schuelke | Shannon Halijan |
| Assistant Attorneys General | Peggy Johnson |
| Office of the Attorney General | Assistant Attorneys General |
| 300 West 15th Street | Office of the Arkansas Attorney General |
| 9th Floor | 323 Center St., Ste. 200 |
| Austin, TX 78701 | Little Rock, AR 72201 |
| Patrick.abernethy@oag.texas.gov | David.mccoy@arkansas.gov |
| Brad.schuelke@oag.texas.gov | |

*Counsel for Plaintiff State of Texas*

Shannon.halijan@arkansas.gov
Peggy.johnson@arkansas.gov

*Counsel for Plaintiff State of Arkansas*

Douglas S. Swetnam
Joseph D. Yeoman
Deputy Attorneys General
Office of the Indiana Attorney General
302 West Washington St.
IGCS – 5th Floor Indianapolis, IN 46204
Douglas.swetnam@atg.in.gov
Joseph.yeoman@atg.in.gov

*Counsel for Plaintiff State of Indiana*

Wisam E. Naoum Assistant Attorney
General P.O. Box 30736
Lansing, MI 48909 517-335-7632
NaoumW1@michigan.gov

*Counsel for Plaintiff State of Michigan*

Michelle L. Hinkl
Assistant Attorney General Missouri
Office of Attorney General P.O. Box 861
St. Louis, MO 63188
Michelle.hinkl@ago.mo.gov

*Counsel for Plaintiff State of Missouri*

Tracy Nayer
Kristine M. Ricketts
Assistant Attorneys General
North Carolina Department of Justice
Consumer Protection Division
P.O. Box 629
Raleigh, NC 27602 tnayer@ncdoj.gov
kricketts@ncdoj.gov

*Counsel for Plaintiff State of North Carolina*

Erin B. Leahy
W. Travis Garrison
Assistant Attorneys General's Office
Consumer Protection Section
30 E. Broad St., 14th Floor
Columbus, OH 43215
Erin.leahy@ohioattorneygeneral.gov
Travis.garrison@ohioattorneygeneral.gov

*Counsel for Plaintiff State of Ohio*

Brian M. Card
Assistant Attorney General
North Dakota Attorney General's Office
Consumer Protection & Antitrust
Division 1050 E. Interstate Ave., Ste. 20
Bismark, ND 58503
bmcard@nd.gov

*Counsel for Plaintiff State of North Dakota*

Jason Wagner
WAGNER LAW, PLLC
1110 Kingwood Drive, Suite 280
Houston, Texas 77339
Phone: (713) 554-8450
Fax: (713) 554-8451
jwagner@jwagnerlaw.com

Mitchell N. Roth
Gregory M. Caffas
ROTH JACKSON
8200 Greensboro Drive, Suite 820
McLean, Virginia 22102
Phone: 703-485-3535 Fax: 703-485-3525
mroth@rothjackson.com
gcaffas@rothjackson.com

Joseph P. Bowser
ROTH JACKSON
1519 Summit Avenue, Suite 102
Richmond, Virginia 23230 Phone: 804-441-8701
Fax: 804-441-8438
jbowser@rothjackson.com

*Counsel for Defendants RISING EAGLE CAPITAL GROUP LLC, JSQUARED TELECOM LLC, JOHN C. SPILLER, II, and JAKOB A. MEARS*

14