IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **STATE OF TEXAS**, *et al.*, <br><br>　　Plaintiffs, <br><br>v. <br><br>**RISING EAGLE CAPITAL GROUP, LLC**, *et al.*, <br><br>　　Defendants. | Civil Action No. 4:20-cv-02021 |

## UNITED STATES OF AMERICA'S
## NOTICE OF INTERVENTION

Pursuant to Federal Rules of Civil Procedure 5.1(c) and 24(a)(1), and in accordance with the authorization of the Solicitor General of the United States, the United States of America hereby intervenes in this case to defend the constitutionality of the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227. On January 7, 2021, several Defendants filed a motion to dismiss the counts of the operative complaint that sought to enforce two provisions of the TCPA, arguing that it would be unlawful to apply those provisions against Defendants in light of a Supreme Court decision holding that an exception contained in one of these provisions was unconstitutional. ECF No. 80.

Federal Rule of Civil Procedure 5.1 provides for a procedure to notify the United States when a federal statute is challenged as unconstitutional. *See* Fed. R. Civ. P. 5.1(a)(1). Rule 5.1(c) allows the Attorney General to intervene

1

within 60 days of the filing of an appropriate notice or the Court's certification of the constitutional challenge, "[u]nless the Court sets a later time." No notice was filed in this case pursuant to Rule 5.1. However, after the government became aware of the constitutional questions presented in this case, the United States filed an unopposed motion to be allowed until April 5, 2021 to determine whether to intervene in this matter. ECF No. 91. The Court granted the government's motion. ECF No. 94.

The United States is entitled to intervene in this case pursuant to the Federal Rules of Civil Procedure and relevant statute. Rule 5.1(c) permits the Attorney General to intervene in an action where, as here, the constitutionality of a federal statute is challenged. *See* Fed. R. Civ. P. 5.1(c). Rule 24 further permits a non-party to intervene when the non-party "is given an unconditional right to intervene by a federal statute." Fed. R. Civ. P. 24(a)(1). The United States has an unconditional statutory right to intervene "[i]n any action . . . wherein the constitutionality of an Act of Congress affecting the public interest is drawn in question . . . ." 28 U.S.C. § 2403(a). In such an action, "the court . . . shall permit the United States to intervene . . . for argument on the question of constitutionality." *Id*. Here, Defendants have "drawn in question" the constitutionality of the TCPA, and the United States has an unconditional right to intervene to defend the statute.

For these reasons, the United States hereby provides notice of intervention in this matter for the limited purpose of defending the constitutionality of the TCPA. The United States will file its memorandum in defense of the constitutionality of the TCPA this same day.

DATED:  April 5, 2021    BRIAN M. BOYNTON
Acting Assistant Attorney General

ERIC R. WOMACK
Assistant Director, Federal Programs Branch

*/s/ Joshua C. Abbuhl*___
JOSHUA C. ABBUHL
Trial Attorney (D.C. Bar No. 1044782)
Attorney-in-Charge
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, D.C. 20005
 (202) 616-8366 (tel.)
 (202) 616-8470 (fax)
 Joshua.Abbuhl@usdoj.gov
*Counsel for the United States of America*

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2021, a copy of the foregoing document was filed electronically via the Court's ECF system, which sent notification of such filing to counsel of record.

*/s/ Joshua C. Abbuhl*_____

JOSHUA C. ABBUHL