United States District Court
Southern District of Texas
**ENTERED**
September 27, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al*, | § |
| | § |
| Plaintiffs, | § |
| VS. | § CIVIL ACTION NO. 4:20-CV-2021 |
| | § |
| RISING EAGLE CAPITAL GROUP LLC, | § |
| *et al*, | § |
| | § |
| Defendants. | § |

## ORDER

This is a case brought by several states under the Telephone Consumer Protection Act ("TCPA") and related statutes and regulations. (Dkt. 56 at pp. 1–2). Pending before the Court are two identical motions to dismiss filed by Defendants Rising Eagle Capital Group LLC; Jsquared Telecom LLC; John C. Spiller; and Jakob Mears (collectively "the Rising Eagle Defendants"). A third motion to dismiss has been filed by Defendants Michael T. Smith, Jr. ("Smith") and Health Advisors of America ("HAA") (collectively "the HAA Defendants"). The motions (Dkt. 80, Dkt. 81, and Dkt. 93) are **DENIED**.[1]

The Rising Eagle Defendants request that the Court dismiss Counts II and III of Plaintiffs' live complaint based on the Supreme Court's opinion in *Barr v. American Association of Political Consultants, Inc.*, 140 S.Ct. 2335 (2020) ("*AAPC*"). (Dkt. 80 at p. 4). The HAA Defendants join the Rising Eagle Defendants' motions and also argue for

---

[1] Counsel for the Rising Eagle Defendants has withdrawn. (Dkt. 130). Plaintiffs have filed a motion to strike the answers and motions to dismiss filed by every Rising Eagle Defendant except John C. Spiller and Jakob Mears. (Dkt. 131). The Court will grant Plaintiffs' motion to strike by separate order.

dismissal under Federal Rule of Civil Procedure 12(b)(6) on the basis that Plaintiffs have failed to satisfy the pleading standard set out in Federal Rule of Civil Procedure 8. (Dkt. 93 at pp. 4–5). The Court disagrees with Defendants' contentions.

### A. The *AAPC* opinion does not mandate dismissal of Counts II and III.

In *AAPC*, the Supreme Court invalidated, as impermissibly content-based, a 2015 amendment to the TCPA that allowed robocalls if those calls were made solely to collect debts owed to or guaranteed by the United States. *AAPC*, 140 S.Ct. at 2346–47 (plurality opinion); *id*. at 2357 (Sotomayor, J., concurring in the judgment); *id*. at 2363 (Gorsuch, J., concurring in part and dissenting in part). The Court further held that the government-debt amendment was severable from the remainder of the statute. *Id*. at 2356 (plurality opinion); *id*. at 2357 (Sotomayor, J., concurring in the judgment); *id*. at 2363 (Breyer, J., concurring in part and dissenting in part). Even though the Supreme Court held that the unconstitutional government-debt amendment was severable, Defendants argue that *AAPC*'s holdings, properly applied, mean that Plaintiffs are attempting to recover under unconstitutional statutory provisions in Counts II and III of their complaint and that the Court must therefore dismiss those counts for lack of subject matter jurisdiction. (Dkt. 80 at pp. 4–5).

The Court will not dismiss Counts II and III based on *AAPC*. Numerous courts have addressed Defendants' argument; nearly every one has rejected it, including the only circuit court that has considered it. *See Lindenbaum v. Realgy, LLC*, -- F.4th --, 2021 WL 4097320, at *2–4 (6th Cir. 2021) (reversing one of the three cases on which Defendants rely); *Dobronski v. Keroles Enterprises LLC*, No. 20-CV-12639, 2021 WL

3929575, at *5 (E.D. Mich. Sept. 2, 2021) (collecting cases); *see also Abramson v. Federal Insurance Co.*, No. 8:19-CV-2523, 2020 WL 7318953, at *2 (M.D. Fla. Dec. 11, 2020) ("[T]he vast majority of cases this Court has reviewed conclude that parties may continue to bring claims under the portions of § 227(b) unaltered by *AAPC*."). As those courts have recognized, Defendants' argument that the Supreme Court's severance of the government-debt amendment only operated prospectively appears to be greatly in tension with Supreme Court authority addressing the effect of the severance of unconstitutional amendments from otherwise constitutional statutes. *See, e.g., Eberle v. Michigan*, 232 U.S. 700, 704–05 (1914) (affirming convictions even though the operative law contained unconstitutional amendments at the time of the convictions) ("[I]n the case at bar the original local option law of 1889 had been held to be constitutional as a whole, and its validity could not be impaired by the subsequent adoption of what were in form amendments, but, in legal effect, were mere nullities."); *United States v. Jackson*, 390 U.S. 570, 572, 585–86 (1968) (reversing dismissal of an indictment even though the operative law contained an unconstitutional amendment at the time of the indictment) ("There is no reason to invalidate the law in its entirety simply because its capital punishment clause violates the Constitution.").

In the absence of Fifth Circuit or Supreme Court authority endorsing Defendants' view of *AAPC*, the Court will follow the well-reasoned precedent from the numerous courts that have rejected Defendants' argument. Defendants' motions to dismiss based on *AAPC* are denied.

**B. The allegations in Plaintiffs' live complaint satisfy Federal Rule of Civil Procedure 8.**

The HAA Defendants argue for dismissal under Federal Rule of Civil Procedure 12(b)(6) on the basis that Plaintiffs have failed to satisfy the pleading standard set out in Federal Rule of Civil Procedure 8. (Dkt. 93 at pp. 4–5). Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are granted sparingly, *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011), and the Court will deny the HAA Defendants' motion.

A complaint can be dismissed under Rule 12(b)(6) if the factual allegations it contains, taken as true, do not state a claim that is plausible on its face. *Amacker v. Renaissance Asset Mgmt., LLC*, 657 F.3d 252, 254 (5th Cir. 2011). As the Fifth Circuit has further clarified:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. This includes the basic requirement that the facts plausibly establish each required element for each legal claim. However, a complaint is insufficient if it offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action.
> *Coleman v. Sweetin*, 745 F.3d 756, 763–64 (5th Cir. 2014) (quotation marks and citations omitted).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

The HAA Defendants argue that Plaintiffs' allegations against them are insufficient because "Plaintiffs' Second Amended Complaint lumps multiple Defendants

together for various allegations, and yet never clarifies which Defendant did what and for whom when." (Dkt. 93 at p. 12). The Court disagrees. Plaintiffs' live complaint clearly alleges that HAA and its President, Smith, paid the Rising Eagle Defendants to help with a robocall campaign to sell health insurance in violation of the TCPA. (Dkt. 56 at pp. 19, 28–42). Plaintiffs did not violate the Rule 8 fair-notice pleading standard by discussing Smith and HAA collectively; "[n]othing in Rule 8 prohibits collectively referring to multiple defendants where the complaint alerts defendants that identical claims are asserted against each defendant." *Hudak v. Berkley Group, Inc.*, No. 3:13-CV-89, 2014 WL 354676, at *4 (D. Conn. Jan. 23, 2014) ("The complaint clearly alleges that the two defendants acted jointly in violation of the TCPA by causing calls to be made to plaintiff's phone."). Moreover, since "[m]any courts have held that corporate actors can be individually liable for violating the TCPA where they had direct, personal participation in or personally authorized the conduct found to have violated the statute[,]" Smith "is not another business entity" who must be distinguished from HAA in Plaintiffs' pleading. *Cunningham v. Britereal Management, Inc.*, No. 4:20-CV-144, 2020 WL 7391693, at *5–6 (E.D. Tex. Nov. 20, 2020), *adopted*, 2020 WL 7388415 (E.D. Tex. Dec. 16, 2020) (quotation marks omitted) (denying a motion to dismiss when the plaintiff had jointly sued a company and its registered agent and referred to them throughout his complaint "under the umbrella term, 'Defendants'").

Plaintiffs' complaint satisfies Rule 8. The HAA Defendants' motion under Rule 12(b)(6) is denied.

**C. Conclusion**

Defendants' motions to dismiss (Dkt. 80, Dkt. 81, and Dkt. 93) are **DENIED**.

SIGNED at Houston, Texas, this 27th day of September, 2021.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE