April 8, 2022

**VIA ECF**
The Honorable George C. Hanks, Jr.
United States Courthouse
515 Rusk Street, Room 6202
Houston, Texas 77002

**VIA EMAIL**
**(cm4147@txs.uscourts.gov)**
Gabrielle Clair
Case Manager, Judge George C. Hanks, Jr.
United States Courthouse
515 Rusk Street, Room 5300
Houston, Texas 77002

RE: **Pre-Motion Conference Letter**
*State of Texas, et al. v. Rising Eagle Capital Group LLC, et al.*
**Case No. 4:20-cv-02021**

Your Honor:

Plaintiff States of Arkansas, Indiana, Michigan, North Carolina, North Dakota, Ohio, and Texas (collectively "Plaintiff States"), in compliance with Rules 6(C)(5) and 6(E), request a conference to ask the Court expand the deadline for the discovery, currently set for April 8, 2022. In support thereof, Plaintiff States specify the following:

1. In September 2021, Plaintiff States served Defendants Shapiro and Smith with requests for production. Those requests included requests for (i) documents discussing defendants' compliance with state and federal telemarketing laws; (ii) complaints from any source related to prerecorded calls; (iii) complaints or communications from any source related to a person stating that he or she did not want to be called; and (iv) documents relating to investigatory, disciplinary, enforcement, or legal actions taken against Defendants related to state and federal telemarketing laws. The Plaintiff States also served Defendants with interrogatories that asked Defendants to identify all lawsuits brought against Defendants arising out of telemarketing activities.

2. Defendants responded to Plaintiffs' document requests and either stated that no documents exist or that all documents would be produced. Defendant Shapiro responded to Plaintiffs' interrogatories by identifying two matters, *Moore v. Duffie* and a demand letter from Robert Doane, while Defendant Smith identified just one lawsuit filed by eHealth.

3. On March 14, 2022, Plaintiffs learned that Defendants were involved in a lawsuit, *Mary Bilek v. National Congress of Employers, Inc. et al.*[1] Plaintiffs immediately began pulling and reviewing publicly available documents.

---

[1] Case No. 1:18-cv-03083, Northern District of Illinois (04/30/18).

–1–

4. On March 16, 2022, Defendant Smith sat for Plaintiffs' deposition, most of which consisted of Defendant Smith denying that he remembered anything about the events, people, or circumstances at issue in this matter. Defendant Smith denied ever having his deposition taken before and denied providing any testimony in the lawsuit of *Mary Bilek v. National Congress of Employers, Inc. et al.*

5. On the evening of March 16, 2022, Plaintiffs contacted the plaintiffs' attorney in *Mary Bilek v. National Congress of Employers, Inc. et al.* to request additional documents. Plaintiffs learned that Defendant Smith had been deposed in that matter just six months prior. Plaintiffs were able to obtain some documents from plaintiffs' counsel in the *Bilek* matter – including a transcript of the deposition of Defendant Smith[2] – but most of the relevant documents had been marked confidential and could not be shared.

6. On March 17, 2022, Plaintiffs continued to review documents from the *Bilek* matter and learned that Defendants Shapiro and Health Advisors of America had been regularly forwarded telemarketing complaints by their client Health Insurance Innovations, resulting from calls placed by Defendants Spiller and Mears. These complaints are unquestionably responsive to Plaintiffs' requests for production, though they were not produced.

7. On March 18, 2022, Defendant Shapiro sat for Plaintiffs' deposition and denied that he received copies of complaints from Health Insurance Innovations.

8. Shortly after the depositions of Defendants Smith and Shapiro, Plaintiffs issued several third-party subpoenas seeking the evidence that Defendants should have produced. However, Plaintiffs need more time to obtain the highly relevant documents and to conduct depositions of the third parties to authenticate the documents and obtain other relevant information. Plaintiffs are hopeful that the additional discovery can be conducted in thirty days, and therefore requests that the discovery deadline be extended 30 days, which would also require slight adjustments to other dates in the Docket Control Order. A proposed DCO with adjusted dates accompanies this letter.

9. Plaintiffs have conferred with Defendants Spiller and Mears who agree to the States' requested extension.

10. On April 6th, Plaintiffs emailed Defendant Shapiro's counsel informing him that we intended to seek an extension of the discovery deadline due to Defendants' failure to produce relevant materials. Plaintiffs conducted a meet and confer with Mr. Davidson on April 7th, after which Plaintiffs provided him with the above referenced evidence that Defendants failed to produce relevant discovery. The State of Texas briefly conferred with

---

[2] Defendant Smith was deposed in the *Bilek* matter, three days before Plaintiffs issued his interrogatories.

Mr. Davidson on April 8th, during which conference he indicated that he had reviewed the materials provided but that he did not agree to the extension of the discovery deadline.

11. On April 6th, Plaintiffs emailed Defendant Smith informing him that we intended to seek an extension of the discovery deadline due to Defendants' failure to produce relevant materials. Defendant Smith did not respond to Plaintiffs' email. Plaintiffs again tried to call Defendant Smith on April 8th, but as of the time of filing this letter, Defendant Smith has not returned Plaintiffs' call.

12. Accordingly, Plaintiff States respectfully request that the Court extend the deadline for the completion of discovery for thirty days, to May 8, 2022, and slightly adjusting other deadlines in the Docket Control Order in accordance with the accompanying proposed modified DCO.

Respectfully,

| **FOR THE STATE OF TEXAS:** | **FOR THE STATE OF ARKANSAS:** |
|---|---|
| KEN PAXTON<br>Attorney General for the State of Texas | LESLIE RUTLEDGE<br>Attorney General for the State of Arkansas |
| /s/ Patrick Abernethy<br>PATRICK ABERNETHY<br>Texas Bar No. 24109556<br>Patrick.abernethy@oag.texas.gov<br>C. BRAD SCHUELKE<br>Texas Bar No. 24008000<br>Brad.schuelke@oag.texas.gov<br>Assistant Attorneys General<br>Office of the Attorney General<br>P.O. Box 12548 (MC-010)<br>Austin, Texas 78711<br>Telephone: (512) 463-2100<br>Facsimile: (512) 473-8301<br><br>*Counsel for the Plaintiff State of Texas* | /s/ David McCoy<br>David McCoy<br>Ark. Bar No. 2006100<br>David.McCoy@ArkansasAG.gov<br>Shannon Halijan<br>Ark. Bar No. 2005136<br>Shannon.Halijan@ArkansasAG.gov<br>Peggy Johnson<br>Ark. Bar No. 92-223<br>Peggy.Johnson@ArkansasAG.gov<br>Assistant Attorneys General<br>Office of the Arkansas Attorney General<br>323 Center Street, Suite 200<br>Little Rock, AR 72201<br>Telephone: (501) 682-7506 (McCoy)<br>Telephone: (501) 683-1509 (Halijan)<br>Telephone: (501) 682-8062 (Johnson)<br><br>*Counsel for the Plaintiff State of Arkansas* |

**FOR THE STATE OF INDIANA:**

TODD ROKITA
Attorney General for the State of Indiana


/s/ Douglas S. Swetnam
Douglas S. Swetnam
Indiana Bar No. 15860-49
douglas.swetnam@atg.in.gov
JOSEPH D. YEOMAN
Indiana Bar No. 35668-29
Joseph.Yeoman@atg.in.gov
Deputy Attorneys General
302 West Washington Street
IGCS – 5th Floor
Indianapolis, IN 46204
Telephone: (317) 232-6294 (Swetnam)
Telephone: (317) 234-1912 (Yeoman)
Facsimile: (317) 232-7979

*Counsel for the Plaintiff State of Indiana*

**FOR THE STATE OF MICHIGAN:**

DANA NESSEL
Attorney General for the State of Michigan


/s/ Kathy P. Fitzgerald
KATHY P. FITZGERALD
Michigan Bar No. P31454
fitzgeraldk@michigan.gov
SCOTT MERTENS
Michigan Bar No. 60069
mertenss@michigan.gov
Assistant Attorneys General
Corporate Oversight Division
Michigan Department of Attorney General
P.O. Box 30736
Lansing, MI 48909
Telephone: (517) 335-7632
Facsimile: (517) 335-6755

*Counsel for the Plaintiff State of Michigan*

| FOR THE STATE OF MISSOURI: | FOR THE STATE OF NORTH CAROLINA: |
|---|---|
| ERIC SCHMITT<br>Attorney General for the State of Missouri | JOSHUA H. STEIN<br>Attorney General for the State of North Carolina |
| /s/ Michelle L. Hinkl<br>Michelle L. Hinkl<br>Missouri State Bar No. 64494<br>Michelle.Hinkl@ago.mo.gov<br>Assistant Attorney General<br>P.O. Box 861<br>St. Louis, MO 63188<br>Telephone: (314) 340-7961<br>Facsimile: (314) 340-7981<br><br>*Counsel for the Plaintiff State of Missouri* | /s/ Tracy Nayer<br>TRACY NAYER<br>North Carolina State Bar No. 36964<br>tnayer@ncdoj.gov<br>Special Deputy Attorney General<br>North Carolina Department of Justice<br>Consumer Protection Division<br>P.O. Box 629<br>Raleigh, North Carolina 27602<br>Telephone: (919) 716-6400<br>Facsimile: (919) 716-6050<br><br>*Counsel for the Plaintiff State of North Carolina* |

| **FOR THE STATE OF NORTH DAKOTA:** | **FOR THE STATE OF OHIO:** |
|---|---|
| DREW H. WRIGLEY<br>Attorney General for the State of North Dakota | DAVE YOST<br>Attorney General for the State of Ohio |
| /s/ Parrell D. Grossman<br>PARRELL D. GROSSMAN<br>North Dakota State Bar No. 04684<br>pgrossman@nd.gov<br>BRIAN M. CARD<br>North Dakota State Bar No. 07917<br>bmcard@nd.gov<br>Office of Attorney General of North Dakota<br>Consumer Protection & Antitrust Division<br>1720 Burlington Drive, Ste. C<br>Bismarck, ND 58504<br>Telephone: (701) 328-5570 | /s/ Erin B. Leahy<br>Erin B. Leahy<br>Ohio Bar No. 69509<br>Erin.Leahy@OhioAGO.gov<br>W. Travis Garrison<br>Ohio Bar No. 76757<br>Travis.Garrison@OhioAGO.gov<br>Assistant Attorneys General<br>Ohio Attorney General's Office<br>Consumer Protection Section<br>30 E. Broad Street, 14th Floor<br>Columbus, Ohio 43215<br>(614) 752-4730 (Leahy)<br>(614) 728-1172 (Garrison) |
| *Counsel for the Plaintiff State of North Dakota* | *Counsel for the Plaintiff State of Ohio* |