

Shepard Davidson
Partner
sdavidson@burnslev.com
617.345.3336

April 11, 2022

**VIA ECF**
The Honorable George C. Hanks, Jr.
United States Courthouse
515 Rusk Street, Room 6202
Houston, Texas 77002

**VIA EMAIL**
**(cm4147@txs.uscourts.gov)**
Gabrielle Clair
Case Manager, Judge George C. Hanks, Jr.
United States Courthouse
515 Rusk Street, Room 5300
Houston, Texas 77002

>   Re:   Response to Pre-Motion Conference Letter
>         *State of Texas, et al. v. Rising Eagle Capital Group LLC, et al.* Case No.
>         4:20-cv-02021

Your Honor:

    I am writing on behalf of defendant Scott Shapiro ("Mr. Shapiro") to urge you to deny Plaintiffs' *fourth* request to extend the discovery in this case because: (i) Plaintiffs have not timely fulfilled their obligations to provide discovery to Mr. Shapiro; (ii) Mr. Shapiro would be unfairly prejudiced if the discovery deadline were extended yet again; (iii) Plaintiffs' supposed need to take additional discovery is the product of their own conduct; and (iv) Plaintiffs have not limited or clearly set forth the parameters of additional discovery they wish to take. In further support of hereof, Mr. Shapiro states the following:

    1.    This action was filed on June 9, 2020 against defendants Rising Eagle Capital Group LLC, JSquared Telecom LLC, John C. Spiller and Jakob Mears (the "Rising Eagle Defendants"). It was not until October 30, 2020, when Plaintiffs filed their Second Amended Complaint, that Mr. Shapiro, along with Michael Smith ("Mr. Smith") and Health Advisor of America, Inc. ("HAA"), was made a defendant in this action. While Plaintiffs tendered Initial Disclosures pursuant to Rule 26(a)(1) regarding their claims against the Rising Eagle Defendants, they refused to supplement these disclosures with information supporting the

April 11, 20222
Page 2

claims against Mr. Shapiro despite his specific demand that they do so. For this reason, alone, Mr. Shapiro respectfully suggests Plaintiffs should not be granted an extension of time to take additional discovery. *Compare, Larach v. Standard Chartered Bank Int'l (Americas) Ltd.*, No. 09-21178-CIV, 2011 WL 13173550, at *2 (S.D. Fla. May 25, 2011) (failing to fulfill discovery obligations justified denial of a party's *de facto* ability to take discovery after deadline).

2. On September 7, 2021, each of the Plaintiffs provided written responses to Mr. Shapiro's Requests for the Production of Documents, and each of those responses expressly stated that documents would be produced electronically and on a rolling basis or at a mutually convenient location. After months passed without a single document being produced, Mr. Shapiro's counsel emailed Plaintiffs' counsel, asking for an explanation. When two more weeks went by without any documents being produced or any explanation being given (although Plaintiffs did issue notices of deposition), Mr. Shapiro's counsel renewed his request for an explanation. It only was then that Plaintiffs implied that **their failure to produce documents was Mr. Shapiro's fault** – notwithstanding the representations in all eight Document Responses that Plaintiffs would produce documents electronically. More specifically, Plaintiffs claimed that because some of the cover letters served with those Document Responses suggested that the parties should "discuss document production," Plaintiffs did not have to make a document production until Mr. Shapiro followed up to have such a discussion. Mr. Shapiro's counsel quickly responded that electronic production was fine. Nevertheless, Plaintiffs did not produce any responsive documents to Mr. Shapiro until April 8, 2022 – the day discovery expired and literally one minute before Mr. Shapiro was notified that Plaintiffs had filed their letter seeking an extension of that deadline ("Plaintiffs' Letter"). Mr. Shapiro contends that such tactics also justify denying Plaintiffs' request to extend discovery.

3. It appears from Plaintiffs' Letter that the basis for seeking an extension of discovery ultimately emanates from Plaintiffs' late discovery of another lawsuit, *Mary Bilek v. National Congress of Employers, Inc. et al.*, in which Mr. Smith and HAA, but not Mr. Shapiro, were defendants. Significantly, however, Plaintiffs never say how it was that they learned about that lawsuit and/or what conduct by the defendants, if any, allegedly delayed the same. To the contrary, Plaintiffs should show some diligence to warrant an extension, as searching the public records should have revealed *Bilek* and any other such case.[1] The root cause of Plaintiffs' failure to complete discovery in a timely manner is not any improper conduct by Mr. Shapiro or any other defendant. Even if the Plaintiffs could connect their belated discovery of *Bilek* to some improper conduct by a defendant – which they have not done – the most Plaintiffs should be entitled to do is to take additional discovery that they

---

[1] Plaintiffs' Letter also states that Mr. Smith "denied providing any testimony in the [*Bilek*] lawsuit." Nevertheless, Mr. Smith – who was not represented by counsel at his deposition in this action – later testified that he remembered "talking to an attorney" in that action and that such attorney "might have been" plaintiff's counsel. In any event, Mr. Smith's testimony was of no moment, as Plaintiffs' counsel already knew about *Bilek*.

4865-4769-1291.1

April 11, 20222
Page 3

can show emanates from that matter. Plaintiffs have not made any showing that discovery should *generally* be extended for any period of time, which is what they ask this Court to do.

      4.     Finally, allowing Plaintiffs' open-ended request to seek additional discovery for 30 days without any limitation would unfairly prejudice Mr. Shapiro, as he and his counsel worked very hard to complete discovery within the deadline set by this Court and made strategic decision related to depositions taken in March in light of that deadline. Further, Mr. Shapiro plans to file for summary judgment on all claims against him this week.

      For all of these reasons, Mr. Shapiro respectfully requests that the Court deny Plaintiffs' request to extend discovery.

                              Sincerely,

                              *Shepard Davidson*

                              Shepard Davidson

cc:     Plaintiffs' Counsel

4865-4769-1291.1