**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

STATE OF TEXAS et al.,

      Plaintiffs,

      v.

RISING EAGLE CAPITAL GROUP LLC et al.,

      Defendants.

CASE NO. 4:20-cv-02021

**PLAINTIFF STATES' REPLY TO DEFENDANTS HEALTH ADVISORS OF AMERICA AND MICHAEL THERON SMITH'S RESPONSE TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

## TABLE OF CONTENTS

**Page No.**

I.   STATEMENT OF THE ISSUES ........................................................... 1

II.   INTRODUCTION ............................................................................... 1

III.   STANDARD OF REVIEW ................................................................. 2

IV.   ARGUMENT ...................................................................................... 2

     A.    Smith and Health Advisors' motion(s) to strike should be denied.. ........... 2

          1.  Defendants neither specified the evidence that should be stricken nor the ground(s) upon which such evidence should be stricken. .................... 3

          2.  Plaintiffs' evidence is admissible evidence. ......................................... 4

          3.  The evidence proffered was responsive to Plaintiffs' Request for Production, which Defendants failed to provide. ............................... 14

     B.    Plaintiffs Incorporate Arguments Made in Their Motion for Summary Judgment and Response to Defendants' Motion for Summary Judgment. ............................................................... 17

     C.    Defendants Bare Assertion Requesting Attorneys' Fees Is Inappropriate.24

VI.   CONCLUSION ................................................................................. 24

Plaintiffs, the States[1] of Arkansas, Indiana, Michigan, North Carolina, North Dakota, Ohio, and Texas ("Plaintiffs" or "the States") respectfully submit this Reply to Defendants Health Advisors of America, Inc. and Michael Theron Smith Jr.'s Response to Plaintiffs' Motion for Summary Judgment.

## I.   STATEMENT OF THE ISSUES

1. Whether the Court should deny the unsupported and unspecified requests to strike Plaintiffs' evidence asserted by Defendants Michael Theron Smith, Jr. ("Smith") and Health Advisors of America, Inc. ("Health Advisors") in the Response to Plaintiffs' Motion for Summary Judgment.

2. Whether the Court should grant summary judgment in favor of the States' claims against Smith and Health Advisors—incorporated by reference from Plaintiffs' Motion for Summary Judgment and Response in Opposition to Defendants Smith and Health Advisors' Motion for Summary Judgment—based on the argument that the States have sufficient evidence of Health Advisors and Smith's violations of the TCPA, 47 U.S.C. § 227, its related rules, 47 C.F.R. § 64.1200, and various state telemarketing laws.

3. Whether the Court should deny Defendants' bare and passing assertion for attorneys' fees.

## II.   INTRODUCTION

On September 9, 2022, Plaintiffs filed a Motion for Summary Judgment against Defendants Smith and Health Advisors. ECF No. 180.

---

[1] On February 8, 2019, Plaintiff State of Missouri filed an action against Defendants Health Advisors and Smith. The matter was resolved by a consent judgment. Plaintiff State of Missouri, therefore, is not seeking any relief from Defendants Health Advisors and Smith.

On September 12, 2022, Defendants Smith and Health Advisors filed a Motion for Summary Judgment. ECF No. 182.

On September 22, 2022, Plaintiffs filed a Response in Opposition to Defendants Smith and Health Advisors' Motion for Summary Judgment.  ECF No. 184.

On September 26, 2022, Defendants Smith and Health Advisors filed their Response to Plaintiffs' Motion for Summary Judgment. ECF No. 185.

## III.    STANDARD OF REVIEW

The standard for summary judgment is well established: Summary judgment under Federal Rule of Civil Procedure 56(c) "is appropriate when, viewing the evidence in the light most favorable to the nonmovant," the court "determines that 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Johnson v. JPMorgan Chase*, No. CV H-14-1706, 2015 WL 7301082, at *1 (S.D. Tex. Nov. 18, 2015) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A dispute of material fact is 'genuine' if the evidence would allow a reasonable jury to find in favor of the nonmovant." *Id.*

## IV.    ARGUMENT

### A.    Smith and Health Advisors' motion(s) to strike should be denied.

Under Rule 56(c)(2), a "party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). The Committee Notes indicate that if a party objects pursuant to Rule 56(c)(2), the proponent of the evidence must then show that it is either

admissible or "explain the admissible form that is anticipated." *Id.*, Comm. Notes on Rules---2010 Amend.

The Court should deny Defendants' Motion to Strike for three reasons: (1) Defendants neither specified the evidence that should be stricken nor the ground(s) upon which such evidence should be stricken; (2) Plaintiffs' evidence is admissible evidence; and (3) the evidence proffered in support of Plaintiffs' Motion for Summary Judgment was produced in response to Plaintiffs' Requests for Production by other defendants which requests were also made of Defendants Smith and Health Advisors.

*1. Defendants neither specified the evidence that should be stricken nor the ground(s) upon which such evidence should be stricken.*

"Federal Rule of Evidence 103(a)(1) requires an objecting party to make specific objections detailing the specific evidence the party wishes to have stricken and stating the specific grounds upon which each piece of evidence should be stricken." *Wimberley v. Beast Energy Servs., Inc.*, No. 3:19-CV-00096, 2022 WL 658717, at *4 (S.D. Tex. Mar. 4, 2022), *report and recommendation adopted*, No. 3:19-CV-0096, 2022 WL 836427 (S.D. Tex. Mar. 21, 2022) (citing Fed. R. Evid. 103(a)(1)). All motions must "state with particularity the grounds for seeking the order." Fed. R. Civ. P. 7(b)(1)(B). "Objections lacking specificity do not satisfy the requirements of Rule 103." *Wimberley v. Beast Energy Servs., Inc.*, No. 3:19-CV-00096, 2022 WL 658717, at *4 (S.D. Tex. Mar. 4, 2022), *report and recommendation adopted*, No. 3:19-CV-0096, 2022 WL 836427 (S.D. Tex. Mar. 21, 2022) (citing *United States v. Polasek*, 162 F.3d 878, 883 (5th Cir. 1998)).

In *Beast Energy*, the Court held that a "generalized objection to statements that are not based on the declarants' personal knowledge does not meet [the] standard" required by Rule 103(a)(1). *Id.*

In their Opposition, Defendants Smith and Health Advisors move to strike every text message and every email based on a generalized objection to Sgt. Contreras's and Counsel Abernethy's declarations. ECF No. 185 at 2-3. The text messages and emails proffered by the States were produced by Defendants John Spiller ("Spiller") and Jakob Mears ("Mears") who provided cell phones and emails in response to Plaintiffs' Requests for Production.[2] Plaintiffs provided Sgt. Contreras's and Counsel Abernethy's declarations to establish chain of custody for the evidence when it was proffered to the Court. On personal knowledge, each declarant set forth how the text messages and emails were received by the States to support Plaintiffs' Motion for Summary Judgment.

The Court should deny Defendants' Motion to Strike because the Defendants fail to specifically identify what evidence should be stricken and on what ground. *See Wimberley*, 2022 WL 658717, at *4.

*2. Plaintiffs' evidence is admissible evidence.*

On a motion for summary judgment, "the admissibility of evidence ... is subject to the usual rules relating to form and admissibility of evidence." *Munoz v. Int'l Alliance of Theatrical Stage Emps. & Moving Picture Mach. Operators of U.S. & Can.*, 563 F.2d 205, 213 (5th Cir. 1977). "The hearsay rules as prescribed by Federal Rules of Evidence 801

---

[2] Plaintiffs' Requests for Production served on Defendants Mears and Spiller are substantially similar to Exhibit # 1. Further, none of the Defendants moved to quash the Requests.

and 802 apply with equal force in the summary judgment context." *Felix v. Novelis Corp.*, No. 4:19-CV-4346, 2021 WL 2418006, at *1 (S.D. Tex. June 14, 2021) (citing *Warfield v. Byron*, 436 F.3d 551, 559 (5th Cir. 2006)).

Defendants object to Plaintiffs' use of text messages and emails contending that they lack proper foundation. The exhibits objected to on this basis include:

- Ex. 2: Declaration of Sgt. Contreras

- Ex. 8: Declaration of Joseph Yeoman

- Ex. 17: Declaration of Victoria Hardcastle

- Ex. 18: Declaration of Michael Shores

- Ex. 20: Declaration of John Isaacs

- Ex. 21: Arkansas Secretary of State filing

*See* ECF No. 185 at 3.

However, Defendants do not ask the Court to strike Exhibits 4, 7, 10, 11, and 12, which are the actual text messages and emails. Further, Defendants do not specifically ask the Court to strike Counsel Abernethy's declaration.

Under Rule 56, Plaintiffs must show that the evidence is admissible or "explain the admissible form that is anticipated." Fed. R. Civ. P. 56, Comm. Notes on Rules---2010 Amend.

As an initial matter, the text messages and emails proffered by the States are not hearsay. Federal Rule of Evidence 801 states:

> 2) **An Opposing Party's Statement.** The statement is offered against an opposing party and:

(A) was made by the party in an individual or representative capacity;

(B) is one the party manifested that it adopted or believed to be true;

(C) was made by a person whom the party authorized to make a statement on the subject;

(D) was made by the party's agent or employee on a matter within the scope of that relationship and while it existed; or

(E) was made by the party's coconspirator during and in furtherance of the conspiracy.

The statement must be considered but does not by itself establish the declarant's authority under (C); the existence or scope of the relationship under (D); or the existence of the conspiracy or participation in it under (E).

Fed. R. Evid. 801(d)(2).

The text messages proffered by the States were exchanges between Defendants Smith and Spiller, Defendants Smith and Mears, Defendants Scott Shapiro ("Shapiro") and Spiller, and Defendants Shapiro and Mears.

The text messages sent by Smith are the statements of an opposing party. As detailed in Plaintiffs' Motion for Summary Judgment, Defendants Shapiro, Spiller, and Mears were agents of Smith and Health Advisors. *See* ECF No. 180 at 2-9. Their messages, therefore, were statements made as Defendants' agents and were within the scope of that relationship. Fed. R. Evid. 801(d)(2)(D). Further, the text messages were exchanged at the time the agency relationship existed. *Id.*

Even if the Court determines the other Defendants' text messages are not statements of a party opponent, the Court should determine that these text messages were records kept

in the normal course of business. Fed. R. Evid. 803(6). Defendants regularly communicated with each other via text message, and since texts are automatically recorded, they were kept in the regular practice of that activity. *Id.*

Below is an example of text messages exchanged between Defendants Smith and Spiller. ECF No. 181, Ex. 4 at SPILLER_CELL_01418.



2018-02-22 17:23:30 -0600

Only sales

2018-02-22 17:25:11 -0600

Smith Michael
+1 (954) 347-7383

3761 calls 9 sales

2018-02-22 17:30:04 -0600

Device owner

Sales are what I care about.  I know how many actual calls got through from press one and I will hit that hard only tomorrow and onward. No more flooding your center with bullshit calls. Only press 1s.

2018-02-22 17:30:29 -0600

Smith Michael
+1 (954) 347-7383

Ok

2018-02-22 17:30:32 -0600

Device owner

$1500/9 = $166.66 CPA

2018-02-23 09:26:16 -0600

Smith Michael
+1 (954) 347-7383

Let's come up with another word other then press 1 lol. That makes me nervous ◆◆◆◆

2018-02-23 09:53:31 -0600

Device owner

Ok. Im working on getting things rolling now. In 7mins with 5 campaigns instead of 2

2018-02-23 10:28:20 -0600

Smith Michael
+1 (954) 347-7383

Ok cool

2018-02-23 10:57:17 -0600

Device owner

Ok so just interested clients no fillers. I'm starting up now. 5 campaigns at once.

2018-02-23 13:13:54 -0600

Smith Michael
+1 (954) 347-7383

Calls are coming in slow

2018-02-23 13:15:51 -0600

Device owner

We're running on 300 dials per min for 3 campaigns I'm turning on the 2 other campaigns. Max speed.

Like the example above, every text is either a party-opponent statement or a record kept in the normal course of business. The text messages sent by Smith identify his phone number on the texts he sent to Spiller. Further, as described in Plaintiffs' Motion for Summary Judgment, Defendant Smith testified about his cell phone number (which matches the phone number on the text messages proffered by the States), that Smith had it for over ten years, and that Smith used it for business. ECF No. 181, Ex 1 at 12:2-15. Smith also confirmed that he exchanged text messages with Spiller and Mears. *Id.* at 125:3-13; 129:19-24. In one text message, he said to Spiller: "Let's come up with another word other then press 1 lol. That makes me nervous." *Id*.

In another set of text messages to Spiller:



2018-03-26 09:16:08 -0500

Device owner
Sales?

2018-03-26 09:24:51 -0500

Smith Michael
+1 (954) 347-7383

371 calls no sales, but those ppl still on the phone

2018-03-26 09:26:20 -0500

Device owner
Well then they should have a sale

2018-03-26 09:26:50 -0500

I slowed it down

2018-03-26 09:41:15 -0500

Smith Michael
+1 (954) 347-7383

Just emailed you the 1 million. Btw when can we start selling the data?

2018-03-26 09:44:14 -0500

Also we have 27 agents waiting for calls

2018-03-26 10:10:49 -0500

I have a lot of ppl on hold

2018-03-26 10:31:53 -0500

A lot of ppl on hold

2018-03-26 10:47:37 -0500

714 calls 2 sales

2018-03-26 10:47:45 -0500

You need to change your data

2018-03-26 11:56:39 -0500

Device owner
Data changed and ramping up

2018-03-26 11:57:40 -0500

Smith Michael
+1 (954) 347-7383

It's lunch right now

2018-03-26 11:58:23 -0500

Device owner
Turning off now.

2018-03-26 11:59:42 -0500

You have a few people on though?

Texas v. Rising Eagle Capital Grp.,
No. 4:20-cv-02021 (S.D. Tex. 2020)

SPILLER_CELL_012481

10

ECF No. 181, Ex. 4 at SPILLER_CELL_012481. Again, here, all of Defendant Smith's texts are party opponent statements, including "Just emailed you the 1 million. Btw when can we start selling the data?" *Id.*

Likewise, the emails proffered by the States are not hearsay because they are statements of a party opponent. Defendant Shapiro was an agent who was authorized to email Defendants Spiller and Mears. ECF No. 180 at 2. Thus, the emails are statements made by a party's agent within the scope of the relationship. Fed. R. Evid. 801(d)(2)(D).

Defendant Shapiro testified about his cell phone number (which matched the phone number on the text messages proffered by Plaintiffs) and that he used it for business.  ECF No. 181, Ex. 3 at 21:6-21:17. Shapiro also used the email address Shapscott@hotmail.com for business purposes. *Id.* at 20:20-21:5.

Defendant Mears provided his phone in response to Plaintiffs' Request for Production. Defendant Spiller provided his phone in response to Plaintiffs' Request for Production. Defendant Mears provided the emails in response to Plaintiffs' Request for Production. These texts and emails were produced by the States to Defendants Smith and Health Advisors.

At trial, Plaintiffs will establish the foundation of these text messages and emails through testimony from Spiller and Mears. Plaintiffs may also use the testimony of Sgt. Contreras to establish a chain of custody for Defendants' cell phones, if necessary.

"At the summary judgment stage, evidence need not be authenticated or otherwise presented in an admissible form." *Maurer v. Indep. Town*, 870 F.3d 380, 384 (5th Cir. 2017) (citations omitted). "This flexibility allows the court to consider the evidence that

11

would likely be admitted at trial—as summary judgment is trying to determine if the evidence admitted at trial would allow a jury to find in favor of the nonmovant—without imposing on parties the time and expense it takes to authenticate everything in the record." *Id.*

Taking the remaining exhibits in turn:

**Exhibit 8.** In support of the Vicidial documents proffered by the States, Counsel Yeoman submitted a declaration attesting to their authenticity. ECF No. 181, Ex. 8 to Br. Plaintiffs may obtain an affidavit to authenticate the Vicidial records before trial or call a Vicidial representative at trial.

Further, the recordings proffered by the States and authenticated by Exhibit 8 are recordings Health Advisors made in its normal course of business. Fed. R. Evid. 803(6). Defendants provided no specific grounds on which to strike Counsel Yeoman's declaration other than the fact that he is an attorney, but such grounds lack merit. E.g., *United States v. Letscher*, 83 F. Supp. 2d 367, 381 (S.D.N.Y. 1999).

Likewise, Defendants provide no specific grounds on which to strike Counsel Abernethy's declaration other than the fact that he is an attorney. Defendants' objection to Counsel Abernethy's declaration has no more merit than does their objection to Counsel Yeoman's declaration. *Id.*

Further, an important piece of this case is knowledge. The audio recordings proffered in the Yeoman declaration include consumer complaints. ECF No. 181, Ex. 8. These complaints would be submitted at trial, not for the truth of the statement, but to show that Smith and Health Advisors were on notice of their telemarketing practices. *United*

*States v. Chavis*, 772 F.2d 100, 105 (5th Cir. 1985) (holding that consumer complaints were admissible because "the complaint was not admitted to prove the truth of the matter asserted in it, but rather as proof of notice" that the company had notice of consumer complaints).

**Exhibit 17**. Defendants provide no specific ground for their objection to Victoria Hardcastle's declaration. Ms. Hardcastle is an investigator for the Office of the Indiana Attorney General, she is not an attorney, and she is available to testify at trial.

**Exhibit 18**. Defendants provide no specific ground for their objection to Michael Shores' declaration. Michael Shores is Plaintiffs' expert witness, and he will be available to testify at trial.

**Exhibit 20**. Defendants provide no specific ground for their objection to John Isaacs' declaration. John Isaacs is an investigator for the Office of the Ohio Attorney General, and he is available to testify at trial.

**Exhibit 21**. Defendants provide no specific ground for their objection to the Arkansas Secretary of State filing proffered by Plaintiffs. Exhibit 21 is a public record that the States can present at trial.

Because Defendants fail to state a specific objection to any of the States' evidence submitted in support of Plaintiffs' Motion, Defendants' argument that such evidence should be stricken lacks merit.

Additionally, Defendants' argument that Plaintiffs cannot use Sgt. Contreras's declaration lacks merit. Plaintiffs have not yet been required to proffer a final witness list,

and, when the times comes, Sgt. Contreras will be on it. Further, Sgt. Contreras will be available to testify at trial.

*3. The evidence proffered was responsive to Plaintiffs' Request for Production, which Defendants failed to provide.*

On September 23, 2021, Plaintiffs served Defendants' Smith and Health Advisors Requests for Production. Attached as Exhibits 1, 2. Plaintiffs were unsuccessful[3] in obtaining these communications from Defendants Smith and Health Advisors despite their general responsiveness to other requests from Plaintiffs. Plaintiffs were, however, successful in obtaining those same records from Defendants Spiller and Mears.

Among other items, Plaintiffs specifically requested:

44. All Documents and/or communications Relating to any of Your and/or Health Advisors Defendants' policies, practices, or procedures adopted to avoid calling Persons who have registered their phone numbers on the national DNC registry or an individual state's DNC list.

Ex. 1 at 18.

The text message chain between Smith and Mears, provided below, would have been responsive to Plaintiffs' Requests:

---

[3] On February 2, 2022, Plaintiffs emailed Defendants' previous counsel a list of each Request for Production, including communications, to which Plaintiffs had not—and still have not—received responsive documents. On February 9, 2022, Plaintiffs emailed Defendants' previous counsel for the second time, once again requesting Defendants' communications. On March 24, 2022, Plaintiffs emailed Defendant Smith, after his previous counsel withdrew from the case, and indicated responsive documents—including "communications between you and the other co-defendants, including Scott Shapiro," including "emails, texts, Skype chats, etc."—still had not been received. On May 23, 2022, Plaintiffs emailed Defendants' current counsel regarding responsive documents that have not yet been produced by Defendants.



2019-03-22 13:44:14 -0500

**M** 23 deals btw

2019-03-22 13:44:40 -0500

Device owner

Thanks can you send 9100 please before cut off time

2019-03-22 13:46:40 -0500

Michael-scott Office
+1 (954) 347-7383

**M** I'll do it now

2019-03-22 13:47:12 -0500

Device owner

Thank you Mike. Also how is the new house coming along. I heard it's bigger than Scotts

2019-03-22 13:56:08 -0500

Michael-scott Office
+1 (954) 347-7383

Lmfao

2019-03-22 13:56:15 -0500

It's going good

2019-03-22 15:42:06 -0500

**M** 614-531-1022 pls block this faggot

2019-03-22 15:44:45 -0500

Device owner

Yes sir

2019-03-22 15:45:04 -0500

Michael-scott Office
+1 (954) 347-7383

**M** Can't you scrub ppl from the national dnc

2019-03-22 15:45:28 -0500

Device owner

I think we have to register a business to get access to that list

2019-03-22 15:45:40 -0500

Device owner

Like through them and say what we do and everythig

2019-03-22 16:21:24 -0500

Michael-scott Office
+1 (954) 347-7383

We're getting hit with lawsuits left and right

2019-03-22 16:21:37 -0500

**M** We have to find a way to not call these fucks

Texas v. Rising Eagle Capital Grp.,
No. 4:20-cv-02021 (S.D. Tex. 2020)

MEARS_CELL_000835



2019-03-22 16:25:58 -0500

Device owner
Oh damg

2019-03-22 16:26:03 -0500

Like how many

2019-03-22 16:26:17 -0500

Michael-scott Office
+1 (954) 347-7383
4

2019-03-22 16:26:24 -0500

Device owner
Starting from when

2019-03-22 16:26:31 -0500

Just today??

2019-03-22 16:26:38 -0500

Michael-scott Office
+1 (954) 347-7383
Have to look

A couple months ago

2019-03-22 16:26:43 -0500

2019-03-22 16:27:03 -0500

Device owner
We're any called today?

2019-03-22 16:27:13 -0500

Michael-scott Office
+1 (954) 347-7383
No

2019-03-22 16:27:23 -0500

Device owner

2019-03-22 16:28:26 -0500

Michael-scott Office
+1 (954) 347-7383
The # I gave you to cut off is going to be a problem

2019-03-22 16:28:32 -0500

He's on the DNC

2019-03-22 16:36:40 -0500

Device owner
I can see what we can do

Texas v. Rising Eagle Capital Grp.,
No. 4:20-cv-02021 (S.D. Tex. 2020)

MEARS_CELL_000836

16

ECF No. 181, Ex. 10 at MEARS_CELL_000835-836.

These are communications specifically discussing DNC complaints and (a lack of) DNC policies.

Despite Plaintiffs' attempts, Defendants never provided responsive documents that included communications. Now Defendants attempt to benefit from their own intransigence by asking the Court to strike communications that show their culpability in their robocalling operation. In other words, Defendants have withheld responsive documents, object to the use of those very same documents after Plaintiffs obtained them from other parties, and, further, completely ignore their relevance and existence in their own motion for summary judgment. *See* Fed. R. Civ. P. 11.

For the foregoing reasons, the Court should deny Defendants' Motion to Strike.

**B.      Plaintiffs Incorporate Arguments Made in Their Motion for Summary Judgment and Response to Defendants' Motion for Summary Judgment.**

Regarding Defendants Smith and Health Advisors' remaining arguments, Plaintiffs incorporate by reference their arguments in their Motion for Summary Judgment (ECF No. 180) and Response in Opposition to Defendants Smith and Health Advisors' Motion for Summary Judgment (ECF No. 184).

Plaintiffs, however, note an oversight in their Response in Opposition to Defendants Smith and Health Advisors' Motion for Summary Judgment (ECF No. 184). Defendants Smith and Health Advisors attached the full transcripts for Defendants Spiller, Mears, and Shapiro (Ex. 2-4). Defendants Smith and Health Advisors conveniently did not attach

17

Defendant Smith's full transcript. Plaintiffs intend on remedying this discrepancy by filing a separate motion to supplement the record.

Plaintiffs would like to respond to a few of Defendants' arguments not raised in their primary Motion for Summary Judgment.

First, Plaintiffs have demonstrated that Health Advisors and Smith continued to operate after the dissolution date. ECF No. 184 at 11-12. The text messages and Skype messages proffered by Plaintiffs show Smith continued to direct Defendants Spiller and Mears to make robocalls well after Health Advisors filed their dissolution papers. *See* ECF No. 181, Ex. 4 at SPILLER_CELL_012644 ("We made a deal. Pay more per deal and we would never have more then [sic] 35 waiting bro."). Because Defendants proffer no evidence to the contrary, they fail to show that there is a genuine issue of fact.

Second, Plaintiffs have properly shown why Smith should be held accountable for his actions. *See* ECF No. 180 at 12-16. Further, in TCPA cases, Plaintiffs do not need to pierce the corporate veil to hold Smith accountable for his actions. Courts have held corporate officers personally liable for TCPA violations. *See Texas v. Am. Blastfax, Inc.*, 164 F. Supp. 2d 892, 898 (W.D. Tex. 2001). "[A]n officer may be personally liable under the TCPA if he had direct, personal participation in or personally authorized the conduct found to have violated the statute, and was not merely tangentially involved. Individuals who directly (and here, knowingly and wilfully [sic]) violate the TCPA should not escape liability solely because they are corporate officers." *Id*.  In this case, Defendant Smith directly participated in the TCPA violations. This same principle should still apply through vicarious liability. Not doing so allows Defendant Smith to escape liability for running a

robocalling operation through a third-party that he personally participated in, directed, and benefited from.

Further, after Health Advisors was dissolved, Defendant Smith continued to directly participate in the TCPA violations. *See* ECF No. 184 at 11-12. Defendant Smith also personally paid, from a non-corporate account, the robocallers. ECF No. 181, Ex. 15 at BOA001693.

An example of Smith's personal participation in the scheme sent months after Health Advisors was dissolved:



ECF No. 181, Ex. 4 at SPILLER_CELL_012644

Third, Defendants Smith and Health Advisors argue that Plaintiff Arkansas should not be awarded summary judgment because Plaintiffs did not provide support for their argument that Defendants' actions were unconscionable; because Smith and Health Advisors did not directly initiate the calls; and because Smith and Health Advisors should not be responsible for the failure of Rising Eagle, Spiller, and Mears to register as

telemarketers in the State of Arkansas. Defendants' first argument misconstrues Arkansas law, while the second and third conveniently fail to account for the fact that Smith and Health Advisors were "controlling persons" under Arkansas Statute.

Regarding Plaintiffs' claim of unconscionability, Arkansas courts have held that "liberal construction of the [A]DTPA is appropriate" because the catch-all provision of "and unconscionable" was included to protect the public interests—the law cannot possibly foresee every unconscionable act or practice, and "unconscionable" is specific enough for enforcement. *State ex rel. Bryant v. R & A Inv. Co.*, 336 Ark. 289, 295, 985 S.W.2d 299, 302 (1999). As Plaintiffs' have shown in their Cross Motion for Summary Judgment, Defendants directed the bombardment of millions of illegal robocalls and other illegal telemarketing calls upon Arkansas consumers. ECF No. 180 at 10. The enormous volume of calls alone "affronts the sense of justice, decency, and reasonableness," *Gulfco of Louisiana, Inc. v. Brantley*, 2013 Ark. 367, 9, 430 S.W.3d 7, 13 (2013), but any illegal calls are contrary to the public interest and therefore unconscionable under Arkansas law. Defendants violated the ADTPA when they repeatedly called Arkansas numbers listed on the Do Not Call Registry without prior consent; when they used an autodialer to generate call numbers; and when they used a pre-recorded message in violation of the TCPA.

Defendants' second argument ignores the admitted fact that they were "controlling persons" of these violative activities. Under the ADTPA, "[e]very person…who directly or indirectly controls another person who is in violation of or liable under this chapter in the operation or continuance of the act or practice for which the violations or liability exists shall be jointly and severally liable." Ark. Code Ann. § 4-88-113(d)(1). Defendants Smith

and Health Advisors admitted in their Response to Arkansas' claims that they hired Defendants Rising Eagle, Spiller, and Mears exclusively for the purpose of initiating calls, directing details such as call volume and the content of the recorded messages. ECF No. 185 at 4; ECF No. 180 at 2–9.

Further, the facts described in Plaintiffs' Motion for Summary Judgment and the exhibits therein describe the level of detail with which Defendants Smith and Health Advisors directed the activity of Defendants Rising Eagle, Spiller, and Mears. Defendants Smith and Health Advisors "knew or reasonably should have known" of Defendants Rising Eagle, Spiller, and Mears' violative actions. Ark. Code Ann. § 4-88-113(d)(1).

Regarding Defendants' third argument against Arkansas' claim that Defendants Smith and Health Advisors were required to register with the State as telemarketers, Defendants Smith and Health Advisors meet the definition of "telephonic seller" or "seller" and are thus required to register with the state. Under the Regulation of Telephonic Sellers, "Telephonic seller" or "seller" means a person who on his or her own behalf or through salespersons causes a telephone solicitation or attempted telephone solicitation to occur..." Ark. Code Ann. 4-99-103(9).   As stated above, Defendants admitted that they hired Defendants Rising Eagle, Spiller, and Mears to initiate telephonic solicitations on their behalf. Defendants Smith and Health Advisors were required to register as telephonic sellers with the Arkansas Secretary of State prior to causing any solicitation calls to Arkansas consumers.

For these reasons, Defendants' arguments opposing Plaintiffs' Motion for Summary Judgment on Arkansas' claims should be denied, and Plaintiffs' Motion for Summary Judgment should be granted as to them.

Fourth, regarding the other state claims, Defendants argue that Plaintiffs did not attach a contract signed by Defendants Smith and Shapiro. *See* ECF No. 185 at 21-22. In their Motion for Summary Judgment, Plaintiffs cited to the contract submitted by Shapiro in support of his own motion for summary judgment. *See* ECF No. 180 at 2. In his deposition, Smith authenticated his signature. ECF 181, Ex. 1 at 122:4-7.

Plaintiffs did, however, proffer text messages showing Shapiro had authority to send Defendants Mears and Spiller leads. An example from the texts between Smith and Spiller that confirm Shapiro was authorized to send Spiller and Mears leads:



ECF No. 181, Ex. 4 at SPILLER_CELL_012535

Further, Smith testified that his contract with Shapiro included "some marketing," including sending "aged data" to Spiller on Health Advisors' behalf.  ECF No. 181, Ex. 1 at 115:17-19; 116:20-117:3.

In sum, Defendants' argument is that if the Court ignores: hundreds of pages of text messages, hundreds of pages of bank statements, hundreds of emails, millions of leads sent from Shapiro to Spiller and Mears, two terabytes of call recordings made by Health Advisors in their normal course of business, most of the testimony of Mears and Spiller, and that Defendants have produced no contrary evidence themselves, then Smith and Health Advisors' liability should not be determined by summary judgment in favor of Plaintiffs. This approach is meritless and disregards their burdens and obligations for a favorable decision on a motion for summary judgment. *E.g.*, *Nevada v. United States Dep't of Lab.*, 275 F. Supp. 3d 795, 802 (E.D. Tex. 2017) ("Once the movant has carried its burden, the nonmovant must respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial. A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. Rather, the Court requires significant probative evidence from the nonmovant to dismiss a request for summary judgment.") (internal citations and quotations omitted).

In support of their own Motion for Summary Judgment, the States have proffered: a sampling of admissible text messages where Smith expressly directs Spiller and Mears in this robocalling operation, a sampling of admissible emails to show the transfer of leads to Spiller and Mears, bank statements showing payments past the supposed dissolution date, a breakdown of recordings that Health Advisors made in the normal course of business, the only expert report in this case, and other items. Because Defendants fail to

oppose Plaintiffs' Motion with competent and admissible evidence that would allow a reasonable jury to find in their favor, summary judgment in favor of Plaintiffs is appropriate. *Id.*

> **C.   Defendants   Bare   Assertion   Requesting   Attorneys'   Fees   Is Inappropriate.**

At the end of their Response, Defendants include a passing request for attorneys' fees. ECF No. 185.

Under the TCPA, Plaintiffs "may bring a civil action on behalf of its residents to enjoin such calls, an action to recover for actual monetary loss or receive $500 in damages for each violation, or both such actions." 47 U.S.C. § 227(g)(1). Nowhere in the TCPA does it explicitly allow for fee shifting. The Court should deny any request by the Defendants for attorneys' fees.

## V.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Smith and Health Advisors' motion to strike, and further request that the Court grant the States' Motion for Summary Judgment.

Dated October 3, 2022                     Respectfully submitted,


                                          /s/ Joseph D. Yeoman
                                          Joseph D. Yeoman

24

**FOR THE STATE OF ARKANSAS:**

LESLIE RUTLEDGE
Attorney General for the State of Arkansas

/s/  David McCoy
DAVID MCCOY
Ark. Bar No. 2006100
David.McCoy@ArkansasAG.gov
SHANNON HALIJAN
Ark. Bar No. 2005136
Shannon.Halijan@ArkansasAG.gov
PEGGY JOHNSON
Ark. Bar No. 92-223
Peggy.Johnson@ArkansasAG.gov
Assistant Attorneys General
AMANDA WENTZ
Ark. Bar No. 2021066
Amanda.Wentz@ArkansasAG.gov
Assistant Attorney General
Office of the Arkansas Attorney General
323 Center Street, Suite 200
Little Rock, AR 72201
(501) 682-7506 (McCoy)
(501) 683-1509 (Halijan)
(501) 682-8062 (Johnson)

*Counsel for Plaintiff*
*STATE OF ARKANSAS*

**FOR THE STATE OF INDIANA:**

TODD ROKITA
Attorney General for the State of Indiana

/s/  Douglas S. Swetnam
DOUGLAS S. SWETNAM
Indiana Bar No. 15860-49
douglas.swetnam@atg.in.gov
JOSEPH D. YEOMAN
Indiana Bar No. 35668-29
Joseph.Yeoman@atg.in.gov
Deputy Attorneys General
302 West Washington Street
IGCS – 5th Floor
Indianapolis, IN 46204
(317) 232-6294 (Swetnam)
(317) 234-1912 (Yeoman)
(317) 232-7979 (Fax)

*Counsel for Plaintiff*
*STATE OF INDIANA*

**FOR THE STATE OF MICHIGAN:**

DANA NESSEL
Attorney General for the State of Michigan

/s/  Kathy Fitzgerald
KATHY FITZGERALD
Michigan State Bar No. P31454
fitzgeraldk@michigan.gov
SCOTT MERTENS
Michigan State Bar No. P60069
Mertenss@michigan.gov
Assistant Attorneys General
Corporate Oversight Division
Michigan Department of Attorney General
P.O. Box 30736
Lansing, MI 48909
(517) 335-7632

*Counsel for Plaintiff*
*STATE OF MICHIGAN*

**FOR THE STATE OF MISSOURI:**

ERIC SCHMITT
Attorney General for the State of Missouri

/s/  Michelle L. Hinkl
MICHELLE L. HINKL
Missouri State Bar No. 64494
Michelle.Hinkl@ago.mo.gov
Assistant Attorney General
P.O. Box 861
St. Louis, MO 63188
Telephone: (314) 340-7961
Fax: (314) 340-7981

*Counsel for Plaintiff*
*STATE OFMISSOURI*

**FOR THE STATE OF NORTH CAROLINA:**

JOSHUA H. STEIN
Attorney General for the State of North Carolina


/s/  Tracy Nayer
TRACY NAYER
North Carolina State Bar No. 36964
tnayer@ncdoj.gov
Special Deputy Attorney General
North Carolina Department of Justice
Consumer Protection Division
P.O. Box 629
Raleigh, North Carolina 27602
Telephone: (919) 716-6000
Facsimile: (919) 716-6050

*Counsel for Plaintiff*
*STATE OF NORTH CAROLINA*

**FOR THE STATE OF NORTH DAKOTA:**

DREW H. WRIGLEY
Attorney General for the State of North Dakota


/s/ Brian M. Card
BRIAN M. CARD
North Dakota State Bar No. 07917
bmcard@nd.gov
Assistant Attorney General
PARRELL D. GROSSMAN
North Dakota State Bar No. 04684
pgrossman@nd.gov
Assistant Attorney General
North Dakota Attorney General's Office
Consumer Protection & Antitrust Division
1720 Burlington Drive, Suite C
Bismarck, ND 58504-7736

*Counsel for Plaintiff*
*STATE OF NORTH DAKOTA*

**FOR THE STATE OF OHIO:**

DAVE YOST
Attorney General for the State of Ohio

/s/  Erin B. Leahy
ERIN B. LEAHY
Ohio Bar No. 69509
W. TRAVIS GARRISON
Ohio Bar No. 76757
Assistant Attorneys General
Ohio Attorney General's Office
Consumer Protection Section
30 E. Broad Street, 14th Floor
Columbus, Ohio 43215
(614) 752-4730 (Leahy)
(614) 728-1172 (Garrison)
Erin.Leahy@OhioAttorneyGeneral.gov
Travis.Garrison@OhioAttorneyGeneral.
gov

*Counsel for Plaintiff*
*STATE OF OHIO*

**FOR THE STATE OF TEXAS:**

KEN PAXTON
Attorney General for the State of Texas

/s/ Patrick Abernethy
PATRICK ABERNETHY
Texas State Bar No. 24109556
Patrcik.abernethy@oag.texas.gov
C. BRAD SCHUELKE
Texas State Bar No. 24008000
Brad.schuelke@oag.texas.gov
Assistant Attorneys General
Office of the Attorney General
P.O. Box 12548 (MC-010)
Austin, Texas 78711
Telephone: (512) 463-2100
Facsimile: (512) 473-8301

*Counsel for Plaintiff*
*STATE OF TEXAS*

## CERTIFICATE OF SERVICE

I hereby certify that, on October 3, 2022, I electronically filed the foregoing **PLAINTIFF STATES' REPLY TO DEFENDANTS HEALTH ADVISORS OF AMERICA AND MICHAEL THERON SMITH'S RESPONSE TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** with the Clerk using the CM/ECF system, which will automatically send e-mail notification of such filing to all counsel of record. I hereby certify that, on October 3, 2022, I served the below parties via US Mail and E-Mail:


John C Spiller, II
on his own behalf and on behalf of all
Rising Eagle
9022 N. Ferndale Place Drive
Houston, TX 77064
rpgleads@gmail.com


Jakob A. Mears
9009 N FM 620 Rd., Apt. 2208
Austin, Texas 78726
jakobmears2016@gmail.com


                                        /s/ Joseph D. Yeoman
                                        Joseph D. Yeoman