UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| STATE OF TEXAS et al., <br><br> Plaintiffs, <br><br> v. <br><br> RISING EAGLE CAPITAL GROUP LLC et al., <br><br> Defendants. | CASE NO. 4:20-cv-02021 |

**PLAINTIFF STATES' RESPONSE IN OPPOSITION TO DEFENDANTS
HEALTH ADVISORS OF AMERICA, INC. AND
MICHAEL T. SMITH'S MOTION IN LIMINE**

Plaintiffs, the States of Arkansas, Indiana, Michigan, North Carolina, North Dakota, Ohio, and Texas ("Plaintiffs" or "the States") respectfully submit this response in opposition to Defendants Health Advisors of America, Inc. ("Health Advisors") and Michael T. Smith's ("Smith" and collectively "Defendants") motion in limine. In support thereof, Plaintiffs respectfully show this Court as follows:

### I. STATEMENT OF THE ISSUES

Whether the Court should grant Defendants' motion in limine seeking to exclude arguments and evidence that Smith is personally liable for his actions and dismiss Smith from the lawsuit.

## II. INTRODUCTION

The Court should deny Defendants' motion in limine because it: (1) seeks to prevent arguments and evidence that Smith can be held personally liable for claims when he has been sued individually; (2) misstates the law regarding who can be liable for a violation of the TCPA; (3) raises issues akin to a motion to dismiss or summary judgment that are not proper relief for a motion in limine and would otherwise be untimely; and (4) lacks the specificity required for motion in limine.

First, Smith has been sued in his individual capacity. Thus, evidence concerning his involvement in the robocalling scheme is fair game. Plaintiffs have pled with specificity why Smith should be held liable in this case. *See* ECF No. 180, at 12-16.

Second, Defendants misstates the law. Corporate officers may be personally liable for TCPA violations. *See Texas v. Am. Blastfax, Inc.*, 164 F. Supp. 2d 892, 898 (W.D. Tex. 2001). "[A]n officer may be personally liable under the TCPA if he had direct, personal participation in or personally authorized the conduct found to have violated the statute, and was not merely tangentially involved. Individuals who directly (and here, knowingly and wilfully [sic]) violate the TCPA should not escape liability solely because they are corporate officers." *Id*. This is regardless of piercing the corporate veil.

Third, Defendants do not dispute in their motion that Smith had direct, personal participation in this illegal robocalling scheme. Instead, Defendants rehash arguments more suited for a motion to dismiss. In fact, the relief sought by Defendants is that Smith be dismissed from this lawsuit with prejudice. This is not proper relief for a motion in limine.

Fourth, Defendants fail to identify any specific evidence that they wish to exclude. Such catch-all motions in limine are disfavored.

### III. LEGAL STANDARD

A motion in limine is "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). District courts have considerable discretion to manage the submission of evidence, including granting motions in limine. *See id*. at 41–42. This Court has taken the position that few issues are truly appropriate for a motion in limine:

> Although it is common in civil cases for each party to file a motion in limine prior to trial, I am not a fan of the practice. In my humble opinion, and in the view of a growing number of federal judges, 'very few issues are truly appropriate subjects for a motion in limine.'

*Ugarte v. Mid-Am. Metal Roofing & Siding Installed, LLC*, No. 3:20-CV-00080, 2021 WL 6327683, at *1 (S.D. Tex. Oct. 19, 2021) (citing *D'Alton v. City of Billings*, No. CV 03-159-BLG-RWA, 2006 WL 8431820, at *1 (D. Mont. Oct. 17, 2006)).

The Western District of Texas has set forth a similar view:

> [M]otions in limine are not favored. Virtually any objection to the admissibility of evidence can and should be handled in the old-fashioned way, to wit: counsel objecting at the time the evidence is offered, thereby allowing the Court to rule on the objection in the context of the trial. In limine relief is warranted only in unusual situations, such as a matter so explosive or so incendiary that sustaining an objection in the routine way may not be sufficient to overcome the risk of undue prejudice.

*Louis Vuitton Malletier v. Eisenhauer Rd. Flea Mkt., Inc.*, No. SA-11-CA-124, 2012 WL 13034079, at *1 (W.D. Tex. Jan. 4, 2012); *see also EEOC v. First Metro. Fin. Serv., Inc.*, 515 F. Supp. 3d 573, 575 (N.D. Miss. 2021) ("[T]he purpose of motions in limine is not to

re-iterate matters which are set forth elsewhere in the Rules of Civil Procedure or Rules of Evidence, but, rather, to identify specific issues which are likely to arise at trial, and which, due to their complexity or potentially prejudicial nature, are best addressed in the context of a motion in limine." (quotation omitted)).

And the Fifth Circuit stated "[m]otions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980), superseded by statute on other grounds as stated in *Mathis v. Exxon Corp.*, 302 F.3d 448, 458 n.16 (5th Cir. 2002).

Per the Court's instruction noted above, Smith's motion is not proper.

## IV. ARGUMENT

### 1. Presenting evidence regarding Smith's involvement in the robocalling scheme is proper

Smith is a named Defendant in this lawsuit where several of the claims are asserted against Smith individually based on his direct involvement in an illegal robocalling scheme. For example, the States allege that: "Defendant Smith is the President of Defendant Health Advisor. At all times material to this Petition, acting alone or in concert with others, he has formulated, directed, controlled, had authority to control, or participated in the acts and practices set forth in this Petition." Second Am. Compl. ¶ 153, ECF No. 56.

Contrary to Defendants' motion in limine, Plaintiffs emphatically pled facts and made allegations that Smith should be personally liable because he used Health Advisors for illegal purposes. *See Schumacher v. Cap. Advance Sols., LLC*, No. CV H-18-0436,

2019 WL 1026305, at *3 (citing *Rimade Ltd. v. Hubbard Enters., Inc.*, 388 F.3d 138, 143 (5th Cir. 2004)). Plaintiffs also pled facts and made allegations that Smith is personally liable for his own fraudulent or tortious acts. *See Brown v. Bowers*, No. 05-07-00136-CV, 2008 WL 2152889, at *3 (Tex. App. May 22, 2008). And Plaintiffs named Smith as an individual outside of the entity Health Advisors.

Yet, Smith remarkably argues that the Court should exclude any evidence or argument that he can be personally liable in this case. This is simply not how the legal system works when you are accused of committing illegal acts.

Defendants' motion in limine should be denied because Plaintiffs' have alleged claims against Smith individually based on his direct involvement in an illegal robocalling scheme.

**2. Smith can be held liable without piercing the corporate veil**

Further, Smith can be held liable for TCPA violations without piercing the corporate veil. *See Texas v. Am. Blastfax, Inc.*, 164 F. Supp. 2d 892, 898 (W.D. Tex. 2001). "[A]n officer may be personally liable under the TCPA if he had direct, personal participation in or personally authorized the conduct found to have violated the statute, and was not merely tangentially involved. Individuals who directly (and here, knowingly and wilfully [sic]) violate the TCPA should not escape liability solely because they are corporate officers." *Id*. In this case, Defendant Smith directly participated in the TCPA violations, as specified in Plaintiffs' Motion for Summary Judgment and Reply to Defendants' Motion for Summary Judgment detail. ECF No. 180, at 12-16; ECF No. 190, at 18-19.

5

Finally, Defendants fail to acknowledge or reference Smith's actions after Health Advisors was dissolved when Smith continued to directly participate in the TCPA violations. *See* ECF No. 184 at 11-12. Smith also personally paid, from a non-corporate account, the robocallers. ECF No. 181, Ex. 15 at BOA001693.

Because Smith can be individually liable for TCPA violations, Defendants' motion in limine seeking to prevent evidence against Smith and dismiss Smith from the lawsuit should be denied.

### 3. Defendants' motion is an untimely dispositive motion dressed up as a motion in limine

Defendants' motion in limine seeks relief more appropriate to a motion to dismiss or summary judgment. The deadline for filing dispositive motions was September 10, 2022. ECF No 189. Thus, the relief sought by Defendants is untimely.

Defendants already filed and lost on a motion to dismiss. *See* ECF Nos. 93, 133. In that motion, Defendants did not argue that Defendant Smith should not be held liable due to an omission of allegations in the Second Amended Complaint supporting of the propriety of piercing the corporate veil. *See* ECF No. 93. Similarly, Defendants did not make this argument in their Motion for Summary Judgment. *See* ECF. No. 182. Defendants' failure to file a timely dispositive motion seeking a dismissal of Smith cannot be cured via a motion in limine.[1]

---

[1] Defendants did, however, raise this argument in their Response to Plaintiffs' Motion for Summary Judgment. ECF No. 185, at 18-19. Plaintiffs dispute Defendants' allegation, as set forth in Plaintiffs' responses and incorporated by reference herein. ECF No. 180, at 12-16; ECF No. 184, at 11-12; and ECF No. 190, at 18-19

Ultimately, Defendants' motion in limine is a second attempt for a motion to dismiss and/or a motion for summary judgment. Specifically, Defendants ask the Court "to enter in favor and dismissing Michael T. Smith, individually, with prejudice." This is a wholly inappropriate request for this motion. As such, the Court should deny Defendants' motion in limine.

**4. Defendants' motion in limine is disfavored for a lack of specificity**

Defendants Motion in Limine lacks any reference to specific documents, evidence, or witnesses. Defendants request only that the Court bar Plaintiffs "from presenting any arguments that Michael T. Smith can be personally liable, that the trier of fact can pierce the corporate veil of Health Advisors of America, Inc. . . ." ECF No. 195, at 3. This is a blanket or catch-all motion in limine.

The Court's Procedures "discourages 'catch-all' motions in limine. Instead, motions in limine should be directed to specific issues in the case and should relate to relief that is actually opposed." Court Procedures at 26. Here, assuming *arguendo* that Defendants' motion in limine sought proper relief, which it does not, Plaintiffs cannot appropriately respond because they do not know what evidence Defendants are moving to exclude.

At best, Plaintiffs can only infer that Defendants ask the Court to disallow any evidence that will establish Smith's culpability in the illegal robocalling scheme. As detailed above, this is a wholly inappropriate request, and it should be denied.

## V.   CONCLUSION

For the above reasons, Plaintiffs respectfully request that the Court deny the Defendants' Motion in Limine.

Dated <u>December 12, 2022</u>                                       Respectfully submitted,

<u>/s/ Joseph D. Yeoman</u><br>
Joseph D. Yeoman

| FOR THE STATE OF ARKANSAS: | FOR THE STATE OF INDIANA: |
|---|---|
| LESLIE RUTLEDGE<br>Attorney General for the State of Arkansas | TODD ROKITA<br>Attorney General for the State of Indiana |
| /s/ David McCoy<br>DAVID MCCOY<br>Ark. Bar No. 2006100<br>David.McCoy@ArkansasAG.gov<br>SHANNON HALIJAN<br>Ark. Bar No. 2005136<br>Shannon.Halijan@ArkansasAG.gov<br>PEGGY JOHNSON<br>Ark. Bar No. 92-223<br>Peggy.Johnson@ArkansasAG.gov<br>AMANDA WENTZ<br>Ark. Bar No. 2021066<br>Amanda.Wentz@ArkansasAG.gov<br>Assistant Attorneys General<br>Office of the Arkansas Attorney General<br>323 Center Street, Suite 200<br>Little Rock, AR 72201<br>(501) 682-7506 (McCoy)<br>(501) 683-1509 (Halijan)<br>(501) 682-8062 (Johnson)<br>(501) 682-1178 (Wentz)<br><br>*Counsel for Plaintiff*<br>*STATE OF ARKANSAS* | /s/ Douglas S. Swetnam<br>DOUGLAS S. SWETNAM<br>Indiana Bar No. 15860-49<br>douglas.swetnam@atg.in.gov<br>JOSEPH D. YEOMAN<br>Indiana Bar No. 35668-29<br>Joseph.Yeoman@atg.in.gov<br>Deputy Attorneys General<br>302 West Washington Street<br>IGCS – 5th Floor<br>Indianapolis, IN 46204<br>(317) 232-6294 (Swetnam)<br>(317) 234-1912 (Yeoman)<br>(317) 232-7979 (Fax)<br><br>*Counsel for Plaintiff*<br>*STATE OF INDIANA* |

| FOR THE STATE OF MICHIGAN: | FOR THE STATE OF NORTH CAROLINA: |
|---|---|
| DANA NESSEL<br>Attorney General for the State of Michigan | JOSHUA H. STEIN<br>Attorney General for the State of North Carolina |
| /s/ Kathy Fitzgerald<br>KATHY FITZGERALD<br>Michigan State Bar No. P31454<br>fitzgeraldk@michigan.gov<br>SCOTT MERTENS<br>Michigan State Bar No. P60069<br>Mertenss@michigan.gov<br>Assistant Attorneys General<br>Corporate Oversight Division<br>Michigan Department of Attorney General<br>P.O. Box 30736<br>Lansing, MI 48909<br>(517) 335-7632 | /s/ Tracy Nayer<br>TRACY NAYER<br>North Carolina State Bar No. 36964<br>tnayer@ncdoj.gov<br>Special Deputy Attorney General<br>North Carolina Department of Justice<br>Consumer Protection Division<br>P.O. Box 629<br>Raleigh, North Carolina 27602<br>Telephone: (919) 716-6000<br>Facsimile: (919) 716-6050 |
| *Counsel for Plaintiff*<br>*STATE OF MICHIGAN* | *Counsel for Plaintiff*<br>*STATE OF NORTH CAROLINA* |

<table>
<tr><td>

**FOR THE STATE OF NORTH DAKOTA:**

DREW H. WRIGLEY
Attorney General for the State of North Dakota


/s/ Brian M. Card
BRIAN M. CARD
North Dakota State Bar No. 07917
bmcard@nd.gov
Assistant Attorney General
PARRELL D. GROSSMAN
North Dakota State Bar No. 04684
pgrossman@nd.gov
Assistant Attorney General
North Dakota Attorney General's Office
Consumer Protection & Antitrust Division
1720 Burlington Drive, Suite C
Bismarck, ND 58504-7736

*Counsel for Plaintiff*
STATE OF NORTH DAKOTA

</td><td>

**FOR THE STATE OF OHIO:**

DAVE YOST
Attorney General for the State of Ohio

/s/ Erin B. Leahy
ERIN B. LEAHY
Ohio Bar No. 69509
W. TRAVIS GARRISON
Ohio Bar No. 76757
Assistant Attorneys General
Ohio Attorney General's Office
Consumer Protection Section
30 E. Broad Street, 14th Floor
Columbus, Ohio 43215
(614) 752-4730 (Leahy)
(614) 728-1172 (Garrison)
Erin.Leahy@OhioAttorneyGeneral.gov
Travis.Garrison@OhioAttorneyGeneral.gov

*Counsel for Plaintiff*
STATE OF OHIO

</td></tr>
</table>

**FOR THE STATE OF TEXAS:**

KEN PAXTON
Attorney General for the State of Texas

/s/ *Wade A. Johnson*
WADE A. JOHNSON
Fed. Bar No: 105556
Texas Bar No. 24062197
Wade.johnson@oag.texas.gov
C. BRAD SCHUELKE
Texas Bar No. 24008000
Brad.schuelke@oag.texas.gov
DAVID SHATTO
Fed. Bar No: 3725697
Texas Bar No: 24104114
Assistant Attorneys General
Office of the Attorney General
P.O. Box 12548 (MC-010)
Austin, Texas 78711
Telephone: (512) 463-2100
Facsimile: (512) 473-8301

*Counsel for Plaintiff*
STATE OF TEXAS

## CERTIFICATE OF SERVICE

I hereby certify that, on December 12, 2022, I electronically filed the foregoing **PLAINTIFF STATES' RESPONSE IN OPPOSITION TO DEFENDANTS HEALTH ADVISORS OF AMERICA, INC. AND MICHAEL T. SMITH'S MOTION IN LIMINE** with the Clerk using the CM/ECF system, which will automatically send e-mail notification of such filing to all counsel of record. I hereby certify that, on December 12, 2022, I served the below parties via US Mail and E-Mail:

John C Spiller, II
on his own behalf and on behalf of all
Rising Eagle
9022 N. Ferndale Place Drive
Houston, TX 77064
rpgleads@gmail.com

Jakob A. Mears
9009 N FM 620 Rd., Apt. 2208
Austin, Texas 78726
jakobmears2016@gmail.com

/s/ Joseph D. Yeoman
Joseph D. Yeoman