UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| STATE OF TEXAS, et al., § | |
| § | |
| Plaintiffs, § | |
| § | |
| V. § | No. 4:20-cv-02021 |
| § | |
| RISING EAGLE CAPITAL GROUP, § | |
| LLC., et al., § | |
| § | |
| Defendants. § | |

**PLAINTIFF STATES' MEMORANDUM OF LAW
REGARDING INAPPLICABILITY OF THE BANKRUPTCY
AUTOMATIC STAY IN CONSUMER PROTECTION ACTION**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff States of Arkansas, Indiana, Michigan, North Carolina, North Dakota, Ohio, and Texas (collectively, "Plaintiff States")[1] file this Memorandum of Law to advise the Court that the automatic stay triggered by the Defendant Michael T. Smith, Jr.'s ("Smith") bankruptcy filing does not prevent this Court from hearing the instant police and regulatory suit before it, and, furthermore, that this Court has the power to determine whether the stay applies to this suit, as follows:

### I.   RELEVANT PROCEDURAL BACKGROUND

1. On October 30, 2020, the Plaintiff States filed their Second Amended Complaint, alleging a police and regulatory action against—among others—Smith for violations of

---

[1] Missouri has not joined this Memorandum of Law because it has no claim against Smith in this lawsuit.

Telecommunications Consumer Protection Act ("TCPA"), Telemarketing Sales Rule ("TSR") and the Plaintiff States' telemarketing laws. Thereafter, unbeknownst to the Plaintiff States, on January 18, 2023, Smith filed a voluntary petition for bankruptcy under Chapter 11, Subchapter V of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida,[2] case number 23-10373, and the next day filed a *Suggestion of Bankruptcy and Notice of Automatic Stay*[3] in this Court.

2. On January 26, 2023, this Court set a status conference in this case to be held on February 1, 2023, at 10:30 AM CST.[4] This Memorandum of Law is filed in response to Smith's Suggestion of Bankruptcy filing, and for reference during the upcoming status conference.

## II.   THE BANKRUPTCY AUTOMATIC STAY

3. As the Court is aware, the filing of a bankruptcy petition creates a stay—known as the "automatic stay"—of certain proceedings or acts against the bankrupt debtor or against the property in the bankruptcy estate.[5] 11 U.S.C. section 362(a) of the Bankruptcy Code, sets out the automatic-stay provisions; however, the most relevant portion of this section is found at section 362(a)(1), which prohibits:

> the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have commenced before the commencement of the case under this title.

---

[2] Hereinafter, "Bankruptcy Court."
[3] Dkt. No. 207 ("Suggestion of Bankruptcy").
[4] Dkt. No. 208.
[5] *See* 11 U.S.C. § 362(a).

4. In the absence of an exception, the automatic stay would apply to this action and would prohibit the Plaintiff States from continuing prosecution in this Court. The Bankruptcy Code, however, contains an explicit exception to the automatic stay permitting the Plaintiff States to proceed with police power proceedings, such as this suit. This police power exception is found in 11 U.S.C. section 362(b)(4) of the Bankruptcy Code.

5. In addition, this Court has the authority—concurrent with the Bankruptcy Court—to determine whether the police power exception to the automatic stay applies, and thus the parties need not seek relief from the Bankruptcy Court before proceeding with this suit.

### III.  THE POLICE POWER EXCEPTION TO THE AUTOMATIC STAY

6. Regardless of a pending bankruptcy, a governmental unit is free to file or continue litigating "*an action or proceeding ...to enforce such governmental unit's police or regulatory power*" (emphasis added).[6] The legislative history of the exception expressly provides that "where a governmental unit is suing a debtor to prevent or stop a violation of fraud, environmental protection, consumer protection,[7] safety, or other similar police or regulatory laws, or attempting to fix damages for violation of such a law, the action or

---

[6] 11 U.S.C. § 362(b)(4) provides that filing a bankruptcy proceeding does not operate as a stay "under paragraph (1), (2), (3), or (6) of subsection (a) of this section, of or continuation of an action or proceeding by a governmental unit...to enforce such governmental unit's or organization's police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in a action or proceeding by the governmental unit to enforce such governmental unit's or organization's police or regulatory power."

[7] *See Texas v. American Blastfax, Inc.*, 164 F.Supp.2d 892, 896 (W.D. Tex. 2001) (finding that the automatic stay did not apply to a case brought by the Texas Attorney General against a Defendant for violations of the TCPA).

proceeding is not stayed."[8]

7.  As stated by Federal Bankruptcy Judge Isgur in *In re*: *Gandy*,[9]

> The police and regulatory power exception is based on the compelling need
> for the government to continue to protect the public when a debtor files for
> bankruptcy and "to prevent a debtor from 'frustrating necessary
> governmental functions by seeking refuge in bankruptcy court.'" *SEC v.
> Brennan*, 230 F.3d 65, 71 (2nd Cir.2000) (*citing City of New York v. Exxon
> Corp.*, 932 F.2d 1020, 1024 (2nd Cir.1991)) (internal quotation marks
> omitted); *In re Commonwealth Cos., Inc.*, 913 F.2d 518, 527 (8th Cir. BAP
> 1990) (*quoting Commodity Futures Trading Comm'n. v. Co Petro Mktg.
> Group Inc.*, 700 F.2d 1279, 1283 (9th Cir.1983) ("a fundamental policy
> behind  the police or regulatory power  exception  ...  is 'to  prevent  the
> bankruptcy court from becoming a haven for wrongdoers.'")).
> The exception accomplishes this goal by allowing the government to enforce
> various laws and regulations against a debtor.

## IV.     JURISDICTION TO DETERMINE SCOPE OF STAY

8.  The filing of a bankruptcy and the imposition of the automatic stay "does not divest all other courts of jurisdiction to hear every claim that is in any way related to the bankruptcy proceeding."[10] "Whether the stay applies to litigation otherwise within the jurisdiction of a district court ... is an issue of law within the competence of both the court within which the litigation is pending ... and the bankruptcy court."[11]

---

[8]  H.R. No. 95-595, 95 Cong., 1st Sess. 342-3 (1977); S.R. No. 95-989, 95th Cong., 2d Sess. 51-2 (1978).

[9]  *In re Gandy*, 327 B.R. 796, 801–05 (Bankr. S.D. Tex. 2005).

[10] *Picco v. Global Marine Drilling Company*, 900 F.2d 846, 850 (5th Cir. 1990); *In re Edwin A. Epstein, Jr. Operating Co., Inc.*, 314 B.R. 591, 598-99 (Bankr. S.D. Tex. 2004)(emphasis added).

[11]  *Hunt v. Bankers Tr. Co.*, 799 F.2d 1060, 1069 (5th Cir. 1986)(*citing In re: Baldwin-United Corp. Litigation*, 765 F.2d 343, 347 (2nd Cir. 1985)). *See also*, *United States v. Silva*, 359 B.R. 613, 615-16 (W.D. Tex. 2007) and *Fed. Trade Comm'n v. Educare Ctr. Servs., Inc.*, 611 B.R. 556, 560 (W.D. Tex. 2019).

## V. DETERMINING IF THE ACTION IS STAYED

9. To determine whether an action falls under the police and regulatory power exception, a court must engage in a two-pronged test.[12] The court must first determine whether the plaintiff in the non-bankruptcy-court action is a "governmental unit" as defined by the Bankruptcy Code. Then the court must next determine whether the governmental unit's action is an exercise of its police and regulatory power.[13]

*Prong 1: Is the Plaintiff a "Governmental Unit"?*

10. The Bankruptcy Code defines "governmental unit" to include government at the federal, state, and local levels and includes a government "department, agency or instrumentality" of the State, as a state.[14] The Plaintiff States are therefore clearly a "governmental unit" as defined by the Bankruptcy Code.

*Prong 2: Is the Governmental Unit Enforcing Its Police and Regulatory Power?*

11. As for the second prong of the analysis, there are two tests for determining whether a governmental unit's action qualifies as enforcement of its police and regulatory power. The first test is called the "pecuniary interest test" and essentially turns on whether the government's primary objective is its own pecuniary—rather than the public interest.[15] The second test, called the "public policy" test turns on whether the Plaintiff States are

---

[12] *Gandy*, 327 B.R. at 802.
[13] *Id.* at 803.
[14] 11 U.S.C. 101(27).
[15] *Gandy,* 327 B.R. at 803; *In re Commonwealth Oil Co., Inc.*, 913 F.2d 518, 523 (B.A.P. 8th Cir. 1990).

pursuing private interests or the public policy interests.[16]

*Test 1: "Pecuniary Interest" Test*

12. The pecuniary interest test calls for the court to determine whether the governmental unit is pursuing a matter of public interest, rather than advancing the government's pecuniary interest.[17] This test requires courts to distinguish between a police and regulatory enforcement action and an attempt by a governmental unit to collect money damages that do not arise from an exercise of a governmental unit's police or regulatory power.

13. If money damages are ancillary to the governmental unit's enforcement of its police and regulatory power, then the action itself is <u>not stayed</u>—though collection of the judgment is stayed.[18]

14. As recognized by the Fifth Circuit, a governmental unit may obtain entry of a money judgment in its enforcement action fixing or assessing civil penalties, but the governmental unit may not seek to enforce that judgement outside of the bankruptcy case.[19]

---

[16] *See Gandy,* 327 B.R. at 803-04; *NLRB v. Edward Cooper Painting, Inc.*, 804 F.2d 934, 942 (6th Cir. 1986).
[17] *Id.; In re Dunbar*, 235 B.R. 465, 471 (B.A.P. 9th Cir. 1999); *In re Charter First Mortgage, Inc.*, 42 B.R. 380, 382 (Bankr. D. Or. 1984).
[18] *Brennan*, 230 F.3d at 71-73; *Commonwealth Oil Refining Co. v. United States Environmental Protection Agency*, 805 F.2d 1175, 1186 (5th Cir. 1986), *cert. denied*, 483 U.S. 1005, 107 S.Ct. 3228 (1987).
[19] *See In re: Halo Wireless, Inc.*, 684 F.3d 581, 587 (5th Cir. 2012).

*Test 2: Police or Regulatory - "Public Policy" Test*

15.   Under the second (the so-called "public policy"[20]) test, the court must determine whether the proceeding is designed to "effectuate public policy" rather than to "adjudicate private rights."[21]  Effectuation of public policy is the key to whether an action is excepted from the stay under Section 362(b)(4).[22]  The government is unquestionably enforcing public rights when it is suing a debtor "to prevent or stop violation of fraud, environmental protection, consumer protection, safety, or similar police or regulatory laws, or attempting to fix damages for violation of such a law," and is thus exempt from the automatic stay.[23]

16.   The police power exception to the stay includes proceedings to prevent or stop—as well as fix penalties for—violations of consumer protection laws. In fact, according to the legislative history of § 362(b)(4), the phrase "police or regulatory power" includes the enforcement of laws enacted to protect consumers.[24]  Likewise, the Federal District Court for the Western District of Texas stated that the automatic stay did not apply to a case brought by the Texas Attorney General against a defendant for violations of the TCPA

---

[20]  *NLRB v. Edward Cooper Painting, Inc.,* 804 F.3d 934, 942 (6th Cir. 1986).

[21]  *Gandy*, 327 B.R. at 803-04; *Dunbar,* 235 B.R. at 471 (citations omitted); *Charter First Mortgage*, 42 B.R. at 383.

[22]  *NLRB*, 804 F.2d at 934.

[23]  *Gandy,* 327 B.R. at 804 [citing *Commonwealth Oil*, 805 F.2d at 1182-83 (citations omitted)]. Also citing the legislative history found at S. Rep. No. 989, 95th Cong., 2d Sess. 52 (1978) ("Senate Report"), reprinted in 1978 U.S. Code Cong. & Admin. News 5787, 5838; H.R. Rep. No. 595, 95th Cong., 1st Sess. 340 (1977) ("House Report"), reprinted in 1978 U.S. Code Cong. & Admin. News 5963, 6298).

[24]  *See e.g. Gandy,* 327 B.R. at 806 (*citing In re: First Alliance Mortgage Co.*, 263 B.R. 99 (9th Cir. BAP 2001) and *In re: Draughon Training Inst., Inc.*, 119 B.R. 921 (Bankr. W.D. La. 1990). *See also* the legislative history found at S. Rep. No. 989, 95th Cong., 2d Sess. 52 (1978) ("Senate Report"), reprinted in 1978 U.S. Code Cong. & Admin. News 5787, 5838; H.R. Rep. No. 595, 95th Cong., 1st Sess. 340 (1977) ("House Report"), reprinted in 1978 U.S. Code Cong. & Admin. News 5963, 6298).

---

because the case was brought as a police and regulatory action to enforce and seek damages

under the State's consumer protection laws.[25]

## VI.   OBTAINING AND ENFORCING JUDGMENTS

17.   The Plaintiff States are not only free to commence or continue an action to enforce

its police and regulatory power, but the Plaintiff States may also *enforce* a judgment for

injunctive relief. Section 362(b)(4) explicitly provides that the automatic stay does not act

as a stay under 11 U.S.C. section 362(a)(4) of the "enforcement of a judgment other than a

money judgment, obtained in an action or proceeding by the governmental unit to enforce

such governmental unit's police or regulatory power. A continuing civil enforcement

proceeding brought by a governmental unit and the enforcement of *injunctive* relief

obtained therein are exempted from the automatic stay provision of section 362(a).[26]

18.  Unlike judgments for injunctive relief—which, as pointed out above, the

government can obtain *and* enforce during the pendency of a bankruptcy—the government

may obtain but *not* enforce (i.e., collect) a money judgment against a debtor. The fact that

Congress carefully made only enforcement of a money judgment subject to the automatic

stay strongly indicates that mere entry of the judgment was not intended to be prohibited;

---

[25] *See Texas v. American Blastfax, Inc.*, 164 F.Supp.2d 892, 896 (W.D. Tex. 2001).
[26] *Securities & Exchange Commission v. First Financial Group of Texas*, 645 F.2d 429 (5th Cir. 1981) (emphasis in original); *United States v. F.E. Gregory & Sons*, 58 B.R. 590 (W.D. Pa. 1986)(the government's post-petition action seeking an injunction ordering debtor to perform reclamation work at an abandoned mine site fell within Section 362(b)(4) and therefore did not constitute an action for a money judgment although debtor would have to expend money in the clean-up).

---

this implication is also entirely consistent with the legislative history, as well.[27]

19.   Further, as the Fifth Circuit noted,

> [q]uite separate from the entry of a money judgment, however, is a proceeding to *enforce* that money judgment. The paradigm for such a proceeding is when, having obtained a judgment for a sum certain, a plaintiff attempts to seize property of the defendant in order to satisfy that judgment. It is this seizure of a defendant-debtor's property, to satisfy the judgment obtained by a plaintiff-creditor, which is proscribed by subsection 362(b)(5).[28]

20.   The prohibition against enforcing a "money judgment" does not mean that if the debtor must spend money to comply with an injunction, the Plaintiff States cannot enforce its injunctive relief. In *Commonwealth Oil*, the Fifth Circuit observed that "[w]ere we to find that any order which requires the expenditure of money is a 'money judgment,' then the exception to section 362 for governmental police action ... would ... be narrowed into virtual nonexistence .... [W]e cannot ignore the fundamental fact that, in contemporary times, almost everything costs something."[29]

21.   The court in *Commonwealth Oil* examined whether enforcement of the injunction in question would constitute enforcement of a money judgment in violation of the

---

[27] *United States v. Nicolet*, 857 F.2d 202 (3rd Cir. 1988).

[28] *Commonwealth Oil*, 805 F.2d at 1186, n. 12 (quoting *Penn Terra Ltd. v. Dept. of Environmental Resources*, 733 F.2d 267, 275 (3rd Cir. 1984) [emphasis in original]). *See also Murray v. U.S. Department of Treasury (In re Murray)*, 128 B.R. 517, 519 (Bankr. N.D. Tex. 1991)(Defendant's administrative proceeding was exempted from the automatic stay because it was "not an action to collect or enforce a judgment," but was "one to fix and ascertain ... liability."); *In re Compton Corp.*, 90 B.R. 798 (N.D. Tex. 1988), *appeal dismissed* 889 F.2d 1104 (5th Cir. 1989); *The City of New York v. Exxon Corp.*, 932 F.2d 1020 (2nd Cir. 1991).
**Note**: Section 362(b)(5) was deleted and merged into subsection (b)(4) by Pub. L. No. 105-277, effective October 21, 1998. For purposes of this memorandum, therefore, any references in cases to Section 362(b)(5) apply equally to Section 362(b)(4).

[29] *Commonwealth Oil*, 805 F.2d at 1186, quoting *Penn Terra*, 733 F.2d at 277-78.

---

automatic stay:

> As traditionally understood, a money judgment "need consist of only two elements: (1) an identification of the parties for and against whom judgment is being entered, and (2) a *definite* and *certain* designation of the amount which plaintiff is owed by defendant..." *Penn Terra,* 733 F.2d at 275 (emphasis in original) ... Just as the Third Circuit found in *Penn Terra* with respect to proceedings initiated by Pennsylvania's Department of Environmental Resources, we find that, at least as a matter of form, the EPA's action is not a proceeding to enforce a money judgment as that term is traditionally understood. Furthermore, the EPA's action which is clearly not, in form, an action to enforce a money judgment, is also not, in substance, an action to enforce a money judgment.[30]

## VII. CONCLUSION

22. The policy behind the police power exception to the automatic stay is clear—the Plaintiff States are free to continue to exercise its police and regulatory power so that defendants will not use bankruptcy as a way to exempt themselves from complying with state laws.[31] Because of this important exception to the automatic stay, the government can pursue actions to protect consumers and thereby avoid making the bankruptcy court a haven for wrongdoers.[32] The Bankruptcy Code, the public policy behind the law, and the

---

[30] *Commonwealth Oil,* 805 F.2d at 1186.

[31] In fact, Congress specifically provided that debtors and trustees remain subject to applicable state law while in bankruptcy. 28 U.S.C. § 959(b) states that:

> Except as provided in section 1166 of Title 11, a trustee, receiver or manager appointed in any cause pending in any court of the United States, including a debtor in possession, shall manage and operate the property in his possession as such trustee, receiver or manager according to the requirements of the valid laws of the State in which such property is situated, in the same manner that the owner or possessor thereof would be bound to do if in possession thereof.

*See also In re HLS Energy*, 151 F.3d 434 (5th Cir. 1998).

[32] *Securities & Exchange Commission v. First Financial Group of Texas*, 645 F.2d 429 (5th Cir. 1981); *Cajun Power Cooperative, Inc. v. Mabey*, 185 F.3d 446, 453 (5th Cir. 1999)(trustee must manage property according to laws of the state in which such property is situated pursuant to 28 U.S.C. § 959(b)). *See also S.E.C. v. Brennan*, 230 F.3d 65, 71 (2d Cir. 2000 (citations omitted); *In re Commonwealth Co., Inc.,* 913

cases interpreting it all strongly support the Plaintiff States' request that this Court exercise its jurisdiction to determine that the instant case is excepted from the bankruptcy automatic stay and to proceed with the pending case before this Court.

DATED: January 30, 2023                    Respectfully submitted,

FOR THE STATE OF ARKANSAS:

TIM GRIFFIN
Attorney General for the State of Arkansas

/s/ Amanda Wentz
AMANDA WENTZ
Ark. Bar No. 2021066
Amanda.Wentz@ArkansasAG.gov
Assistant Attorneys General
Office of the Arkansas Attorney General
323 Center Street, Suite 200
Little Rock, AR 72201
(501) 682-1178 (Wentz)

*Counsel for Plaintiff*
*STATE OF ARKANSAS*

FOR THE STATE OF INDIANA:

TODD ROKITA
Attorney General for the State of Indiana

/s/ Joseph D. Yeoman
DOUGLAS S. SWETNAM
Indiana Bar No. 15860-49
douglas.swetnam@atg.in.gov
JOSEPH D. YEOMAN
Indiana Bar No. 35668-29
Joseph.Yeoman@atg.in.gov
Deputy Attorneys General
302 West Washington Street
IGCS – 5th Floor
Indianapolis, IN 46204
(317) 232-6294 (Swetnam)
(317) 234-1912 (Yeoman)
(317) 232-7979 (Fax)

*Counsel for Plaintiff*
*STATE OF INDIANA*

---

F.2d 518, 527 (B.A.P. 8th Cir. 1990) (citations omitted); *Gandy,* 327 B.R. at 801-02.

| FOR THE STATE OF MICHIGAN: | FOR THE STATE OF NORTH CAROLINA: |
|---|---|
| DANA NESSEL<br>Attorney General for the State of Michigan | JOSHUA H. STEIN<br>Attorney General for the State of North Carolina |
| */s/ Kathy Fitzgerald*<br>KATHY FITZGERALD<br>Michigan State Bar No. P31454<br>fitzgeraldk@michigan.gov<br>SCOTT MERTENS<br>Michigan State Bar No. P60069<br>Mertenss@michigan.gov<br>Assistant Attorneys General<br>Corporate Oversight Division<br>Michigan Department of Attorney General<br>P.O. Box 30736<br>Lansing, MI 48909<br>(517) 335-7632<br><br>*Counsel for Plaintiff*<br>STATE OF MICHIGAN | */s/ Tracy Nayer*<br>TRACY NAYER<br>North Carolina State Bar No. 36964<br>tnayer@ncdoj.gov<br>Special Deputy Attorney General<br>North Carolina Department of Justice<br>Consumer Protection Division<br>P.O. Box 629<br>Raleigh, North Carolina 27602<br>Telephone: (919) 716-6000<br>Facsimile: (919) 716-6050<br><br>*Counsel for Plaintiff*<br>STATE OF NORTH CAROLINA |

**FOR THE STATE OF NORTH DAKOTA:**

DREW H. WRIGLEY
Attorney General for the State of North Dakota

*/s/ Brian M. Card*
BRIAN M. CARD
North Dakota State Bar No. 07917
bmcard@nd.gov
Assistant Attorney General
PARRELL D. GROSSMAN
North Dakota State Bar No. 04684
pgrossman@nd.gov
Assistant Attorney General
North Dakota Attorney General's Office
Consumer Protection & Antitrust Division
1720 Burlington Drive, Suite C
Bismarck, ND 58504-7736

*Counsel for Plaintiff*
STATE OF NORTH DAKOTA

**FOR THE STATE OF OHIO:**

DAVE YOST
Attorney General for the State of Ohio

*/s/ Erin B. Leahy*
ERIN B. LEAHY
Ohio Bar No. 69509
W. TRAVIS GARRISON
Ohio Bar No. 76757
Assistant Attorneys General
Ohio Attorney General's Office
Consumer Protection Section
30 E. Broad Street, 14th Floor
Columbus, Ohio 43215
(614) 752-4730 (Leahy)
(614) 728-1172 (Garrison)
Erin.Leahy@OhioAttorneyGeneral.gov
Travis.Garrison@OhioAttorneyGeneral.gov

*Counsel for Plaintiff*
STATE OF OHIO

**FOR THE STATE OF TEXAS:**

KEN PAXTON
Attorney General for the State of Texas

/s/ *Wade A. Johnson*
WADE A. JOHNSON
Fed. Bar No: 105556
Texas Bar No. 24062197
Wade.johnson@oag.texas.gov
C. BRAD SCHUELKE
Texas Bar No. 24008000
Brad.schuelke@oag.texas.gov
DAVID SHATTO
Fed. Bar No: 3725697
Texas Bar No: 24104114
ABIGAIL R. RYAN
Fed. Bar No: 614700
Texas State Bar No. 24035956
Abigail.ryan@oag.texas.gov
Assistant Attorneys General
Office of the Attorney General
P.O. Box 12548 (MC-010)
Austin, Texas 78711
Telephone: (512) 463-2100
Facsimile: (512) 473-8301

*Counsel for Plaintiff STATE OF TEXAS*

## CERTIFICATE OF SERVICE

I hereby certify that, on January 30, 2023, I electronically filed the foregoing with the Clerk using the CM/ECF system, which will automatically send e-mail notification of such filing to all counsel of record. I hereby certify that, on January 30, 2023, I served the below parties via US Mail and E-Mail:

John C Spiller, II
on his own behalf and on behalf of all
Rising Eagle
9022 N. Ferndale Place Drive
Houston, TX 77064
rpgleads@gmail.com

Jakob A. Mears
9009 N FM 620 Rd., Apt. 2208
Austin, Texas 78726
jakobmears2016@gmail.com

/s/ *Wade A. Johnson*
Wade A. Johnson