## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| STATE OF TEXAS, et al.;<br>        Plaintiffs,<br><br> vs.<br><br>RISING EAGLE CAPITAL GROUP, LLC, et al.;<br>        Defendants. | Case No. 4:20-cv-02021<br><br>Judge: George C. Hanks, Jr. |

## JOINT PRE-TRIAL ORDER

## APPEARANCE OF COUNSEL

### Plaintiffs

The State of Arkansas, by and through its Attorney General Tim Griffin and Assistant Attorney General Amanda Wentz (amanda.wentz@arkansasag.gov, telephone (501) 682-1178) located at the Office of the Arkansas Attorney General, 323 Center Street, Suite 200, Little Rock, Arkansas, 72201.

The State of Indiana, by and through its Attorney General Todd Rokita and Deputy Attorney Generals Douglas S. Swetnam (douglas.swetnam@atg.in.gov, (317) 232-6294), Joseph Yeoman (joseph.yeoman@atg.in.gov, (317) 234-1912) located at 302 West Washington Street, IGCS – 5th Floor, Indianapolis, Indiana 46204.

The State of Michigan, by and through its Attorney General Dana Nessel and Assistant Attorneys General Kathy P. Fitzgerald (fitzgeraldk@michigan.gov), Scott Mertens (mertenss@michigan.gov), and Michael S. Hill (hillm19@michigan.gov) located

at Corporate Oversight Division of the Michigan Department of Attorney General, P.O. Box 30736, Lansing, MI 48909 and reachable at the telephone number of (517) 335-7632.

The State of North Carolina, by and through its Attorney General Joshua H. Stein and Special Deputy Attorney General Tracy Nayer (tnayer@ncdoj.gov, (919) 716-6000) located at North Carolina Department of Justice, Consumer Protection Division, P.O. Box 629, Raleigh, North Carolina 27602.

The State of North Dakota, by and through its Attorney General Drew H. Wrigley and Assistant Attorney General Parrell D. Grossman (pgrossman@nd.gov) located at Office of the Attorney General of North Dakota, Consumer Protection Division and Antitrust Division, 1720 Burlington Drive, Ste. C, Bismarck, North Dakota 58504 and reachable at the telephone number of (701) 328 5570.

The State of Ohio, by and through its Attorney General and Assistant Attorneys General Erin B. Leahy (erin.leahy@ohioago.gov, (614) 752-4730) and W. Travis Garrison (travis.garrison@ohioago.gov, (614) 728 1172) located at Ohio Attorney General's Office, Consumer Protection Section, 30 E. Broad Street, 14th Floor, Columbus, Ohio 43215.

The State of Texas, by and through its Attorney General Ken Paxton and Assistant Attorneys General Wade A. Johnson (wade.johnson@oag.texas.gov), C. Brad Schuelke (brad.schuelke@oag.texas.gov), and David G. Shatto (david.shatto@oag.texas.gov) located at the Office of the Attorney General, P.O. Box 12548 (MC-010), Austin, Texas 78711 and reachable at the telephone number of (512) 463 2100.

**Defendants:**

Scott Shapiro ("Shapiro"), by and though his attorneys Shepard Davidson (sdavidson@burnsley.com, (617) 345-3000) located at 125 High Street, Boston, MA 02110 and David R. Thrasher (dthrasher@krcl.com, (713) 425-7400) located at 5051 Westheimer Road, 10th Floor, Houston, Texas 77056.

Michael Smith ("Smith"), by and through his attorneys Dominick L. Lanzito (dlanzito@pjmchicago.com, (312) 724-8035) located at Peterson, Johnson & Murray Chicago, LLC, 200 West Adams Street, Suite 2125, Chicago, Illinois 60606, and Patrick W. Walsh (patrick@pwalsh.com, (630) 794-0300) located at Patrick W. Walsh, P.C., 33 S. Garfield Street, Hinsdale, Illinois 60521 and 501 Congress Avenue., Suite 150. Austin, Texas 78701.

Health Advisors of America, Inc. ("HAA"), its attorneys Dominick L. Lanzito (dlanzito@pjmchicago.com, (312) 724-8035) located at Peterson, Johnson & Murray Chicago, LLC, 200 West Adams Street, Suite 2125, Chicago, Illinois 60606, and Patrick W. Walsh (patrick@pwalsh.com, (630) 794-0300) located at Patrick W. Walsh, P.C., 33 S. Garfield Street, Hinsdale, Illinois 60521 and 501 Congress Avenue., Suite 150. Austin, Texas 78701.

## STATEMENT OF THE CASE

Plaintiffs filed this action alleging violations of federal and state telephone privacy and telemarketing laws related to calls that occurred from February 2018 to June 14, 2019.The Defendants, Health Advisors of America, Inc, ("HAA") Michael T. Smith, Jr.

("Mr. Smith"), and Scott Shapiro ("Mr. Shapiro"), deny they made any illegal telephone calls.

The Health Advisors Defendants operated from Florida and were in the business of selling health insurance plans.

Defendants John C. Spiller II ("Spiller") and Jakob A. Mears ("Mears"), co-owned Defendants Rising Eagle Capital Group LLC, JSquared Telecom LLC, and Rising Eagle Capital Group-Cayman (collectively, "Rising Eagle Group") which operated from Texas.

## JURISDICTION

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1337(a), 1355, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(g)(2).

It is the Plaintiffs' position that the Court has pendent subject matter jurisdiction over all of the state law claims pursuant to 28 U.S.C. § 1367.

However, it is Defendants' position that the applicable state statutes for Indiana, Michigan, North Dakota, and Ohio require any state enforcement actions to proceed in the respective states. Further, the Michigan Consumer Protection Act, MCL 445.90(5), Section 5(2) required the Michigan Attorney General to provide notice to defendants 10 days prior to the commencement of this action, which was not done and thus, Defendants assert that this Court, nor any court, has jurisdiction to hear any claim under that statute.

It is the Plaintiff States of Indiana, Michigan, North Dakota and Ohio's position that the respective state statutes provide permissive venue for actions in the various states and not mandatory jurisdiction. For Plaintiff State of North Dakota, in addition to permissive

venue pursuant to North Dakota's Telephone Solicitations Act (TSA), N.D.C.C. §§ 51-28-01 *et seq*., the TSA provides that a violation of the TSA is also a separate violation of N.D.C.C. §§ 51-28-01 *et seq*., North Dakota's "Unlawful Sales or Advertising Practices," (commonly referred to as North Dakota's "Consumer Fraud Law") that contains no limitations on venue. Further, it is Plaintiff State of Michigan's position that this Court has subject matter jurisdiction as Mich. Comp. Laws § 445.905(2) is not a jurisdictional statute, but rather a procedural requirement that can be waived by the court "on good cause shown". The notice requirement was not timely raised (by responsive pleading, subsequent motion, or in any other manner prior to preparing this joint pretrial order) and is therefore waived.

## MOTIONS

Plaintiffs' Motion for Default Judgment (ECF No. 177) against Defendants Rising Eagle Capital Group LLC, JSquared Telecom LLC, Rising Eagle Capital Group-Cayman, John C. Spiller II, and Jakob A. Mears remains pending.[1]

Plaintiffs filed a Motion to Dismiss (ECF No. 228) which remains pending.

Plaintiffs' Motion for Summary Judgment against Defendants HAA and Smith, HAA's and Smith's Response and Plaintiffs' Reply remain pending. ECF Nos. 180, 185, and 190.

Defendants HAA's and Smith's Motion for Summary Judgment, Plaintiffs' Response, and HAA's and Smith's Reply remain pending. ECF Nos. 182, 184, and 191.

---

[1] The Motion for Default will be moot should the Court grant the Plaintiffs' Motion to Dismiss (ECF No. #).

Defendant HAA's and Smith's Motion *in Limine* and Plaintiffs' Response remain pending. ECF Nos. 195 and 200.

Defendants HAA's and Smith's Motion to Adopt Defendant Shapiro's Motion *in Limine* remains pending. ECF No. 196.

Defendant Shapiro's Motion *in Limine* and Plaintiffs' Response remain pending. ECF Nos. 197 and 201.

## CONTENTS OF THE PARTIES

**Contentions of the Plaintiffs:**

Defendants HAA, Smith and Shapiro. (collectively "Health Advisors Defendants") violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*., or its implementing rule, 47 C.F.R. 64.1200 *et seq*. by initiating millions of outbound telephone calls which delivered artificial or prerecorded voice messages ("robocalls") to residents of the Plaintiff States for the purpose of generating insurance sales leads. In addition to the federal law claims, the Plaintiffs also allege the Health Advisors Defendants violated various state telephone privacy and telemarketing laws, by making or causing to be made telephone solicitations to subscribers on the National and/or State Do Not Call Registries, and by using artificial or prerecorded voices to deliver messages without prior consent.

Under the TCPA's implementing rule, 47 C.F.R. 1200(f)(10) and (12), the Rising Eagle Group are "telemarketers" that initiated the calls at issue on behalf of the Health Advisor Defendants as the "sellers."  Under the TCPA, the seller can be liable for calls made by a telemarketer on the seller's behalf when a seller is so involved in the placing of

the calls as to be directly liable them.[2]  Under the TCPA, a seller can also be vicariously liable under federal common law principles, including not only formal agency, but also principles of apparent authority and ratification. *Id*.

The Health Advisors Defendants operated from Florida and were in the business of selling health insurance plans.  Defendant Smith was the sole owner of Health Advisors of America, Inc., which hired Defendant Shapiro in 2017 as a consultant to "procure insurance contracts" and "provide strategic services."  Shapiro acted as an agent for HAA and Smith.

The Rising Eagle Group designed and provided a telephone dialer platform that was used to initiate and deliver robocalls on behalf of their customers, including the Health Advisor Defendants.

From May 1, 2018, through July 13, 2019, the Health Advisors Defendants paid the Rising Eagle Group over $2.5 million for dialing services designed to generate sales leads. The Health Advisors Defendants provided the Rising Eagle Group with lead lists containing the telephone numbers of persons to call in states where the Health Advisors Defendants were purportedly licensed to sell insurance. The Rising Eagle Group loaded the lead lists to the dialer platform and initiated the robocalls on behalf of the Health

---

[2] *In the Matter of the Joint Petition Filed by Dish Network, LLC, the United States of Am., & the States of California, Illinois, N. Carolina, and Ohio for Declaratory Ruling Concerning the Tel. Consumer Prot. Act Rules*, 28 F.C.C. Rcd. 6574, 6583 (2013); *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 168 (2016), as revised (Feb. 9, 2016) (internal citations removed) (declaring the "Federal Communications Commission has ruled that, under federal common-law principles of agency, there is vicarious liability for TCPA violations. The Ninth Circuit deferred that ruling, . . . and we have no cause to question it). *Id*. at 7890 ¶ 30 (quoting *DISH Network*, 28 FCC Rcd. At 6583 ¶ 27). And in making this determination, the adjudicator must look to the totality of the facts and circumstances surrounding the placing of a particular call. *Id*. Factors relevant to this analysis include the extent to which the defendant controls: (i) the call's message; (ii) the timing or initiation of the call; and (iii) who receives the call. *Cunningham v. Montes*, 378 F.Supp.3d 741, 747–48 (W.D. Wis. 2019); *Mey v. All Access Telecom, Inc.*, No. 5:19-CV-00237-JPB, 2021 WL 8892199, at *4 (N.D. W.Va. Apr. 23, 2021).

Advisors Defendants. The Health Advisor Defendants provided instruction to the Rising Eagle Defendants as to the dates, times and even as to the speed at which to operate the dialer platform.

The recipients of the robocalls were greeted with automated, prerecorded messages offering health insurance plans which directed interested individuals to follow a key-press prompt (such as "Press 1") to speak with someone to receive additional information. For any call recipients who followed the prompt to speak with someone, the dialing platform was programmed to transfer calls to the Health Advisors call center in Florida where sales agents were waiting to receive calls.

From January to May 2019, the Health Advisors Defendants initiated over 500 million calls nationwide, including to residents of the Plaintiff States. In many instances, the Health Advisors Defendants initiated robocalls to cellular or residential numbers of residents of the Plaintiff States without having the requisite prior express consent of the call recipients and/or to numbers listed on the National Do Not Call Registry or State Do Not Call Lists. From approximately February 2018 to June 14, 2019—the date that Defendant Health Advisors of America was designated as dissolved by the State of Florida— the Health Advisors Defendants initiated hundreds of millions of violative calls to phone numbers appearing on lead lists Defendant Shapiro provided to the Rising Eagle Group.

All Plaintiffs have resolved their claims in the Second Amended Complaint. (ECF No. 56) against Defendants Spiller and Mears with Stipulated Orders for Permanent Injunctions and Monetary Judgments. (ECF No. 220, 221.)

Plaintiffs filed a Motion to Dismiss (ECF No. 228) to dismiss all remaining Counts of the Second Amended Complaint (ECF No. 56) against Defendants Rising Eagle Capital Group LLC, JSquared Telecom LLC and Rising Eagle Capital Group Cayman, in addition to dismissing Counts IX, X, XX, XXI, and XXXI against the Health Advisors Defendants.[3]

The causes of action remaining for trial against the Health Advisors Defendants include the following:

a.   Count VI by All Plaintiffs: Health Advisors Defendants violated the TCPA by initiating telephone solicitations to residential telephone numbers listed on the National Do Not Call Registry.

b.   Count VII by all Plaintiffs: Health Advisors Defendants violated the TCPA by initiating telephone calls to residential telephone lines using artificial or prerecorded voices without the prior express written consent of the called party and where the call was not initiated for emergency purposes or exempted by rule or order of the FCC.

c.   Count VIII by All Plaintiffs: Health Advisors Defendants violated the TCPA by initiating telephone calls to cellular telephone lines using artificial or prerecorded voices without the prior express consent of the called party and where the call was not initiated for emergency purposes or exempted by rule or order of the FCC.

d.   Count VIII by all Plaintiffs: Health Advisors Defendants violated the TCPA by initiating, or causing to be initiated, telephone calls that include or introduces an advertisement or constitutes telemarketing, using an artificial or prerecorded voice, to telephone numbers assigned to a cellular telephone service without prior express written consent of the called party.

---

[3] Plaintiff State of Missouri filed an action in state court against Defendants Health Advisors of America, Inc. and Michael T. Smith, Jr. and therefore, did not join in seeking relief from any Health Advisors Defendants.

e. <u>Counts XVII and XVIII by Plaintiff State of Arkansas</u>: Health Advisors Defendants violated the Arkansas Deceptive Trade Practices Act Regulation of Telephonic Sellers by: (1) failing to register with the Arkansas Secretary of State; (2) initiating millions of pre-recorded telephone calls to Arkansas residents that failed to clearly identify the entity responsible for initiating the call; (3) initiating robocalls to consumers on the National Do Not Call Registry; (4) and continuing to initiate calls to consumers even after consumers informed Defendants that the consumers' telephone numbers were on the National Do Not Call Registry.

f. <u>Count XIX by Plaintiff State of Indiana</u>: Health Advisors Defendants, as telephone solicitors, violated the Indiana Telephone Solicitation Consumers Act ("TSCA") by: (1) causing others to make telephone sales calls to Indiana consumer's telephone number on the Indiana Do Not Call List; or, alternatively, (2) providing substantial assistance or support to a telephone solicitor, a supplier, or a caller and that Defendants knew or consciously avoided knowing a telephone solicitor, a supplier, or a caller was violating the TSCA.

g. <u>Count XXIII by Plaintiff State of Michigan</u>: Health Advisors Defendants violated the Michigan Home Solicitations Sales Act and Michigan Consumer Protection Act by: (1) causing telephone solicitation calls to be made to Michigan subscribers on the National Do Not Call Registry; and (2) delivering a prerecorded message in the calls.

h. <u>Counts XXVI and XXVII by Plaintiff State of North Carolina</u>: Health Advisors Defendants violated North Carolina's Telemarketing Solicitations Act by: (1) making telephone solicitation calls to North Carolina consumers on the National Do Not Call Registry; and (2) making unsolicited telephone calls using equipment that has the capability to store telephone numbers to disseminate unsolicited prerecorded messages to North Carolina telephone subscribers.

i. <u>Counts XXVIII, XXIX and XXX by Plaintiff State of North Dakota</u>: Health Advisors Defendants violated the North Dakota Telephone Solicitations Act and Unlawful Sales or Advertising Practices Act by: (1) using an automatic dialing-announcing device or delivering a prerecorded or synthesized voice message without consent; (2) making telemarketing calls to North Dakota subscribers on the North Dakota do-not-call list or the National Do Not Call Registry; and (3) calling a North Dakota subscriber without immediately and clearly stating, at the beginning of the call, their true first and last name, their telephone number, their

city and state of location, and the name of the business on whose behalf their telephone solicitation was made.

j.  <u>Count XXXII by Plaintiff State of Ohio</u>: Health Advisors Defendants violated the Ohio Telephone Solicitation Sales Act by making telephone solicitations, either directly or through one or more salespersons, to persons in Ohio without first obtaining a certificate of registration from the Ohio Attorney General, without having a surety bond on file with the Ohio Attorney General's Office and without disclosing the true name of the solicitor and the name of the company on whose behalf the solicitations are being made within the first sixty seconds of the telephone call.

k.  <u>Count XXXIII by Plaintiff State of Texas</u>: Health Advisors Defendants violated the Texas Telemarketing Disclosure and Privacy Act by making telemarketing call to Texas consumers on the Texas no-call list.

**Contentions of the Defendant Scott Shapiro**

Mr. Shapiro has worked in the insurance industry for over 11 years, and in or about April of 2015, he began providing consulting services to insurance agencies. Those services essentially involve Mr. Shapiro helping agencies obtain higher commission rates on insurance policies they sell for carriers.

In or about April of 2017, Mr. Shapiro entered into a consulting agreement with Health Advisors of America, Inc. ("HAA") to provide it with services as an independent contractor. Mr. Shapiro's primary responsibility was to help HAA obtain higher commission rates on the policies it sold for various insurance carriers. Wholly apart from its contract with Mr. Shapiro, indeed, before contracting with him, HAA engaged Rising Eagle Capital Group LLC ("Rising Eagle"), operated by John Spiller ("Mr. Spiller") and Jakob Mears ("Mr. Mears"), to provide live leads to HAA. Upon learning about Rising

Eagle's role, Mr. Shapiro provided Messrs. Spiller and Mears with old prospect lists that Mr. Shapiro had acquired years earlier – and Mr. Shapiro instructed Messrs. Spiller and Mears to "scrub" the lists so that calls would not be made to anyone on a do not call list. HAA, through Michael T. Smith, also instructed Messrs. Spiller and Mears to scrub all leads against the do not call registry.

Mr. Shapiro made no illegal telemarking calls, as alleged, or otherwise, nor did he cause anyone else to do so. Neither Rising Eagle, Mr. Spiller nor Mr. Mears (the "Rising Eagle Parties") were Mr. Shapiro's agent, nor were any of them controlled by Mr. Shapiro. To the extent any of the Rising Eagle Parties engaged in any illegal telemarketing or other illegal activities, they did so without Mr. Shapiro's knowledge or consent.

**Contentions of Defendants Health Advisors of America, Inc. and Michael T. Smith**

Michael T. Smith was the sole shareholder of Health Advisors of America, Inc. ("HAA"), which was formed on April 10, 2017 and was dissolved with the State of Florida, Division of Corporations, on June 14, 2019.  At all times relevant hereto, HAA and Mr. Smith were in the health insurance industry and were licensed to sell health insurance in the respective Plaintiff states.

HAA engaged Rising Eagle to transfer live customer leads to HAA representatives strictly for the sale of health insurance products.  Michael T. Smith did not provide leads lists to Rising Eagle, Spiller, or Mears and instructed Rising Eagle, through Spiller to remove i.e., scrub, any phone number that was on the Do Not Call Registry in 2018.

Rising Eagle was paid for the live leads that were transferred to HAA, which resulted in a sale of health insurance, at no time did Rising Eagle, Spiller, or Mears enter

into any contracts for the sale of health insurance on behalf of HAA or Smith, nor did Rising Eagle, Spiller or Mears have any contact with insurance companies on behalf of HAA or Smith. HAA and Smith did not construct, own, or operate the computer servers that were used by Rising Eagle, Spiller, and Mears to make the telemarketing calls on behalf of HAA.

It is undisputed that Rising Eagle and Messrs. Spiller and Mears: (i) provided telemarketing services for entities other than HAA, including medical device manufacturers and automobile warranty providers; (ii) received lists of people to call in addition to the lists provided by Mr. Shapiro; and (iii) was not in any way controlled by Mr. Shapiro, HAA, or Mr. Smith. In any event, to the extent that Messrs. Spiller and Mears, Rising Eagle and/or anyone else made illegal telemarketing calls and/or violated any state laws through the use of the lists Mr. Shapiro provided or otherwise, they did so without Mr. Shapiro's, HAA's, and Mr. Smith's knowledge, consent or assistance.

## ADMISSIONS OF FACT

Agreed Admissions of Fact attached as Exhibit A.

## CONTESTED ISSUES OF FACT

Plaintiffs' Contested Issues of Fact attached as Exhibit B.

Defendants HAA's, Smith's and Shapiro's Contested Issues of Fact are as follows:

1. None of the allegedly illegal calls at issue in this case were made or caused to be made by Mr. Shapiro;

2. None of the allegedly illegal calls at issue in this case were made or caused to be made by Mr. Shapiro.

3. None of the allegedly illegal calls at issue in this case were made or caused to be made by Mr. Smith.

4. None of the allegedly illegal calls at issue in this case were made or caused to be made by HAA.

5. Mr. Shapiro did not control Spiller, Mears or Rising Eagle.

6. Mr. Smith did not control Spiller, Mears or Rising Eagle.

7. HAA did not control Spiller, Mears or Rising Eagle.

## AGREED APPLICABLE PROPOSITIONS OF LAW

Agreed Propositions of Law attached as Exhibit C.

## CONTESTED ISSUES OF LAW

Plaintiffs' Contested Propositions of Law attached as Exhibit D.

Defendants HAA's/ Smith's/Shapiro's Contested Propositions of Law attached as Exhibit E.

## EXHIBITS AND EXHIBIT LIST

Plaintiffs' Exhibit List attached as Exhibit F.  Contemporaneously with this filing, Plaintiffs have provided the Health Advisors Defendants a link to download the Plaintiffs' Exhibits.

Defendants HAA's and Smith's attached as Exhibit G.

Defendant Shapiro Exhibit List:

1. The April 12, 2017 Consulting Agreement between Mr. Shapiro and HAA.

## WITNESSES AND WITNESS LIST

Plaintiffs' Witness List attached as Exhibit H.

Defendants HAA's and Smith's Witness List:

1. Michael T. Smith

2. Scott Shapiro

3. John Spiller (Adverse witness)

4. Jakob Mears (Adverse Witness)

5. Brian Failla (Impeachment only)

6. These defendants reserve the right to call any witness identified by any other party.

Defendant Shapiro Witness List:

1. Scott Shapiro

2. Mr. Shapiro reserves the right to call any witness identified by any other party.

## SETTLEMENT

Regarding Defendant Shapiro, parties have engaged in settlement negotiations on their own as well as with a mediator, Judge Royal Furgeson, beginning on May 27, 2022. Parties continued to confer and exchange settlement offers through Judge Furgeson after the mediation and on their own but failed to reach an agreement.

Regarding Defendants HAA and Smith, parties have engaged in settlement negotiations on their own.  Parties have conferred and exchange settlement offers but have failed to reach an agreement.

## TRIAL

Defendants demanded a jury trial. Plaintiffs expect trial to last approximately ten to fourteen days.

Witnesses are available on the following dates: (to be determined based on trial dates)

## ADDITIONAL REQUIRED ATTACHMENTS

### A.     Motions *in Limine*

Defendants HAA's and Smith's Motion *in Limine*, Plaintiffs' Response remain pending. ECF Nos. 195 and 200.

Defendants HAA's and Smith's Motion to Adopt Def Shapiro's Motion *in Limine* remains pending. ECF No. 196.

Defendant Shapiro's Motion *in Limine* and Plaintiffs' Response remain pending. ECF Nos. 197 and 201.

Plaintiffs' Motion *in Limine* is attached as Exhibit as I.

Defendants' Additional Motions *in Limine* are filed as Exhibits J and K.

### B.     Proposed Questions for the Venire Panel

Plaintiffs' Proposed Questions for Venire Panel are attached as Exhibit L.

Defendants HAA's/Smith's/Shapiro's Proposed Questions for Venire Panel are attached as Exhibit M.

### C.     Proposed Jury Instructions, Definitions, and Interrogatories.

Parties' Proposed Jury Charge attached as Exhibit N.

**D.**     **Memorandum of Law**

Plaintiffs' Trial Brief is attached as Exhibit O.

Defendants HAA's and Smith's Trial Brief is attached as Exhibit P.

Date filed:  May 8, 2023                        Respectfully Submitted,

**FOR THE STATE OF ARKANSAS:**

TIM GRIFFIN
Attorney General for the State of Arkansas


/s/ Amanda J. Wentz
AMANDA J. WENTZ
Ark. Bar No. 2021066
Amanda.Wentz@ArkansasAG.gov
Assistant Attorney General
Office of the Arkansas Attorney General
323 Center Street, Suite 200
Little Rock, AR 72201
(501) 682-1178

*Counsel for Plaintiff*
*STATE OF ARKANSAS*

**FOR THE STATE OF INDIANA:**

TODD ROKITA
Attorney General for the State of Indiana


/s/ Douglas S. Swetnam
DOUGLAS S. SWETNAM
Indiana Bar No. 15860-49
douglas.swetnam@atg.in.gov
JOSEPH D. YEOMAN
Indiana Bar No. 35668-29
Joseph.Yeoman@atg.in.gov
Deputy Attorneys General
302 West Washington Street
IGCS – 5th Floor
Indianapolis, IN 46204
(317) 232-6294 (Swetnam)
(317) 234-1912 (Yeoman)
(317) 232-7979 (Fax)

*Counsel for Plaintiff*

*STATE OF INDIANA*

**FOR THE STATE OF MICHIGAN:**

DANA NESSEL
Attorney General for the State of Michigan


/s/ Kathy P. Fitzgerald
KATHY P. FITZGERALD
Michigan Bar No. P31454
fitzgeraldk@michigan.gov
SCOTT MERTENS
Michigan Bar No. 60069
mertenss@michigan.gov
MICHAEL S. HILL
Michigan Bar No. P73084
Hillm19@michigan.gov
Assistant Attorneys General
Corporate Oversight Division
Michigan Department of Attorney General
P.O. Box 30736
Lansing, MI 48909
Telephone: (517) 335-7632
Facsimile: (517) 335-6755

*Counsel for Plaintiff*
*STATE OF MICHIGAN*

**FOR THE STATE OF MISSOURI:**

ANDREW BAILEY
Attorney General for the State of Missouri


/s/ Michelle L. Hinkl
MICHELLE L. HINKL
Missouri State Bar No. 64494
Michelle.Hinkl@ago.mo.gov
Assistant Attorney General
P.O. Box 861
St. Louis, MO 63188
Telephone: (314) 340-7961

Fax: (314) 340-7981

*Counsel for Plaintiff*
*STATE OF MISSOURI*

**FOR THE STATE OF NORTH CAROLINA:**

JOSHUA H. STEIN
Attorney General for the State of North Carolina


/s/ Tracy Nayer
TRACY NAYER
North Carolina State Bar No. 36964
tnayer@ncdoj.gov
Special Deputy Assistant Attorney General
North Carolina Department of Justice
Consumer Protection Division
P.O. Box 629
Raleigh, N.C. 27602
Telephone: (919) 716-6000
Facsimile: (919) 716-6050

*Counsel for Plaintiff*
*STATE OF NORTH CAROLINA*

**FOR THE STATE OF NORTH DAKOTA:**

DREW H. WRIGLEY
Attorney General for the State of North Dakota


/s/ Parrell D. Grossman
PARRELL D. GROSSMAN
North Dakota State Bar No. 04684
pgrossman@nd.gov
Office of Attorney General of North Dakota
Consumer Protection & Antitrust Division
1720 Burlington Drive, Ste. C
Bismarck, ND 58504
Telephone: (701) 328-5570

*Counsel for Plaintiff*

*STATE OF NORTH DAKOTA*

**FOR THE STATE OF OHIO:**

DAVE YOST
Attorney General for the State of Ohio


/s/ Erin B. Leahy
ERIN B. LEAHY
Ohio Bar No. 69509
W. TRAVIS GARRISON
Ohio Bar No. 76757
Assistant Attorneys General
Ohio Attorney General's Office
Consumer Protection Section
30 E. Broad Street, 14th Floor
Columbus, Ohio 43215
(614) 752-4730 (Leahy)
(614) 728-1172 (Garrison)
Erin.Leahy@OhioAGO.gov
Travis.Garrison@OhioAGO.gov

*Counsel for Plaintiff*
*STATE OF OHIO*

**FOR THE STATE OF TEXAS:**

KEN PAXTON
Attorney General for the State of Texas


/s/ Wade A. Johnson
WADE A. JOHNSON
Fed. Bar No: 105556
Texas Bar No. 24062197
Wade.johnson@oag.texas.gov
C. BRAD SCHUELKE
Texas Bar No. 24008000
Brad.schuelke@oag.texas.gov
DAVID SHATTO
Fed. Bar No: 3725697
Texas Bar No: 24104114

Assistant Attorneys General
Office of the Attorney General
P.O. Box 12548 (MC-010)
Austin, Texas 78711
Telephone: (512) 463-2100
Facsimile: (512) 473-8301

*Counsel for Plaintiff*
*STATE OF TEXAS*


**FOR DEFENDANT SCOTT SHAPIRO**


/s/ Shepard Davidson
SHEPARD DAVIDSON
(BBO #557082)
sdavidson@burnslev.com
Burns and Levison LLP
125 High Street
Boston, MA 02110
Telephone: 617-345-3000
Facsimile: 617-345-3299

DAVID R. THRASHER
State Bar No. (24027922)
Kane Russell Coleman Logan PC
5051 Westheimer Road, 10th Floor
Houston, Texas 77056
(713) 425-7400 Phone
(713) 425-7700 Facsimile


**FOR DEFENDANTS MICHAEL T. SMITH
AND HEALTH ADVISORS OF AMERICA,
INC.:**

/s/ Dominick L. Lanzito
DOMINICK L. LANZITO
PAUL A. O'GRADY
Admitted Pro Hac Vice
Peterson, Johnson & Murray Chicago, LLC
200 West Adams Street, Suite 2125
Chicago, Illinois 60606

Phone: 312-724-8035
dlanzito@pjmlaw.com
pogrady@pjmlaw.com

PATRICK W. WALSH
Patrick W. Walsh, P.C.
33 S. Garfield Street
Hinsdale, Illinois 60521
Phone: (630) 794-0300
patrick@pwalsh.com

## CERTIFICATE OF SERVICE

Pursuant to FEDERAL RULE OF CIVIL PROCEDURE 5(a), I hereby certify that on May 8, 2023, a true and correct copy of the above and foregoing document has been served using the CM/ECF system to all counsel and parties of record.


/s/ Joseph D. Yeoman
Joseph D. Yeoman