UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| STATE OF TEXAS et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>RISING EAGLE CAPITAL GROUP LLC et al.,<br><br>    Defendants. | CASE NO. 4:20-cv-02021 |

**PLAINTIFF STATES' RESPONSE IN OPPOSITION TO DEFENDANT HEALTH ADVISORS OF AMERICA, INC. AND MICHAEL T. SMITH'S MOTION *IN LIMINE* TO BAR ARGUMENT RELATED TO CLAIMS THAT OCCURRED PRIOR TO JULY 6, 2020 AND OTHER ISSUES RELATED TO SUBJECT MATTER JURISDICTION**

Plaintiffs, the States of Arkansas, Indiana, Michigan, North Carolina, North Dakota, Ohio, and Texas ("Plaintiffs" or "the States") respectfully submit this Response in Opposition to Defendant Health Advisors of America, Inc. and Michael T. Smith's Motion *in Limine* to Bar Argument Related to Claims that Occurred Prior to July 6, 2020 and Other Issues Related to Subject Matter Jurisdiction, and in support thereof, respectfully show the Court as follows:

### I.    STATEMENT OF THE ISSUES

1. Whether *Barr v. American Association of Political Consultants, Inc.*, 140 S. Ct. 2335 (2020), deprives this court of subject matter jurisdiction to hear Plaintiffs' TCPA claims for robocalls initiated prior to July 6, 2020.

1

2. Whether applicable statutes of Indiana, Michigan, North Dakota, Ohio, and Texas assigning venue defeat federal court subject matter jurisdiction over their respective pendant state claims.

## II. INTRODUCTION

The Court should deny Defendants' Motion *in Limine* to Bar Argument Relative to Claims That Occurred Prior to July 2020 and Other Issues Related to Subject Matter Jurisdiction. As to Defendants' Constitutional challenge to the Telephone Consumer Protection Act (TCPA), in *Barr v. American Association of Political Consultants, Inc.*, 140 S. Ct. 2335 (2020) ("*AAPC*"), the Supreme Court held that the unconstitutional government-debt exception to the TCPA is severable from the remainder of the TCPA. In denying Defendants' prior motion to dismiss, this Court has already recognized that the severability of the unconstitutional portion of the TCPA preserves the enforceability of the remainder of the statute. Despite this Court's ruling, Defendants' Motion *in Limine* merely repeats the same argument previously raised, cites no new authority, and does not address or mention the Court's previous decision. Thus, this argument should be denied.

Likewise, as addressed in the argument below, it is well established that federal jurisdiction cannot be defeated by a state statute prescribing the court in which the action in question is to be brought, contrary to the Defendants' second argument in their Motion *in Limine*. In addition, the applicable respective state statutes for Indiana, Michigan, North Dakota, Ohio, and Texas provide permissive venue for actions in their respective states and not mandatory subject matter jurisdiction. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1337(a), 1355, and the Telephone Consumer

Protection Act ("TCPA"), 47 U.S.C. § 227(g)(2), which are unaffected by applicable state statutes.

As such, the Court should deny the Defendants' Motion *in Limine* to Bar Argument Relative to Claims That Occurred Prior to July 2020 and Other Issues Related to Subject Matter Jurisdiction.

### III. LEGAL STANDARD

A motion *in limine* is "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). District courts have considerable discretion to manage the submission of evidence, including granting motions *in limine*. *Id*. at 41–42.

This Court has taken the position that few issues are truly appropriate for a motion *in limine*:

> Although it is common in civil cases for each party to file a motion in limine prior to trial, I am not a fan of the practice. In my humble opinion, and in the view of a growing number of federal judges, very few issues are truly appropriate subjects for a motion in limine.

*Ugarte v. Mid-Am. Metal Roofing & Siding Installed, LLC*, No. 3:20-CV-00080, 2021 WL 6327683, at *1 (S.D. Tex. Oct. 19, 2021) (citing *D'Alton v. City of Billings*, No. CV 03-159-BLG-RWA, 2006 WL 8431820, at *1 (D. Mont. Oct. 17, 2006) (internal quotation marks omitted)).

The Western District of Texas has a similar view:

> Motions in limine are not favored in this Court. Virtually any objection to the admissibility of evidence can and should be handled in the old-fashioned way, to wit: counsel objecting at the time the evidence is offered, thereby allowing the Court to rule on the

> objection in the context of the trial. In limine relief is warranted only in unusual situations, such as a matter so explosive or so incendiary that sustaining an objection in the routine way may not be sufficient to overcome the risk of undue prejudice.

*Louis Vuitton Malletier v. Eisenhauer Rd. Flea Mkt., Inc.*, No. SA-11-CA-124, 2012 WL 13034079, at *1 (W.D. Tex. Jan. 4, 2012); *see also EEOC v. First Metro. Fin. Serv., Inc.*, 515 F. Supp. 3d 573, 575 (N.D. Miss. 2021) ("[T]he purpose of motions *in limine* is not to re-iterate matters which are set forth elsewhere in the Rules of Civil Procedure or Rules of Evidence, but, rather, to identify *specific* issues which are likely to arise at trial, and which, due to their complexity or potentially prejudicial nature, are best addressed in the context of a motion *in limine*." (quoting *Maggette v. BL Dev. Corp.,* 2011 WL 2134578, *4 (N.D. Miss. May 27, 2011))).

And the Fifth Circuit stated "[m]otions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980), superseded by statute on other grounds as noted in *Mathis v. Exxon Corp.*, 302 F.3d 448, 458 n.16 (5th Cir. 2002). Therefore, Plaintiffs posit that Defendants' Motion *in Limine* to Bar Argument Related to Claims that Occurred Prior to July 6, 2020 and Other Issues Related To Subject Matter Jurisdiction is not proper.

### IV.  ARGUMENT

**1. *AAPC* does not deprive this court of subject matter jurisdiction over any portion of Plaintiffs' TCPA claims.**

Defendants HAA and Smith's Motion *in Limine* is really a disguised motion to dismiss that is meritless and untimely. Motions *in limine* are an improper vehicle to

challenge a court's jurisdiction. Defendants offer no argument regarding the relevance of proffered evidence and instead repeats a prior Constitutional challenge to this Court's subject matter jurisdiction to hear TCPA claims for calls placed before July 6, 2020.

Defendants repeat this challenge, notwithstanding an admission this Court had proper jurisdiction in their respective Answers to the Second Amended Complaint (ECF 144 para. 1-2; ECF 145 para. 1-2) and the fact this Court already ruled *that AACP* does not divest this Court of subject matter jurisdiction on Plaintiffs' TPCA claims. (ECF 133). In denying Defendants' Rule 12 motion to dismiss, this Court noted that "[n]umerous courts have addressed Defendants' argument; nearly every one has rejected it, including the only circuit court that has considered it." (ECF 133 p 2/6).

Further, the Northern District of Texas has made a similar holding. See *Cano v. Assured Auto Group, Sunpath, Ltd*, ___F Supp 3d___; 2021 U.S. Dist. LEXIS 133338 (ND Tex., July 19, 2021) ("Concluding that this interpretation of Section 227(b)(1)(A)(iii) applies retroactively to cover the defendants' alleged conduct is consistent with the constitutional powers of the federal courts, principles of statutory interpretation, and the mandatory authority of *AAPC* and *Frost*. Thus, the court does have subject-matter jurisdiction to hear Cano's TCPA claims.").

Finally, Defendants argument is that the entire TCPA should be unconstitutional, compared to just the portions with the government debt-exception that were addressed in *AAPC*. Those sections are 227(b)(1)(A)(iii) and 227(b)(1)(B). With severability, this would still leave the prohibition on calls made to the National Do Not Call Registry. 47 U.S.C. §

227(c). Not only are Defendants rehashing arguments they already lost on, but they are also trying to take a sledgehammer to the entire TCPA.

Defendants do not cite any new authority suggesting that *AAPC* divests this Court of subject matter jurisdiction to hear TCPA claims regarding robocalls unrelated to the unconstitutional government-debt exception, but instead merely takes a second bite at the apple this Court disposed of nearly two years ago.

Defendants' improper motion should be denied.

## 2. Applicable State Statutes Assigning Venue Do Not Defeat Federal Court Jurisdiction Over Pendant State Claims

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1337(a), 1355, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(g)(2), which provides that the Attorney General of any State may bring a civil action in federal district court to enjoin violations of and enforce compliance with the TCPA on behalf the State's residents. Defendants Health Advisors and Smith claim that the Court lacks authority to address the pendent state law claims of Plaintiff States Indiana, Michigan, North Dakota, Ohio, and Texas because the applicable state statutes assign jurisdiction in named state court venues. As such, Defendants' argument that this Court does not have subject matter jurisdiction over the claims asserted is without merit.

It is well established that "[f]ederal jurisdiction cannot be defeated by a state statute prescribing the court in which the action in question is to be brought." *Big Red Freight System v. Sherman R. Laney,* No. 4:19-CV-00846-RWS, 2020 U.S. Dist. LEXIS 256819, (E.D. Tex. Feb. 18, 2020) (quoting *Akin v. Louisiana Nat'l Bank,* 322 F.2d 749, 759 (5th

Cir. 1963)). A state has no authority to bar or limit federal court jurisdiction over claims that state courts would recognize and enforce. *Railway Co. v. Whitton's Adm'r,* 80 U.S. (13 Wall.) 270, 20 L. Ed. 571 (1871). As aptly stated in *Wrigglesworth v Brumbaugh,* 121 F. Supp. 2d 1126, 1139 (W.D. Mich. 2020):

> This very argument has been rejected for over one hundred years both by the United States Supreme Court and lower federal courts. The reason for rejecting such argument is obvious. Were the federal courts limited in their exercise of diversity and supplemental jurisdiction by state statutes assigning a state forum, then the exercise of that jurisdiction, as contemplated by Congress and the Framers of the Constitution, could be frustrated in a manner inconsistent with the pre-eminence of federal law. As the Supreme Court has wisely stated: "Whenever a general rule as to property or personal rights, or injuries to either, is established by State legislation, its enforcement by a Federal court in a case between proper parties is a matter of course, and the jurisdiction of the court, in such case, is not subject to State limitation.[1]

In addition, the applicable state statutes for Indiana, Michigan, North Dakota, Ohio and Texas ***provide permissive venue for actions in the various states and not mandatory subject matter jurisdiction***, as Defendants incorrectly claim. Moreover, Defendants' disingenuously insert the word "only" as a prefix to quoted language of the cited statutes. Notwithstanding, the applicable sections of the respective statutes provide:

Indiana: IC 24-4.7-5-5

> Sec. 5. An action under this chapter **may** be brought in the circuit or superior court of Marion County.

---

[1] Citing *Railway Company v. Whitton,* 80 U.S. 270, 286, 20 L. Ed. 571 (1871). *See Mullen v. Academy Life Ins. Co., 705 F.2d 971, 975 (8th Cir. 1983); TBK Partners Ltd. v. Western Union Corp., 675 F.2d 456, 460 n. 3 (2d Cir.1982); Duchek v. Jacobi, 646 F.2d 415, 418-19 (9th Cir.1981); Miller v. Perry, 456 F.2d 63, 64 (4th Cir.1972); Hayes Ind., Inc. v. Caribbean Sales Associates, Inc., 387 F.2d 498, 500 (1st Cir.1968); Akin v. Louisiana National Bank of Baton Rouge, 322 F.2d 749, 759 (5th Cir.1963); Holt v. King, 250 F.2d 671, 675 (10th Cir.1957); Hibbs v. Yashar, 522 F. Supp. 247, 250-51 n. 1 (D.R.I.1981); Rubel-Jones Agency, Inc. v. Jones, 165 F. Supp. 652, 654 (W.D. Mo.1958). See also Czajkowski v. Jovanovich, 28 F.3d 105, 1994 WL 247089 (9th Cir. 1994)* (unpublished decision); *Graham v. Holiday Inns, Inc., 1986 U.S. Dist. LEXIS 27618, 1986 WL 15783 (W.D. Tenn. 1986)* (unpublished decision).

<u>Michigan</u>:  MCL 445.905(1)

> The action **may** be brought in the circuit court of the county where the defendant is established or conducts business or, if the defendant is not established in this state, in the circuit court of Ingham County.

<u>North Dakota</u>:  §§ 51-28-01 (Telephone Solicitations Act)

> The attorney general or a plaintiff in a private enforcement action **may** bring an action pursuant to this chapter in either the county of the telephone subscriber's residence or Burleigh County.

> In addition, the North Dakota Telephone Solicitations Act (TSA) provides that a violation of the TSA is also a separate violation of N.D.C.C. §§ 51-15-01 *et seq.*, North Dakota's "Unlawful Sales or Advertising Practices," (commonly referred to as North Dakota's "Consumer Fraud Law") that contains no limitations on venue.

<u>Ohio</u>:  ORC 4719.12

> (A) Whenever it appears that a person has violated, is violating, or is about to violate a provision of sections 4719.01 to 4719.18 of the Revised Code, the attorney general **may** bring an action in a court of common pleas to enjoin the alleged violation. Upon a showing of a violation of a provision of those sections, the court shall grant a temporary restraining order, preliminary injunction, or permanent injunction without bond. The court may impose a civil penalty of not more than five thousand dollars for each day of violation of a temporary restraining order, preliminary injunction, or permanent injunction issued under this section. The court may issue an order for the reimbursement of a purchaser for any loss that results from a violation of a provision of sections 4719.01 to 4719.18 of the Revised Code, for the appointment of a referee or receiver, for the sequestration of assets, or for any other appropriate relief. The court may award the attorney general all costs together with all expenses of the attorney general's investigation and reasonable attorney's fees incurred in the prosecution of the action. Moneys awarded to the attorney general under this section shall be deposited in the consumer protection enforcement fund created by section 1345.51 of the Revised Code.

<u>Texas</u>: Tex. Bus. & Com. Code § 304.259

> **(a) Venue** for an action based on a violation of Subchapter B or C is in: **(1)** the county in which the telemarketing call was made or received or **(2)** Travis

>County, if the action is brought by the commission, the attorney general, or a state agency.
>
>**(b) Venue** for an action under Subchapter D is in Travis County.
>
>Plaintiff State of Texas' claim is brought under Subchapter B, so venue is proper in the county in which the telemarketing call was made or received—Harris County, Texas where this Court resides.

(Emphasis added throughout.)

Finally, any challenge to venue raised by Defendants' motion *in limine* is untimely and waived under Federal Rule of Civil Procedure 12(h)(1). Further, Defendant Health Advisors of America admitted subject matter jurisdiction, including pendant jurisdiction, and venue in its Answer to Plaintiffs' Second Amendment Complaint. See ECF 145, para. 1-2. Defendant Smith also admitted the same. (*See* ECF 144, para. 1-2).

## V.  CONCLUSION

For the above reasons, Plaintiffs respectfully request that the Court deny Defendants' Motion *in Limine* to Bar Argument Related to Claims that Occurred Prior to July 6, 2020 and Other Issues Related to Subject Matter Jurisdiction.

Date filed: May 12, 2023                                     Respectfully submitted,

| FOR THE STATE OF ARKANSAS: | FOR THE STATE OF INDIANA: |
|---|---|
| TIM GRIFFIN<br>Attorney General for the State of Arkansas | TODD ROKITA<br>Attorney General for the State of Indiana |
| /s/ Amanda J. Wentz<br>AMANDA J. WENTZ<br>Ark. Bar No. 2021066<br>Amanda.Wentz@ArkansasAG.gov<br>Assistant Attorney General<br>Office of the Arkansas Attorney General<br>323 Center Street, Suite 200<br>Little Rock, AR 72201<br>(501) 682-1178<br><br>*Counsel for Plaintiff*<br>*STATE OF ARKANSAS* | /s/ Joseph D. Yeoman<br>DOUGLAS S. SWETNAM<br>Indiana Bar No. 15860-49<br>douglas.swetnam@atg.in.gov<br>JOSEPH D. YEOMAN<br>Indiana Bar No. 35668-29<br>Joseph.Yeoman@atg.in.gov<br>Deputy Attorneys General<br>302 West Washington Street<br>IGCS – 5th Floor<br>Indianapolis, IN 46204<br>(317) 232-6294 (Swetnam)<br>(317) 234-1912 (Yeoman)<br>(317) 232-7979 (Fax)<br><br>*Counsel for Plaintiff*<br>*STATE OF INDIANA* |

| FOR THE STATE OF MICHIGAN: | FOR THE STATE OF NORTH CAROLINA: |
|---|---|
| DANA NESSEL<br>Attorney General for the State of Michigan | JOSHUA H. STEIN<br>Attorney General for the State of North Carolina |
| /s/ Kathy P. Fitzgerald<br>KATHY P. FITZGERALD<br>Michigan Bar No. P31454<br>fitzgeraldk@michigan.gov<br>SCOTT MERTENS<br>Michigan Bar No. 60069<br>mertenss@michigan.gov<br>MICHAEL S. HILL<br>Michigan Bar No. P73084<br>Hillm19@michigan.gov<br>Assistant Attorneys General<br>Corporate Oversight Division<br>Michigan Department of Attorney General<br>P.O. Box 30736<br>Lansing, MI 48909<br>Telephone: (517) 335-7632<br>Facsimile: (517) 335-6755<br><br>*Counsel for Plaintiff*<br>*STATE OF MICHIGAN* | /s/ Tracy Nayer<br>TRACY NAYER<br>North Carolina State Bar No. 36964<br>tnayer@ncdoj.gov<br>Special Deputy Assistant Attorney General<br>North Carolina Department of Justice<br>Consumer Protection Division<br>P.O. Box 629<br>Raleigh, N.C. 27602<br>Telephone: (919) 716-6000<br>Facsimile: (919) 716-6050<br><br>*Counsel for Plaintiff*<br>*STATE OF NORTH CAROLINA* |

<div style="column-count:2">

**FOR THE STATE OF NORTH DAKOTA:**

DREW H. WRIGLEY
Attorney General for the State of North Dakota


/s/ Parrell D. Grossman
PARRELL D. GROSSMAN
North Dakota State Bar No. 04684
pgrossman@nd.gov
Office of Attorney General of North Dakota
Consumer Protection & Antitrust Division
1720 Burlington Drive, Ste. C
Bismarck, ND 58504
Telephone: (701) 328-5570

*Counsel for Plaintiff*
*STATE OF NORTH DAKOTA*

**FOR THE STATE OF OHIO:**

DAVE YOST
Attorney General for the State of Ohio


/s/ Erin B. Leahy
ERIN B. LEAHY
Ohio Bar No. 69509
W. TRAVIS GARRISON
Ohio Bar No. 76757
Assistant Attorneys General
Ohio Attorney General's Office
Consumer Protection Section
30 E. Broad Street, 14th Floor
Columbus, Ohio 43215
(614) 752-4730 (Leahy)
(614) 728-1172 (Garrison)
Erin.Leahy@OhioAGO.gov
Travis.Garrison@OhioAGO.gov

*Counsel for Plaintiff*
*STATE OF OHIO*

</div>

**FOR THE STATE OF TEXAS:**

KEN PAXTON
Attorney General for the State of Texas


/s/ Wade A. Johnson
WADE A. JOHNSON
Fed. Bar No: 105556
Texas Bar No. 24062197
Wade.johnson@oag.texas.gov
C. BRAD SCHUELKE
Texas Bar No. 24008000
Brad.schuelke@oag.texas.gov
DAVID SHATTO
Fed. Bar No: 3725697
Texas Bar No: 24104114
Assistant Attorneys General
Office of the Attorney General
P.O. Box 12548 (MC-010)
Austin, Texas 78711
Telephone: (512) 463-2100
Facsimile: (512) 473-8301

*Counsel for Plaintiff*
*STATE OF TEXAS*

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(a), I hereby certify that, on May 12, 2023, I electronically filed the foregoing PLAINTIFF STATES' RESPONSE IN OPPOSITION TO (1) DEFENDANT HEALTH ADVISORS OF AMERICA, INC. AND MICHAEL T. SMITH'S MOTION *IN LIMINE* TO BAR PLAINTIFFS' SUPPLEMENTAL EXPERT REPORT DATED APRIL 19, 2023 AND TESTIMONY REGARDING THE ULTIMATE QUESTIONS IN THIS CASE AND (2) DEFENDANT SCOTT SHAPIRO'S MOTION TO JOIN AND ADOPT HEALTH ADVISORS OF AMERICA, INC. AND MICHAEL T. SMITH'S MOTION *IN LIMINE* TO BAR PLAINTIFFS' SUPPLEMENTAL EXPERT REPORT DATED APRIL 19, 2023 AND TESTIMONY REGARDING THE ULTIMATE QUESTIONS IN THIS CASE with the Clerk using the CM/ECF system, which will automatically send e-mail notification of such filing to all counsel of record.

/s/ Joseph D. Yeoman
Joseph D. Yeoman