Case 4:20-cv-02021   Document 266   Filed on 04/17/24 in TXSD   Page 1 of 19

United States Courts
Southern District of Texas
FILED

*April 17, 2024*

Nathan Ochsner, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| STATE OF TEXAS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>RISING EAGLE CAPITAL GROUP LLC, et al.,<br><br>Defendants. | CASE NO. 4:20-cv-02021 |

**DEFENDANT'S RESPONSE TO MOTION TO MODIFY THE STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AGAINST JOHN C. SPILLER, II**

1

## TABLE OF CONTENTS

**Page No.**

I. STATEMENT OF THE ISSUE ................................................................................................ 3

II. FACTS ..................................................................................................................................... 4

    A.    The Underlying Case ................................................................................................ 4

    B.    Defendant Denies Wrongdoing Continues ............................................................... 5

III. DISCUSSION .......................................................................................................................... 5

    A.    The Court Maintains Limited Authority to Modify Its Order. ................................ 6

    B.    Defendant's Current Activity No Longer Warrants Modification of the Stipulated Order ........................................................................................................................ 7

    C.    Plaintiff's Proposed Modifications Are Not Suitably Tailored to the Current Circumstances. ......................................................................................................... 8

        i.    Proposed Modifications to the Stipulated Order ............................................. 8

        ii.    Plaintiff Proposes Modifications to the Stipulated Order ............................. 11

IV. CONCLUSION ..................................................................................................................... 14

NOW COMES, Defendant, John C. Spiller, II ("Defendant"), in pro per, and in Response to Plaintiff's Motion to Modify the Stipulated Order for Permanent Injunction and Monetary Judgment against John C. Spiller, II ("Motion to Modify") provides this response to Motion to Modify Permanent Injunction and Monetary Judgment entered on March 6, 2023 ("Stipulated Order") stating that the purpose of the Stipulated Order has been achieved and no ongoing current circumstances exist necessitating the Court to act and modify the Stipulated Order to further protect consumers.  In further response to the Motion to Modify, Defendant moves for additional time to provide the payment of the Fifty Thousand Dollars ($50,000.00) in civil penalties due in accordance with the Stipulated Order.

## I.   STATEMENT OF THE ISSUE

Whether the Court should modify the Stipulated Order for the reasons set forth in the Motion to Modify and this response.  Defendant believes the purpose of the Stipulated Order has been achieved requiring no further action to expand and strengthen the terms of the Stipulated Order and injunction to ensure Defendant's compliance with the Order and further protect consumers going forward.

Defendant believes the Court should limit modification of the Stipulated Order to allow Defendant additional time to submit payment for the Fifty Thousand Dollars ($50,000.00) in civil penalties due under Section XIII of the Stipulated Order suspending the collection of the One Hundred and Twenty-Two Million Three Hundred and Thirty-Nine Thousand Three Hundred and Twenty US Dollars ($122,339,320.00) money judgment.

## II.   FACTS

### A.   The Underlying Case

Plaintiff filed a Second Amended Complaint on October 30, 2020, against Defendant and co-defendants alleging violations of federal and state telephone privacy and telemarketing laws in connection with the initiation of outbound telephone calls which delivered artificial or prerecorded voice messages ("Robocalls") to residents of the Plaintiff's states for the purpose of generating sales leads.

Defendant maintained ownership interests and operated Rising Eagle Capital Group LLC, JSquared Telecom LLC, and Rising Eagle Capital Group-Cayman (collectively, "Rising Eagle").  Working with Health Advisors of America, Inc., Rising Eagle engaged HelloHunter of Singapore to design and provide a telephone dialer platform and provided the voice-over-Internet Protocol ("VoIP") service used to initiate and deliver Robocalls on behalf of customers, including Health Advisors of America, Inc, Michael T. Smith, Jr., and Scott Shapiro.

Plaintiff resolved claims against Defendant with a Stipulated Order entered on March 6, 2023. This Court's Stipulated Order permanently enjoins Defendant from engaging in or facilitating illegal telemarketing practices, including through the provision of Robocalls.

Plaintiff requests modifications to the Stipulated Order to enhance the injunctive provisions and to ensure Defendant's compliance with the Order going forward.  Defendant believes the Stipulated Order as written successfully addresses the matters of interest consistent with the purpose, making the modifications requested by the Plaintiff unnecessary.  In fact, excepting a delay in the payment of the Fifty Thousand Dollars ($50,000.00), and a few immaterial instances arising due to interpretation issues, Defendant currently materially complies with the Stipulated Order.  Further, a recent change in Defendant's financial circumstances permits Defendant make payment under the plan proposed below.

Accordingly, Defendant respectfully asks this Court to reject Plaintiff's request to modify the Stipulated Order and proposes a single modification of the Stipulated Order providing Defendant with an additional time to remit payment of the Fifty Thousand Dollars ($50,000.00). Defendant asks the Court to modify the Stipulated Order to include the following payment plan: One Thousand Dollars ($1,000.00) within sixty (60) days of entering an Order modifying the Stipulated Order, and One Thousand Dollars ($1,000.00) monthly until paid in full.

### B.  Defendant Denies Wrongdoing Continues

Plaintiff relies upon averments raised in a Motion for an Order to Show Cause ("Motion to Show Cause") formally served upon this Defendant on April 12, 2024.    Defendant denies ongoing violations of the Stipulated Order causing harm to consumers continue to date. Defendant will address the statements set forth in Plaintiff's Motion to Show Cause separately.

While Defendant admits a delay in realizing and implementing some of the provisions of the Stipulated Order, Defendant denies attempting to deceive Plaintiff, the Court, and the public by using aliases, falsifying business records, and using family members a straw owner of one of his businesses in an attempt to continue doing business in the same manner that led to the filing of the original Complaint.

In view of the current statue of compliance, Defendant denies having blatant disregard for the Stipulated Order; as such, excepting Defendant's request for modification of the ordering clause concerning the payment of the Fifty Thousand Dollars ($50,000.00), modification of the Stipulated Order as requested by Plaintiff to achieve the primary intended purpose of protecting the public is unnecessary.

### III.  DISCUSSION

In view of the circumstances, Defendant believes no reason exists to modify the Stipulated Order to protect consumers from Defendant's ongoing behavior.    As discussed

5

below, the Court may under limited circumstances modify its permanent injunction in response to changed circumstances; however, Defendant's purported violations do not constitute a continuing violation warranting modification of the Stipulated Order.

Plaintiff proposes modifications wrongfully and permanently enjoining Defendant from engaging in the provision of any and all telephony services as Defendant currently operates lawfully as required under the Stipulated Order. Plaintiff's intention to send a message to Defendant through such modifications potentially harms the public as certain proposed modifications may deprive Defendant of the ability to make the Fifty Thousand Dollars ($50,000.00) payment. Plaintiff seeks to send a message in this instance for no reason other than to punish the Defendant by eliminating the narrow path for Defendant to operate or support other forms of participating in the telephony industry.

### A. The Court Maintains Limited Authority to Modify Its Order

In limited circumstances, Courts have inherent authority to modify final orders, including permanent injunctions. Plaintiff cites *United States v. Swift Co.*, 286 U.S. 106, 114, 52 S. Ct. 460, 462 (1932). Defendant agrees that the Court in Swift recognizes that decrees involving supervision of changing conduct or conditions may be revised if necessary to adapt to future events. *See Swift 114-115*. In this instance, no current violations exist requiring adaptation through modification of the Stipulated Order to protect the public.

Federal Rule of Civil Procedure 60(b)(5) codifies the Court's authority to modify its orders when the "judgment has been satisfied, released, or discharged or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable to that the judgment should have prospective application."

A party seeking modification must show that: (1) a significant change in the facts or law warrants modification of the order; and (2) the proposed modification is suitably tailored to the

6

changed circumstances. *Rufo*, 502 U.S. at 383, 112 S. Ct. at 760; *see also League of United Latin American Citizens, Dist. 19 v. City of Boerne*, 659 F.3d 421, 436 (5th Cir. 2011).

Under the standard adopted by the Court in Rufo, a party seeking modification bears the burden of establishing that a significant change in facts or laws warrants revision of the decree, and that the proposed modification is suitably tailored to the changed circumstances. See Rufo, Pp 383-393. In this instance, Plaintiff fails to satisfy this burden as no current circumstances exist requiring a modification to the Stipulated Order to protect the public going forward. Further, Defendant's purported violations of the Stipulated Order do not constitute continuing and ongoing changed circumstances requiring intervention of the Court, and the proposed modifications do not appear suitably tailored to provide any benefit to the public going forward.

> B. **Defendant's Current Activity No Longer Warrants Modification of the Stipulated Order.**

In cases cited by the Plaintiff, the defendants' non-compliant behavior appears ongoing requiring suitably tailored modification to the original Court decrees to protect consumers. In contrast, Defendant currently materially complies with the Stipulated Order; as such, Defendant's conduct warrants no additional relief to protect consumers.

Importantly, Defendant denies having any current involvement in facilitating artificial or prerecorded voice telephone calls violating the fundamental purpose of the permanent injunction. Further, Defendant currently complies with the Stipulated Order prohibiting Defendant from making unlawful calls and neither harasses nor helps others harass consumers by facilitating illegal prerecorded messages.

Defendant denies purposefully attempting to avoid detection by the Plaintiff using alias names to conduct business and by setting up business entities using straw owners, including his own family member. Defendant's actions comport with legitimate commercial purposes.

Finally, Defendant denies current activity inconsistent with the Stipulated Order in

7

supporting various businesses in telephony.

### C. Plaintiff's Proposed Modifications Are Not Suitably Tailored to the Current Circumstances.

Defendant denies a change in factual landscape continues sufficient to require action by this Court to protect consumers from Defendant's purportedly ongoing recidivistic behavior.

#### i. Proposed Modifications to the Stipulated Order

Defendant and Plaintiff request the provisions of the Stipulated Order remain in full force and effect. Defendant finds Plaintiff's specific modifications unnecessary and offers supplemental language below for the only area requiring modification appearing in Subsection B of Section XIII. Monetary Judgment:

> B. It is further ORDERED that:
>
> Defendant Spiller is ordered to pay Plaintiff States the amount of Fifty Thousand Dollars ($50,000.00) in civil penalties in equal monthly payment of One Thousand Dollars ($1,000.00), with the first payment due sixty (60) days following the Court's entry of this Order, of which Ten Thousand Dollars ($10,000.00) shall be paid with the first ten (10) payments under the plan. Such initial ten (10) monthly payments shall be made to the Plaintiff State of North Dakota and shall be in the form of a check or money order payable to the Office of Attorney General-North Dakota for the equal distribution to the remaining Plaintiffs. Upon such payments, there remainder of the Judgment specified in Subsection A above is suspended due to inability to pay, subject to the remaining Subsections of Section XI set forth below.

#### ii. Plaintiff Proposes Modifications to the Stipulated Order

Although Defendant finds Plaintiff's modifications unnecessary under the circumstances, Defendant offers changes to the injunctive language appearing in Plaintiff's Proposed Order Granting Plaintiff's Motion to Modify in Exhibit A. Defendant addresses Plaintiff's arguments with regard to the proposed modifications to the Stipulated Order below.

**Ban on Providing Telephony Services**

Plaintiff unnecessarily proposes a ban on Defendant providing all telephony services. Plaintiff claims that Defendant demonstrates "through his actions that he cannot be trusted to operate as a voice service provider that will properly vet customers and prevent customers from using his services to originate or facilitate illegal robocalls that harass call recipients with unwanted calls and pose economic harm to those consumers who suffer losses as result of fraud calls."

Contrary to the Plaintiff's averments, Defendant ceased all current telemarketing activity. Plaintiff relies heavily upon issues with Defendant's alleged previous activity. Defendant's current course of conduct materially differs from the alleged prior activity. In fact, Defendant does not continue to engage in the same acts and practices today.

Plaintiff alleges that the Compliance Report admits to wrongdoings; Defendant views the transparency differently. In the Compliance Report, Defendant reinforces the commitments of the Stipulated Order. Clearly, the execution of the Stipulated Order ultimately changed Defendant's behavior. However, Defendant's background and experience may not have provided the Defendant with the tools necessary to completely understand the nuances of the substantive requirements of the Stipulated Order or the ongoing reporting obligations immediately upon signing. In fact, despite Plaintiff's efforts to explain terms and conditions of the Stipulated Order, the great weight of having over thirty-two (32) state attorney generals and other regulatory agencies waging attacks on an individual certainly clouds the thinking and immediate understanding. Similar to other respondents, Defendant's understanding of the importance of compliance reporting and what constitutes complete compliance reporting may also have been an issue.

Plaintiff cites the following statement from Defendant: "Im [sic] officially out of USA

9

Voip. No more hearing my name at all" to in sum way allege Defendant in some way deserves a permanent ban from all telephony services, and further, Defendant appears "seemingly willing to accept a permanent ban." Defendant denies Plaintiff's interpretation. While the statement may recognize a departure from an area of the Telephony Services area, Defendant in no way supports a permanent ban from the entire industry. In fact, Plaintiff misunderstands the statements as a whole. When Defendant states "No more hearing my name at all," Defendant means anything involving Defendant will be squeaky clean going forward. As such, you will not hear Defendant's name as a wrongdoer going forward.

Defendant finds Plaintiff's arguments unpersuasive and firmly believes that continuing under the terms of the existing permanent injunction successfully achieves and will continue to achieve the original objective of protecting consumers from harassing telephone calls. As distinct from *United Shoe*, 391 U.S. at 251-52, 88 S. Ct. at 1501, the Court includes drastic remedies in the Stipulated Order. We believe such drastic remedies have been ultimately successful in achieving the objectives of the Stipulated Order to protect the public from unwanted Robocalls. In view of the current circumstances, Defendant believes the proposed modifications expanding the permanent ban on the provision of any and all telephony services is unnecessary to protect consumers from abusive illegal Robocalls. Defendant is not currently in any way delivering directly or indirectly supporting the delivery of unlawful Robocalls.

At this time, the absence of continuing violations demonstrates the effectiveness of the requirements set forth in the Stipulated Order in protecting the public. Accordingly, Defendant should not be enjoined entirely from participation in the telephony services industry.

As a measure of full disclosure in the Compliance Report, Defendant admits notifying Plaintiffs of the intent to a limited participation in the telecommunications industry by making "SMS sales" with Victory Telecom.

Plaintiff's claim that Defendant will violate injunctive terms by assisting and facilitating in text messaging operations will likely lead to bothering citizens of the Plaintiff states with messages. Defendant finds this argument unpersuasive. Plaintiff cites no examples to date of complaints involving Defendant and text messages. As such, we believe including text messaging in the ban on Telephony Services serves no purpose except to impose further punishment upon Defendant. Plaintiff cites distinguishable cases in making the argument for a complete ban.

### Ban on Certain Business Relationships

Plaintiffs appear to propose a ban on certain business relationships to ensure Defendant discontinues relationships to avoid violating the Stipulated Order with the same people. Defendant denies manipulating or finding persons who knowingly or unknowingly help Defendant violate the law and/or Stipulated Order.

Defendant disagrees with Plaintiff that continuing under the terms of the existing permanent injunction fails to achieve the original objective of protecting consumers. *See United Shoe*, 391 U.S. at 251-52, 88 S. Ct. at 1501. Accordingly, as demonstrated by the lack of current activity the target of the Stipulated Order, the proposed permanent ban on working with people identified by Plaintiff as helping Defendant violate the Stipulated Order appears unnecessary to ensure Defendant complies with the Stipulated Order. In short, consumers require no further measures in the Stipulated Order to protect against unlawful Robocalls.

### Ban on Deceptive Representations

Plaintiff purports to ban deceptive representations to ensure that Defendant discontinues violating the Stipulated Order by using an alias or falsifying business records filed with the federal and state governments, including agencies. As in the previous sections, Plaintiff argues that continuing under the terms of the existing permanent injunction will not achieve the original

objective of protecting consumers. Plaintiff incorrectly assumes Defendant's use of an alias serves to hide or conceal activities with regard to federal and state regulatory agencies. Defendant consistently explains the commercial purpose of using an alias in this situation. Defendant finds the changes proposed unnecessary to protect consumers from abusive calls.

### Modification to Dissolution of Business Entities.

Plaintiff proposes requirements to dissolve the "newest companies" purportedly ensures Defendant will not use these legal entities to circumvent or violate the Stipulated Order. Defendant denies creating entities in violation of the Stipulated Order; however, as a measure of further cooperation will take affirmative action to dissolve the companies within sixty (60) days. Notwithstanding, Defendant finds such new language unnecessary to protect consumers from abusive calls.

### Monetary Judgment

The Stipulated Order suspends the enforcement of the One Hundred and Twenty-Two Million Three Hundred and Thirty-Nine Thousand Three Hundred and Twenty US Dollars ($122,339,320.00) money judgment with payment of Fifty Thousand Dollars ($50,000.00) due to the inability to pay. While the circumstances have not changed with regard to Defendant's ability to the pay the One Hundred and Twenty-Two Million Three Hundred and Thirty-Nine Thousand Three Hundred and Twenty US Dollars ($122,339,320.00) money judgement, Defendant circumstances provide the opportunity to pay the Fifty Thousand Dollars ($50,000.00) under payment plan have changed.

At the time Defendant entered into the original payment commitment, Defendant did not realize the difficulty in making money to pay the Fifty Thousand Dollars ($50,000.00). The devastating emotional and economic impact of the events leading up to the Stipulated Order and thereafter interfered with Defendant's ability to make the Fifty Thousand Dollars ($50,000.00)

payment within the time required after the entry of the Stipulated Order. However, the Defendant believes current opportunities now provide a means to make such payment under the monthly payment plan proposed. For this reason, Defendant asks the Court to modify the Stipulated Order to include the following payment plan: One Thousand Dollars ($1,000.00) within sixty (60) days of entering an Order modifying the Stipulated Order, and One Thousand Dollars ($1,000.00) monthly until the Fifty Thousand Dollars ($50,000.00) is paid in full. Defendant further asks the Court to suspend the collection of the judgment in the full amount of One Hundred and Twenty-Two Million Three Hundred and Thirty-Nine Thousand Three Hundred and Twenty US Dollars ($122,339,320.00) consistent with the language proposed in Section III.C(i) above.

Failing to pay due to true unexpected economic circumstances is not flagrant violation of the Stipulated Order as Plaintiff avers. As to the payment of the Fifty Thousand Dollars ($50,000.00), Defendant simply could not make the payment. Plaintiff maintains experience with the impact of such enforcement actions and Stipulated Orders with prior defendants. Through this experience, Plaintiff must recognize the dire financial circumstances Defendant endures through this process.

In fact, as a result of the attacks upon the Defendant by Plaintiff and the other regulatory agencies, until recently, Defendant has been unable to fully support his family. Defendant moved into relatives as a last resort to feed and house his family.

Defendant in no way demonstrates contemptuous disregard for this payment requirement. During this period, Defenant continues to make reasonable efforts under the circumstances to comply with the payment obligation. Perhaps if Defendant had the means or true opportunity to pay and elected to flaunt the purchase of luxury items while ignoring the obligation to pay, then we would agree with Plaintiff. However, such facts do not exist in this

instance.

## IV. CONCLUSION

Defendant firmly believes the Stipulated Order includes requirements ultimately effective in achieving the objective of protecting consumers. Defendant suspects Plaintiff moves forward with this Motion to Modify to further punish Defendant for matters well under control and resolved with the Stipulated Order. With this Motion to Modify, Defendant wrongfully attempts to bar Defendant from pursuing a narrow area of Telephony Services based upon Defendant's purported actions during a period prior to the imposition of the requirements of the Stipulated Order in an entirely different segment of the Telephony Services.

Defendant hereby requests that the Court deny Plaintiff's requires to modify the Stipulated Order as proposed by Plaintiff and grant Defendant's request by providing additional time to pay the Fifty Thousand Dollars ($50,000.00) and continue the suspension of the monetary judgment as set forth above. In the alternative, Defendants asks the Court to accept the revised proposed language to Modify the Stipulated Order appearing in Exhibit A.

Respectfully Submitted:

By: John Spiller, II

Date: 04/17/2024

EXHIBIT A

CHANGES TO PROPOSED LANGAGE:

Modify the permanent injunction as follows:

1. Defendant Spiller and his companies (including any subsidiaries or affiliates), officers, agents, and employees, and all other persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, are hereby permanently restrained and enjoined from:

    a. Engaging in, or Assisting and Facilitating others to engage in, the provision of any and all Telephony Services, including but not limited to providing number resources, consulting for, or deriving any income from the provision of Telephony Services, and/or Assisting or Facilitating any persons engaged in Telephony Services as a source of income.
        i. "Telephony Services" means wireline or wireless telecommunications services, including, without limitation:
            1. The dialing, origination, termination, routing, or transmission of any telephone calls made over a public switched telephone network;
            2. VoIP Services;
            3. ~~Electronic messaging services~~;
            4. Ringless voicemail messages;
            5. ~~Text messaging services, including but not limited to, short message service ("SMS"), multimedia messaging service ("MMS"), over the top messaging service ("OTT")~~; or
            6. ~~Any~~ other common carriage~~,~~ or telecommunications~~, or information~~ services __capable of delivering Robocalls__~~;~~.

    b. Engaging in, or Assisting and Facilitating others to engage in, entering into or continuing any business relationship, including, without limitation, consulting services, with ~~(A)~~ Steve Emory, Allan Noorda, Jay Kordic, and Andy Jones or any of their existing or future companies~~, and/or (B), Harold Speight and Margarita ("Maggie") Casanova or any of their existing or future companies, if Harold Speight, Maggie Casanova, or any of their existing or future companies offers Telephony Services as a service or product~~.

      c. Engaging in, or Assisting and Facilitating others to engage in, deceptive representations, including but not limited to:
           i. Going by an alias when entering into or maintaining a business relationship, or when communicating with a Customer; or
           ii. Filing or submitting documents to the federal government or a state government, including administrative agencies, or communicating with the federal government or a state government, including administrative agencies, where Defendant Spiller does not use his full legal name.

2. It is further ORDERED that Defendant Spiller shall take the steps necessary to cause the formal dissolution of VoIP4All LLC and ATX Telco LLC within sixty (60) days of the entry of this Order. Defendant Spiller shall provide Plaintiffs with documentation of the required dissolution no later than thirty 30 days after completion.

3. ~~It is further ORDERED that the full amount of the monetary judgment in the amount of $122,339,320 (One Hundred and Twenty-Two Million, Three Hundred and Thirty-Nine Thousand, Three Hundred and Twenty Dollars) as set forth in Section XIII of the Stipulated Order is due and payable to the Plaintiff States. Paragraph B of Section XIII ordered Spiller to pay the amount of $50,000 (Fifty Thousand Dollars) in civil penalties on or before twelve months following the Court's entry of this Order, of which $10,000 was due 30 days following the Court's entry of this Order. Upon such payments, the remainder of the full judgment amount would have been suspended due to inability to pay, providing no other subsequent events set forth in the remaining subsections triggered reinstatement of the monetary judgment. Defendant Spiller has violated the Stipulated Order by failing to pay the amount of $50,000 and therefore has waived or forfeited his option to have the great majority of the monetary judgment suspended.~~

3. Defendant Spiller is ordered to pay Plaintiff States the amount of Fifty Thousand Dollars ($50,000.00) in civil penalties in equal monthly payment of One Thousand Dollars ($1,000.00), with the first payment due sixty (60) days following the Court's entry of this Order, of which Ten Thousand Dollars ($10,000.00) shall be paid with the first ten (10) payments under the plan.  Such initial ten (10) monthly payments shall be made to the Plaintiff State of North Dakota and shall be in the form of a check or money order payable to the Office of Attorney General-North Dakota for the equal distribution to the remaining Plaintiffs.  Upon such payments, there remainder of the Judgment specified in Subsection A above is suspended due to inability to pay, subject to the remaining Subsections of Section XI set forth below.

4. It is further ORDERED this Court retains jurisdiction of this matter for the purposes of construction, modification and enforcement of this Order and the Stipulated Order entered on March 6, 2023.

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy upon Joseph Yeoman, counsel for Plaintiff on April 17, 2024.

*John C. Spiller II* (signature)

John Spiller, II

Date: 04/17/2024