Case 4:20-cv-02021   Document 267   Filed on 04/17/24 in TXSD   Page 1 of 13

United States Courts
Southern District of Texas
FILED
*April 17, 2024*
Nathan Ochsner, Clerk of Court

STATE OF TEXAS, et al.,

    Plaintiffs,

v.

RISING EAGLE CAPITAL GROUP LLC, et al.,

    Defendants.

CASE NO. 4:20-cv-02021

**<u>Defendant's Response to Show Cause</u>**

## TABLE OF CONTENTS

**Page No.**

I.  STATEMENT OF THE ISSUES ....................................................................................... 3

II. INTRODUCTION ............................................................................................................. 3

III. FACTS .............................................................................................................................. 4

   A.  The Underlying Case ............................................................................................. 4

   B.  Defendant Spiller's Continuing Conduct ............................................................. 13

IV. DISCUSSION ................................................................................................................. 16

   A.  The Permanent Injunction Binds Defendant ....................................................... 17

   B.  Plaintiff Claims Defendant Flagrantly Violates the Permanent Injunction ....... 17

IV. CONCLUSION ............................................................................................................... 18

NOW COMES, Defendant, John C. Spiller, II ("Defendant"), in pro per, and in Response to Plaintiff's Motion for Order to Show Cause ("Motion to Show Cause"), states as follows:

## I.   STATEMENT OF THE ISSUE

Whether the Court should hold Defendant in civil contempt for violations of the Stipulated Order.

## II.   INTRODUCTION

Plaintiff filed a Second Amended Complaint on October 30, 2020, against Defendant and co-defendants alleging violations of federal and state telephone privacy and telemarketing laws in connection with the initiation of outbound telephone calls which delivered artificial or prerecorded voice messages ("Robocalls") to residents of the Plaintiff's states for the purpose of generating sales leads.

Defendant maintained ownership interests and operated Rising Eagle Capital Group LLC, JSquared Telecom LLC, and Rising Eagle Capital Group-Cayman (collectively, "Rising Eagle").  Working with Health Advisors of America, Inc., Rising Eagle engaged HelloHunter of Singapore to design and provide a telephone dialer platform and provided the voice-over-Internet Protocol ("VoIP") service used to initiate and deliver Robocalls on behalf of customers, including Health Advisors of America, Inc, Michael T. Smith, Jr., and Scott Shapiro.

Plaintiff resolved claims against Defendant with a Stipulated Order entered on March 6, 2023. This Court's Stipulated Order permanently enjoins Defendant from

engaging in or facilitating illegal telemarketing practices, including through the provision of Robocalls.

Plaintiff claims Defendant continues to harass consumers with deceptive and abusive Robocalls and otherwise fails to comply with the terms of the Stipulated Order. Defendant denies ongoing violations of the Stipulated Order causing harm to consumers currently continue to date.

While Defendant admits a delay in realizing and implementing some of the provisions of the Stipulated Order, Defendant denies attempting to deceive Plaintiff, the Court, and the public by using aliases, or using family members as straw owners in an attempt to continue doing business in the same manner that led to the filing of the original Complaint.

In fact, excepting the payment obligation, this Defendant currently materially complies with the terms and conditions of the Stipulated Order protecting consumers; as such, Defendant's conduct warrants no additional relief to protect consumers. Importantly, Defendant denies having any current involvement in facilitating artificial or prerecorded voice telephone calls violating the fundamental purpose of the permanent injunction. Further, Defendant currently complies with the Stipulated Order prohibiting Defendant from making unlawful calls and neither harasses nor helps others harass consumers by facilitating illegal prerecorded messages.

Finally, Defendant denies purposefully attempting to avoid detection by the Plaintiff using alias names to conduct business and by setting up business entities using straw owners, including his own family member. Defendant's actions comport with legitimate commercial purposes.

## III.     FACTS

### A.     The Underlying Case

Plaintiff filed a Second Amended Complaint on October 30, 2020, against Defendant and co-defendants alleging violations of federal and state telephone privacy and telemarketing laws in connection with the initiation of outbound telephone calls which delivered artificial or prerecorded voice messages ("Robocalls") to residents of the Plaintiff's states for the purpose of generating sales leads.

Defendant maintained ownership interests and operated Rising Eagle Capital Group LLC, JSquared Telecom LLC, and Rising Eagle Capital Group-Cayman (collectively, "Rising Eagle").  Working with Health Advisors of America, Inc., Rising Eagle engaged HelloHunter of Singapore to design and provide a telephone dialer platform and provided the voice-over-Internet Protocol ("VoIP") service used to initiate and deliver Robocalls on behalf of customers, including Health Advisors of America, Inc, Michael T. Smith, Jr., and Scott Shapiro.

Plaintiff resolved claims against Defendant with a Stipulated Order entered on March 6, 2023. This Court's Stipulated Order enjoins Defendant from engaging in or facilitating illegal telemarketing practices, including through the provision of Robocalls.

### B.     No Continuing Wrongful Conduct

While Defendant admits a delay in realizing and implementing some of the provisions of the Stipulated Order, as stated above, Defendant denies attempting to deceive Plaintiff, the Court, and the public by using aliases, or using family members in an attempt to continue doing business in the same manner that led to the filing of the original Complaint.

In fact, excepting the payment obligation, this Defendant currently materially complies with the provisions of the Stipulated Order protecting consumers; as such, Defendant's conduct warrants no additional relief to protect consumers. Importantly, Defendant denies having any current involvement in facilitating artificial or prerecorded voice telephone calls violating the fundamental purpose of the permanent injunction. Further, Defendant currently complies with the Stipulated Order prohibiting Defendant from making unlawful calls and neither harasses nor helps others harass consumers by facilitating illegal prerecorded messages.

Finally, Defendant denies purposefully attempting to avoid detection by the Plaintiff using alias names to conduct business and by setting up business entities using straw owners, including his own family member. Defendant's actions comport with legitimate commercial purposes.

### Defendant's Finances

Defendant admits having been without the ability to pay the Fifty Thousand Dollar ($50,000.00) civil penalty ordered by this Court. Defendant requests additional time to remit payment in the Response to Plaintiff's Motion to Modify the Stipulated Order ("Motion to Modify").

As confirmed in deposition, Defendant experiences extreme economic hardship during this period of time. Litigation filed by the Plaintiff combines with regulatory enforcement actions to drain any and all cash available to make payments. Defendant survives and supports his family through personal loans and shared family living arrangements.

New employment in the Oil and Gas industry and selling a small amount of SMS provides Defendant with the opportunity to plan payments for the Fifty Thousand Dollars

($50,000.00) penalty. Defendant in no way demonstrates contemptuous disregard for this payment requirement.     During this period, Defenant continues to make reasonable efforts under the circumstances to comply with the payment obligation.     Perhaps if Defendant had the means or true opportunity to pay and elected to flaunt the purchase of luxury items while ignoring the obligation to pay, then we would agree with Plaintiff. However, such facts do not exist in this instance.

### Aliases

Plaintiff incorrectly assumes Defendant's use of an alias serves to hide or conceal activities with regard to federal and state regulatory agencies.   Defendant consistently explains the legitimate commercial purpose of using an alias in this situation.

### Alleged Stipulated Order Violations

While Defendant admits a delay in realizing and implementing some of the provisions of the Stipulated Order, Defendant denies attempting to deceive Plaintiff, the Court, and the public by using aliases, or using family members as straw owners of his businesses in an attempt to continue doing business in the same manner that led to the filing of the original Complaint.

In fact, excepting the payment obligation, this Defendant currently materially complies with the terms of the Stipulated Order protecting consumers; as such, Defendant's conduct warrants no additional relief to protect consumers. Importantly, Defendant denies having any current involvement in facilitating artificial or prerecorded voice telephone calls violating the fundamental purpose of the permanent injunction. Further, Defendant currently complies with the Stipulated Order prohibiting Defendant from making unlawful calls and neither harasses nor helps others harass consumers by facilitating illegal prerecorded messages.

Contrary to Plaintiff's allegations, Defendant did take the steps necessary to cause the formal dissolution of Rising Eagle Capital Group LLC, JSquared Telecom LLC, and Rising Eagle Capital Group-Cayman.   Each entity is either dissolved or forfeited.   Defendant attaches evidence of dissolution or forfeiture as Exhibit A.  Defendant is without the financial means necessary to reinstate any entity in forfeiture status for the purpose of dissolution.

**Compliance Report**

In the Compliance Report, Defendant reinforces the commitments of the Stipulated Order.   Clearly, the execution of the Stipulated Order ultimately changed Defendant's behavior.  However, Defendant's background and experience may not have provided the Defendant with the tools necessary to completely understand the nuances of the substantive requirements of the Stipulated Order or the ongoing reporting obligations immediately upon signing.   In fact, despite Plaintiff's efforts to explain terms and conditions of the Stipulated Order, the great weight of having over thirty-two (32) state attorney generals and other regulatory agencies waging attacks on an individual certainly clouds the thinking and immediate understanding.   Similar to other respondents, Defendant's understanding of the importance of compliance reporting and what constitutes complete compliance reporting may have been an issue.

Plaintiff cites the following statement from Defendant: "Im [sic] officially out of USA Voip. No more hearing my name at all" to argue or allege Defendant in some way deserves a permanent ban from all telephony services, and further, Defendant appears "seemingly willing to accept a permanent ban."   Defendant denies Plaintiff's interpretation.  While the statement may recognize a departure from an area of the Telephony Services area, Defendant in no way supports a permanent ban from the entire industry.  In fact, Plaintiff misunderstands the statements as a whole.  When Defendant

states "No more hearing my name at all," Defendant means anything involving Defendant will be squeaky clean going forward. As such, you will not hear Defendant's name as a wrongdoer going forward.

## IV. DISCUSSION

Defendant agrees that Courts may use civil contempt to compel compliance with a court order following notice and an opportunity to be heard. *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827, 114 S. Ct. 2552, 2557, 129 L. Ed. 2d 642(1994).

In this instance, excepting the payment of the Fifty Thousand Dollar ($50,000.00) penalty amount, with no activity whatsoever actively violating the Stipulated Order, Defendant currently remains in a state of in material compliance with the terms and conditions protecting consumers in the Stipulated Order.

Defendant faces unusual challenges with a complicated Stipulated Order in place. Defendant has been transparent with the Plaintiffs with the challenges arising following the filing of the Complaint and the entry of the Stipulated Order. Defendant endures significant challenges navigating the terms and conditions of the Stipulated Order while under extreme economic distress. While seemingly at a point in the process where Defendant grasps the terms and conditions and sees a light at the end of the tunnel with earning a living through new employment, Plaintiff moves to modify the Stipulated Order seek civil contempt. This move by the Plaintiff appears to seek punishment rather than enforce the Stipulated Order. Defendant denies the current circumstances warrant civil contempt.

Plaintiff identifies purported violations of the Stipulated Order which no longer impact current activity. In addition to every example relating to past alleged practices, Plaintiff relies upon legal constructs to tie Defendant to the purportedly wrongful act. For example, Plaintiff wrongfully claims Defendant "was, at a minimum, a beneficial owner of Every1 Telecom where he and his girlfriend/fiancée,

Casanova, earned the most profit from the company." Defendant disagrees. Defendant believes Plaintiff confuses beneficial ownership with simple ongoing support in arguing that, at a minimum, Defendant directly or indirectly controlled Every1 Telecom. Unfortunately, Defendant is without the resources necessary to engage a law firm to refute such arguments.

**A.  The Permanent Injunction Binds Defendant.**

Defendant willingly complies with the Stipulated Order despite Plaintiffs failure to properly serve a complete copy.

**B.  Plaintiff Claims Defendant Flagrantly Violates the Permanent Injunction**

In the Motion to Show Cause, Plaintiff alleges no currently ongoing violations of the Stipulated Order other than obligations having no impact upon the objective of the Stipulated Order to protect consumers from unlawful Robocalls.

Plaintiff's argues Defendant flagrantly violates the Stipulated Order. Despite Plaintiff's averments, Defendant in no way intended to violate the Stipulated Order. Further, in view of the current compliance, Defendant also denies having blatant disregard for the Stipulated Order.

## CONCLUSION

Defendant firmly believes the Stipulated Order includes requirements ultimately effective in achieving the objective of protecting consumers. Defendant suspects Plaintiff moves forward with this Motion to Show Cause to further punish Defendant for matters well under control and finally resolved with the Stipulated Order. Plaintiff combines this

Motion to Show Cause with the Motion to Modify to deliver a one-two punch just at the time Defendant appears on the road to recovering from the personal and economic trauma inflicted by the Complaint and Stipulated Order.   This move smacks of discrimination.

Defendant hereby requests that the Court refrain from issuing an order of civil contempt in this instance and provide Defendant with additional time to pay the Fifty Thousand Dollars ($50,000.00) and continue the suspension of the monetary judgment as set forth above as requested in response to the Motion to Modify.

Respectfully Submitted:

By:	John Spiller, II


Date:	04/17/2024

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy upon Joseph Yeoman, counsel for Plaintiff on April 17, 2024.

*/s/ John C. Spiller II*

John Spiller, II

Date: 04/17/2024