| STATE OF TEXAS, et al., | |
|---|---|
| Plaintiffs, | CASE NO. 4:20-cv-02021 |
| v. | |
| RISING EAGLE CAPITAL GROUP LLC, et al., | |
| Defendants. John C. Spiller II | |

United States Courts
Southern District of Texas
FILED

MAY 13 2024

Nathan Ochsner, Clerk of Court

# DEFENDANT'S RESPONSE TO PLAINTIFFS' OMNIBUS REPLY TO DEFENDANT'S RESPONSES TO PLAINTIFFS' MOTION TO MODIFY THE STIPULATED ORDER AND MOTION TO SHOW CAUSE

NOW COMES, Defendant, John C. Spiller, II ("Defendant"), in pro per, and in Response to PLAINTIFFS' OMNIBUS REPLY TO DEFENDANT'S RESPONSES TO PLAINTIFFS' MOTION TO MODIFY THE STIPULATED ORDER AND MOTION TO SHOW CAUSE ("Omnibus Reply") filed by Plaintiff, states as follows:

## I. STATEMENT OF THE ISSUES

The two issues:

1. Whether the Court should amend the Stipulated Order; and,

2. Whether the Court should find Defendant in civil contempt for violations of the Stipulated Order.

Defendant believes the Court should limit modification of the Stipulated Order to allow Defendant additional time to submit payment for the Fifty Thousand Dollars ($50,000.00) in civil penalties due under Section XIII of the Stipulated Order suspending the collection of the One Hundred and Twenty-Two Million Three Hundred and Thirty-Nine Thousand Three Hundred and Twenty US Dollars ($122,339,320.00) money judgment. Separately, in view of the current state of material compliance, the Court should take no action to find Defendant in civil contempt.

## II. ARGUMENT

### A. Defendant Exposes Speculative Arguments and Lack of Purpose

As stated previously, while Defendant admits a delay in realizing and implementing some of the provisions of the Stipulated Order, Defendant denies attempting to deceive Plaintiff, the Court, and the public by using aliases, or using family

members as straw owners in an attempt to continue doing business in the same manner that led to the filing of the original Complaint. Defendant's honesty ignites a prosecutorial fury within the Plaintiff.

Plaintiff argues that the Defendant fails to advance contrary arguments and evidence; however, despite a purported "overabundance of evidence," Plaintiff relies upon speculation to tie Defendant to wrongful activity as the testimony and facts do not always support Plaintiff's averments.

Plaintiff argues that Defendant inadequately briefs issues and waives certain rights or defenses, while simultaneously relying upon speculation and appearances to prosecute the Defendant. Defending speculative allegations based upon the appearance of impropriety requires enormous resources given Plaintiff's resources and fury. As stated in the initial responses, Defendant is without the resources to properly and adequately defend against the attacks of thirty-two (32) state Attorney Generals, Federal Trade Commission and the Federal Communications Commission. Notwithstanding limited resources, Defendant exposes the speculative nature of the Defendant's arguments and lack of purpose for the ongoing harassment.

Plaintiff paints Defendant as untruthful and as an ongoing and blatant violator of the Stipulated Order. In fact, the truthfulness of Defendant's disclosures to Plaintiff gives rise Plaintiff's Motion to Modify the Stipulated Order ("Motion to Modify") and Plaintiff's Motion for Order to Show Cause ("Motion to Show Cause"). Defendant's honesty during his process fuels the Plaintiff's fury and continuation of attacks even after achieving the purpose of the underlying action against Defendant.

### B. Plaintiff's Motives Appear Vindictive

Similar to the extreme imposition of sanctions on Germany after World War I, Plaintiff seeks to punish and inflict suffering upon Defendant even after achieving the intended purpose of the Stipulated Order.

For example, without regard to Defendant admitting having been without the ability to pay the Fifty Thousand Dollar ($50,000.00) civil penalty ordered by this Court, Plaintiff seeks to modify the Stipulated Order to begin the collections process on the One Hundred and Twenty-Two Million Three Hundred and Thirty-Nine Thousand Three Hundred and Twenty US Dollars ($122,339,320.00) money judgment.

Plaintiff is fully aware of Defendant's financial circumstances. As confirmed in the deposition and ongoing conversations, Defendant experiences extreme economic hardship during this period of time. Litigation filed by the Plaintiff combines with regulatory enforcement actions to drain any and all cash available to make payments. Defendant survives and supports his family through personal loans and shared family living arrangements.

Immediately upon receiving disclosures from the Defendant concerning new employment in the Oil and Gas industry and the opportunity of selling a small amount of SMS to allow Defendant to get back on his feet and begin plan payments for the Fifty Thousand Dollars ($50,000.00) penalty, Plaintiff files the Request to Modify and Motion to Show Cause. Defendant believes Plaintiff pursues unnecessary additional punishment seeking the relief requested in the Motion to Modify and Motion to Show Cause.

### C. Plaintiff Fails to Support Allegations of Continuing Unlawful Robocalling

Plaintiff claims Defendant fails to provide contrary arguments or evidence in

response to the Motion to Show Cause. This is untrue. Refuting every single argument and allegation is unnecessary given the speculative basis of some of the allegations. Notwithstanding, Exhibit A to the Motion to Show Cause documents an example of evidence contrary to Plaintiff's averments.

Importantly, as a basis for the Motion to Show Cause and Motion to Modify, Plaintiff claims Defendant continues to harass consumers with deceptive and abusive Robocalls and otherwise fails to comply with the terms of the Stipulated Order. Defendant denies these allegation as untrue.

Defendant denies ongoing violations of the Stipulated Order causing harm to consumers currently continue to date. Plaintiff offers no argument or information to the contrary. In fact, excepting the payment obligation, this Defendant currently materially complies with the provisions of the Stipulated Order protecting consumers; as such, Defendant's conduct warrants no additional relief to protect consumers.

In short, Defendant denies having any current involvement in facilitating artificial or prerecorded voice telephone calls violating the fundamental purpose of the permanent injunction. Plaintiff offers no information to the contrary.

As stated in each responsive pleading, Defendant currently complies with the Stipulated Order prohibiting Defendant from making unlawful calls and neither harasses nor helps others harass consumers by facilitating illegal prerecorded messages. Plaintiff offers no evidence to the contrary. In fact, Plaintiff appears dismissive of the significance of achieving the purpose of the Stipulated Order and Plaintiff fails to provide any further information supporting current and ongoing violations in the Omnibus Reply, Motion to Modify, or the Motion to Show Cause.

## Conclusion

Plaintiff combines the Motion to Show Cause with the Motion to Modify to deliver a one-two punch just at the time Defendant appears on the road to recovering from the personal and economic devastation and trauma inflicted by the Complaint and Stipulated Order. Plaintiff's moves appear vindictive and smack of discrimination.

Defendant hereby requests that the Court refrain from issuing an order of civil contempt in this instance and provide Defendant with additional time to pay the Fifty Thousand Dollars ($50,000.00) and continue the suspension of the monetary judgment as set forth above as requested in response to the Motion to Modify and Motion to Show Cause.

Respectfully Submitted: *[signature]*

By: John Spiller, II

Date: 4/30/2024